

BADIAK & WILL, LLP
Attorneys for Plaintiffs
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225
Our Ref.: 06-P-017-RB

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE TRAVELERS as subrogee of DORSON
INC., and EDDIE BAUER, INC., THE HARTFORD
INSURANCE CO., as subrogee of CROSS ISLAND
TRADING CO., INC., and GREAT AMERICAN
INSURANCE CO., as subrogee of DO IT BEST CORP.,

         Plaintiffs,     **COMPLAINT**

  -against-

M/V "EASLINE TIANJIN", her engines, boilers, etc.,

  -and-

KAWASAKI KISEN KAISHA, LTD., YANG MING
MARINE TRANSPORT, LTD., PHOENIX
INTERNATIONAL FREIGHT SERVICES, LTD.,
LAUFER FREIGHT LINES, LTD., and APL LOGISTICS,

         Defendants.
-------------------------------------------------------------------X

  Plaintiffs, THE TRAVELERS as subrogee of DORSON INC., and EDDIE BAUER, INC., THE HARTFORD INSURANCE CO., as subrogee of CROSS ISLAND TRADING CO., INC., and GREAT AMERICAN INSURANCE CO., as subrogee of DO IT BEST CORP., by their attorneys BADIAK & WILL, LLP, complain of the defendants, upon information and belief, as follows:

  1. This is a case of admiralty and maritime jurisdiction within the meaning of 28 USC § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all times hereinafter mentioned, Plaintiffs, as more fully identified in Schedule A annexed hereto and a part hereof, were and now are individual, or corporations, or other business entities, duly organized and existing under and by virtue of the laws of one of the States of the United States or a foreign country, with offices and places of business set forth in the attached Schedule A.

3. The Plaintiffs were the owners, shippers, consignees and/or notify parties of various shipments of cargo loaded in good order and condition on board the M/V "EASLINE TIANJIN" and carried thereon at the time of the incident hereinafter described, or are the lawful owners or holders of negotiable Bills of Lading covering the various shipments of cargo so laden with a right of recovery for damages sustained to said cargoes, or are underwriters who issued policies of insurance covering losses or damages sustained to various shipments of cargo and by reason of their payments made or to be made are or will be subrogated to the rights of their assureds, all as set forth in more detail in the annexed Schedule C. Each Plaintiff brings this action on its own behalf and /or as agent and trustee on behalf of all parties who may be or may become interested in said cargo, as their respective interests may appear and make claim as set forth herein.

4. At and during all the times hereinafter mentioned, defendants were and now are corporations duly organized and existing under and by virtue of the laws of one of the States of the United States or a foreign nation with offices and places of business as set forth in Schedule B.

5. On or about July 8, 2006, Plaintiffs' cargoes on board the M/V "EASLINE TIANJIN" were severely damaged or lost or incurred and/or became liable for various expenses including general average and salvage assessments.

6. The losses sustained by cargo claimants were not caused or contributed to by any fault of the Plaintiffs herein, but were caused and contributed to solely by the fault on the part of the defendants, their agents, servants and employees.

7. Plaintiffs have duly performed all duties and obligations on their part to be performed.

8. Defendants received and agreed for certain consideration to transport Plaintiffs' cargoes identified in Schedule C from the ports of loading and/or inland points of origin to specified ports of discharge and/or inland destinations.

9. Upon information and belief, defendants breached their duties to provide a seaworthy vessel in all respects at the commencement of the voyage, all of which caused or contributed to the aforementioned losses.

10. As a result of the premises, the defendants failed to redeliver the Plaintiffs' cargoes in the same good order and condition as received by them at the various ports of loading and/or inland points of origin, resulting in damages to the Plaintiffs.

11. Additionally, as a result of the premises, the Plaintiffs' cargoes became subject to further expenses and damages assessed for salvage and general average expenditures to save the venture from further loss or damage.

12. By reason of the premises, the defendants breached, failed, and violated their duties and obligations as common carriers and bailees of cargo and were otherwise at fault.

13. By reason of the premises, the Plaintiffs sustained damages as set forth in Schedule C, as nearly as can now be determined, in the amount of $475,821.00, no part of which has been paid although duly demanded, as well as expenses and damages assessed against said cargoes for salvage and general average.

**WHEREFORE**, Plaintiffs pray:

1. That process in due form of law according to the practice of this Court may issue against defendants.

2. That if defendants cannot be found within this District, that all of their property within this District, as shall be described in an affidavit, be attached in the sum set forth in this Complaint, with interest and costs.

3. That a decree may be entered in favor of Plaintiffs against defendants for the amount of Plaintiffs' damages, together with interest and costs.

4. That process in due form of law according to the practice of this Court may issue against the aforesaid named vessels.

5. Plaintiffs further pray for such other, further and different relief as this Court may deem just and proper in the premises.

DATED:   Mineola, New York
         April 12, 2007

Yours, etc.,

                    BADIAK & WILL, LLP
                    Attorneys for Plaintiffs
                    106 Third Street
                    Mineola, New York 11501-4404
                    (516) 877-2225
                    Our Ref.: 06-P-017-RB

By:_____
     ROMAN BADIAK (RB-1130)

## SCHEDULE A – PLAINTIFFS

Plaintiff, THE TRAVELERS, was and still is a stock insurance company, authorized to do business in the State of New York, with an office and place of business located at 100 Baylis Road, Melville, New York 11747.

