```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------X
THE TRAVELERS as subrogee of DORSON          07 CV 3104 (RPP)
INC., and EDDIE BAUER, INC., THE
HARTFORD INSURANCE CO., as subrogee
of CROSS ISLAND TRADING CO., INC.,
and GREAT AMERICAN INSURANCE CO., as
subrogee of DO IT BEST CORP.

                    Plaintiffs,              ANSWER WITH
                                             AFFIRMATIVE
        -against-                            DEFENSES AND
                                             CROSS-CLAIM
M/V "EASLINE TIANJIN" her engines,
boilers, etc

        - and -

KAWASAKI KISEN KAISHA LTD.;
YANG MING MARINE TRANSPORT, LTD.
PHOENIX INTERNATIONAL SERVICES
LTD., LAUFER FREIGHT LINES, LTD.
and APL LOGISTICS,
                    Defendants.
---------------------------------------------X
```

Defendant KAWASAKI KISEN KAISHA LTD. (answering defendant), by its attorneys MAHONEY & KEANE, LLP, answers the Complaint of plaintiffs upon information and belief as follows:

FIRST: Answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1" and "2" of plaintiffs' Complaint.

SECOND: Answering defendant denies each and every allegation contained in paragraphs "3", "4", "5", "6", "7", "8", "9", "10", "11", "12" and "13" of plaintiffs' Complaint.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRD:  The Complaint fails to state a claim against answering defendant on which relief can be granted.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTH:  Answering defendant is not liable to plaintiff on the causes of action alleged in the Complaint.

### AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTH:  If there was any loss and/or damage to cargo as alleged in the Complaint it was occasioned by causes for which the answering defendant is exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, et seq.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTH: If this Honorable Court finds that the plaintiff has suffered damages to cargo for which answering defendant is liable, said damages must be limited pursuant to 46 U.S.C.A. 1304(5).

### AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTH:  If there was any loss of and/or damage to cargo as alleged in the Complaint, answering defendant is not liable to the plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs,

special contract, or dock receipt.

### AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTH:   If there was any loss/and or damage to cargo as alleged in the Complaint, it was occasioned by causes for which the answering defendant is exonerated under the Harter Act, Title 46 U.S.C.A. § 190, et seq.

### AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINTH:    Answering defendant puts plaintiff to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading tariffs and other applicable contracts, law and in the United States Carriage of Goods by Sea Act, 1936.

### AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TENTH:    Any loss or damage to the goods, as alleged in the Complaint, that may have occurred while they were in the possession of custody of answering defendant or on board the carrying vessel(s) arose from the conditions of the goods when delivered to answering defendant or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and answering defendant is not under any liability for any such

loss or damage.

### AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

ELEVENTH: (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 1936 and the aforesaid bill(s) of lading.

(B) Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessels, which is denied, answering defendant is not under liability therefore.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWELFTH: Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid bill(s) of lading and the United States Carriage of Goods by Sea Act, 1936 and/or the Doctrine of Laches.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH: Any damages sustained by plaintiff, as alleged in the Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom answering defendant had and have no direction or control.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH:   Plaintiff knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

### AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH:   Any injuries that may have been sustained by plaintiff, as alleged in its Complaint, occurred as a direct result of plaintiff's own negligent conduct, and not by any negligence of answering defendant and as such plaintiff is barred from recovery in this action.

### AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH:   Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in plaintiff's Complaint, and its recovery, if any, must be diminished in proportion thereto.

### AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH:  Plaintiff herein has failed to mitigate its damages.

### AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTEENTH:       The forum is inconvenient and the Complaint should be dismissed pursuant to the doctrine of _forum non conveniens_.

<u>AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

NINETEENTH: The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. §1404.

<u>AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTIETH: The terms of the bill of lading, tariff and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

<u>AS AND FOR AN NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-FIRST: Plaintiff has failed to bring answering defendant within the personal jurisdiction of the Court.

<u>AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-SECOND: This Court lacks personal jurisdiction of the answering defendant.

<u>AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-THIRD: Plaintiff has failed to make proper service of process upon answering defendant.

<u>AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-FOURTH: This Answer and Cross-Claim is made

without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS
YANG MING MARINE TRANSPORT, LTD.
PHOENIX INTERNATIONAL SERVICES LTD.,
LAUFER FREIGHT LINES, LTD.
and
<u>APL LOGISTICS</u>

TWENTY-FIFTH:    This is a claim under the Court's Admiralty and Maritime Jurisdiction and under the Court's diversity and pendent jurisdiction.

TWENTY-SIXTH:    That all times mentioned hereafter defendant KAWASAKI KISEN KAISHA LTD. was and is a corporation duly organized and existing pursuant to the laws of a foreign country and/or one of the States of the United States.

TWENTY-SEVENTH:    That defendant YANG MING MARINE TRANSPORT LTD. was and is a corporation organized and existing under the laws of a foreign country and/or one of the States of the United States.

TWENTY-EIGHTH: That defendant PHOENIX INTERNATIONAL FREIGHT SERVICES, LTD. was and is a corporation organized and existing under the laws of a foreign country and/or one of the States of United States.

TWENTY-NINTH:  That defendant LAUFER FRIEGHT LINES, LTD. was and is a corporation organized and existing under the laws of a foreign country and/or one of the States of United States.

THIRTIETH:   That defendant APL LOGIESTICS was and is a corporation organized and existing under the laws of a foreign country and/or one of the States of United States.

THIRTY-FIRST:   That if plaintiff suffered any loss and/or damage, which is denied, the loss and/or damage was caused solely by the negligence, breach of contract (express or implied) breach of warranty (express or implied) and/or the fault of the defendants YANG MING MARINE TRANSPORT, LTD. PHOENIX INTERNATIONAL SERVICES LTD., LAUFER FREIGHT LINES, LTD., and APL LOGISTICS.

THIRTY-SECOND:  That if defendant KAWASAKI KISEN KAISHA LTD. is found responsible for any of the loss and/or damage sustained by plaintiff herein, defendant KAWASAKI KISEN KAISHA LTD. is entitled to indemnification and/or contribution in whole or in part from the co-defendants YANG MING MARINE TRANSPORT, LTD., PHOENIX INTERNATIONAL SERVICES LTD., LAUFER FREIGHT LINES, LTD., and APL LOGISTICS for said losses and/or damage including costs and reasonable counsel fees.

WHEREFORE, defendant KAWASAKI KISEN KAISHA LTD. demands judgment dismissing the Complaint herein and awarding defendant

KAWASAKI KISEN KAISHA LTD. costs, fees, including reasonable attorneys' fees and disbursements of this action, and further demands judgment against the co-defendants YANG MING MARINE TRANSPORT, LTD., PHOENIX INTERNATIONAL SERVICES LTD., LAUFER FREIGHT LINES, LTD., and APL LOGISTICS for all sums which may be recovered by plaintiff against the defendants KAWASAKI KISEN KAISHA LTD. including costs, fees, including reasonable attorneys' fees and disbursements of this action and for such other and further relief as to the Court may seems just and proper.

Dated: New York, N.Y.
       May 8, 2007

                        MAHONEY & KEANE, LLP
                        Attorneys for Defendants
                        KAWASAKI KISEN KAISHA LTD.
                        and K-LINE

By: _____
    Edward A. Keane (EK 1398)
    111 Broadway
    New York, New York 10006
    (212) 385-1422
    File 12/3368/B/07/2

TO:  BADIAK & WILL, LLP
     Attorney for Plaintiffs
     106 Third Street
     Mineola, NY 11501-4404
     (516) 877-2225