Plaintiff, HARTFORD FIRE INSURANCE CO., was and still is a stock insurance company, authorized to do business in the State of New York, with an office and place of business located at 2 Park Avenue, New York, New York.

Plaintiff, GREAT AMERICAN INSURANCE CO., was and still is a stock insurance company, authorized to do business in the State of New York, with an office and place of business located at 65 Broadway, New York, New York 10006.

Plaintiff, DORSON SPORTS, INC., was and still is a corporation duly organized and existing under and by virtue of the laws of one of the states of the United States of America with an office and place of business located at 2120 Smithtown Avenue, Ronkonkoma, New York 11779.

Plaintiff, EDDIE BAUER, INC., was and still is a corporation duly organized and existing under and by virtue of the laws of one of the states of the United States of America with an office and place of business located at 15010 N.W. 36th Street, Redmond, Washington 98052.

Plaintiff, CROSS ISLAND TRADING CO., INC., was and still is a corporation duly organized and existing under and by virtue of the laws of one of the states of the United States of America with an office and place of business located at 399 Knollwood Road, White Plains, New York 10603.

Plaintiff, DO IT BEST CORP., was and still is a corporation duly organized and existing under and by virtue of the laws of one of the states of the United States of America with an office and place of business located at 6502 Nelson Road, Fort Wayne, Indiana 46803.

## **SCHEDULE B – DEFENDANTS**

Defendant, KAWASAKI KISEN KAISHA, LTD., was and still is a corporation duly organized and existing under and by virtue of the laws of a foreign nation with an office and place of business located at 8730 Stony Point Parkway, Richmond, VA 23235.

Defendant, YANG MING MARINE TRANSPORT, LTD., was and still is a corporation duly organized and existing under and by virtue of the laws of a foreign nation with an office and place of business located at 525 Washington Blvd., Jersey City, New Jersey 07310.

Defendant, PHOENIX INTERNATIONAL FREIGHT SYSTEMS, LTD., was and still is a corporation duly organized and existing under and by virtue of the laws of one of the states of the United States of America with an office and place of business located at 712 N. Central Avenue, Wood Dale, Illinois 60191.

Defendant, LAUFER FREIGHT LINES, LTD., was and still is a corporation duly organized and existing under and by virtue of the laws of one of the states of the United States of America with an office and place of business located at 20 Vesey Street, New York, New York 10007.

Defendant, APL LOGISTICS, was and still is still is a corporation duly organized and existing under and by virtue of the laws of one of the states of the United States of America with an office and place of business located at 6060 Primacy Parkway, Memphis, Tennessee 38119.

**SCHEDULE C**

| | |
|---|---|
| CLAIM NUMBER: | 06-P-017(A)-RB |
| CARRIER: | YANG MING MARINE TRANSPORT, LTD. |
| | LAUFER FREIGHT LINES, LTD. |
| MASTER BILLS OF LADING: | YMLUE 235003933 and YMLUE 235003934 |
| HOUSE BILLS OF LADING NOS. | TNJ 06070320 and TJN 06070321 |
| CONTAINER NOS.: | YMLU4811606 and YMLU4945164 |
| CARGO: | 1,320 Cartons Oak Flooring |
| TYPE OF LOSS: | Damage – Total Loss and Non-Delivery |
| CLAIM AMOUNT: | $56,049.84 |
| CARGO UNDERWRITER: | HARTFORD FIRE INSURANCE CO. |
| ASSURED: | CROSS ISLAND TRADING CO., INC. |

---

| | |
|---|---|
| CLAIM NUMBER: | 06-P-017(B)-RB |
| CARRIER: | KAWASAKI KISEN KAISHA, LTD. |
| MASTER BILL OF LADING NO.: | KKLUTSN 053350 |
| HOUSE BILL OF LADING NO.: | HSN 837221 |
| CONTAINER NO.: | KLFU 1306804 |
| CARGO: | 875 Cartons Nets |
| TYPE OF LOSS: | Non-Delivery |
| CLAIM AMOUNT: | $38,832.00 |
| CARGO UNDERWRITER: | THE TRAVELERS |

| | |
|---|---|
| ASSURED: | DORSON SPORTS, INC. |
| CLAIM NUMBER: | 06-P-017(C)-RB |
| CARRIER: | KAWASAKI KISEN KAISHA, LTD. |
| MASTER BILL OF LADING NO.: | KKLUTSN 053348A, B, C & D |
| CONTAINER NOS.: | KKFU 1180034, 1456631 and 1643904 |
| CARGO: | 613 Cartons Leather Garments |
| TYPE OF LOSS: | Non-Delivery |
| CLAIM AMOUNT: | $343,069.51 |
| CARGO UNDERWRITER: | THE TRAVELERS |
| ASSURED: | EDDIE BAUER, INC. |

| | |
|---|---|
| CLAIM NUMBER: | 06-P-017(D)-RB |
| CARRIER: | YANG MING MARINE TRANSPORT, LTD. |
| MASTER BILL OF LADING NO.: | YMLUW 235012895 |
| HOUSE BILL OF LADING NO.: | SO 6070023 XG |
| CONTAINER NOS.: | MLCU4070967 and YMLU 7631110 |
| CARGO: | 2,052 Cartons Caulking Guns |
| TYPE OF LOSS: | Damage |
| CLAIM AMOUNT: | $37,869.65 |
| CARGO UNDERWRITER: | GREAT AMERICAN INSURANCE CO. |
| ASSURED: | DO IT BEST, INC. |