8923.PMK
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006
 (212) 344-7042

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE TRAVELERS as subrogee of DORSON INC., and EDDIE BAUER, INC., THE HARTFORD INSURANCE CO., as subrogee of CROSS ISLAND TRADING CO., INC., and GREAT AMERICAN INSURANCE CO., as subrogee of DO IT BEST CORP., <br><br> Plaintiffs, <br><br> -against- <br><br> M/V "EASLINE TIANJIN", her engines, tackle, boilers etc., and KAWASAKI KISEN KAISHIA LTD.; YANG MING TRANSPORT COPR.; PHOENIX INTERNATIONAL FREIGHT SERVICES LTD., LAUFER FREIGHT LINES, LTD., and APL LOGISTICS <br><br> Defendants. | **07 cv 3104 (RPP)** <br><br> **Related cases:** <br> **07 cv 1357 (RPP)** <br> **07 cv 2562 (RPP)** <br> **07 cv 3180 (RPP)** <br> **07 cv 959 (RPP)** <br><br> **ECF CASE** <br><br> **<u>YANG MING'S ANSWER</u>** |

Defendant, Yang Ming Transport Company (hereinafter Yang Ming) by and through its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor LLP, Answers the Plaintiffs', THE TRAVELERS as subrogee of DORSON INC., and EDDIE BAUER, INC., THE HARTFORD INSURANCE CO., as subrogee of CROSS ISLAND TRADING CO., INC., and GREAT AMERICAN INSURANCE CO., as subrogee of DO IT BEST CORP. (hereinafter collectively referred to as "Plaintiff"), Complaint  07cv3104 as follows:

1.  Yang Ming admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.  Yang Ming denies knowledge and information sufficient to form a belief as to the allegations against it contained in Paragraph 2 of Plaintiff's Complaint.

3.  Yang Ming denies all of the allegations contained in Paragraph 3 of Plaintiff's Complaint except admits that it is a vessel operating common carrier as defined by the Shipping Act of 1984 as amended by the Ocean Shipping Act of 1998; Yang Ming further admits that it issued bill of ladings for various shipments to be carried aboard the subject vessel from China to the United States during the month of July 2006; Yang Ming is not required to respond to the allegations directed at any other party; to the extent that any of the allegations are somehow construed to contain any allegation or assertion of liability directed at Yang Ming, said allegation or assertion is specifically denied.

4.  Yang Ming denies all of the allegations contained in Paragraph 4 of Plaintiff's Complaint except admits that Yang Ming Transport Corporation is a foreign company that has an agent, Yang Ming America, with an office on 525 Washington Blvd., 25th Floor, Jersey City, New Jersey 07310; further Yang Ming is not required to respond to the allegations directed at any other party; to the extent that any of the allegations are somehow construed to contain any allegation or assertion of liability directed at Yang Ming, said allegation or assertion is specifically denied.

5.  Yang Ming denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.  Yang Ming denies all the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Yang Ming denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Yang Ming denies all of the allegations contained Paragraph 8 of Plaintiff's Complaint except admits that on or about July 2006 various containers said to contain "building material" were shipped from the port of Xingang, TJ destined for Worcester MA pursuant to all of the terms and conditions of the applicable Yang Ming bill of ladings; further Yang Ming is not required to respond to the allegations directed at any other party; to the extent that any of the allegations are somehow construed to contain any allegation or assertion of liability directed at Yang Ming, said allegation or assertion is specifically denied.

9. Yang Ming denies all of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Yang Ming denies all of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Yang Ming denies all the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Yang Ming denies all of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Yang Ming denies all of the allegations contained in Paragraph 13 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

14.     The shipments in question were to be carried from a foreign port to a U.S. port pursuant to a bill of lading contracts and were therefore subject to United States Carriage of Goods by Sea Act 46 U.S.C. (App.) 1300 et. seq.

15.     Defendant, Yang Ming, claims the benefit of all exceptions, exemptions and limitations contained in the aforesaid statute or bill of lading contracts to the full extent as may be applicable.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

16.     Defendant Yang Ming, claims the benefit of the Harter Act, the provisions of the General Maritime law, applicable foreign law and all vessel limitation of liability statues to the full extent they may be applicable to it.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

17.     The claims alleged against Defendant Yang Ming are subject to a mandatory and exclusive foreign selection agreement requiring that they be brought only in English Courts of the City of London, England and this action should be dismissed on the basis of lack of jurisdiction based on forum selection clause.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

18.     Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

19. That if plaintiff's cargo suffered any loss or damage, which Defendant Yang Ming denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants or the carrier, and the carrier is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(Q).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

20. That if the goods in suit were damaged, which is denied, the damage was proximately caused by a peril of the sea or Act of God, for which Yang Ming is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2) (c) and (d), and by the terms of the contract of carriage.

### CONTINGENT CROSS-CLAIM

### AS AND FOR THEIR CONTINGENT CROSS-CLAIMS AGAINST DEFENDANTS KAWASAKI KISEN KAISHIA LTD.; PHOENIX INTERNATIONAL FREIGHT SERVICES LTD., LAUFER FREIGHT LINES, LTD., and APL LOGISTICS DEFENDANT YANG MING ALLEGES AS FOLLOWS:

21. Yang Ming repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1-20 inclusive of this Answer, with the same force and effect as if herein set forth at length.

22. This contingent cross claim is under the Court's Admiralty and Maritime Jurisdiction and under the Court's Diversity and Pendant Jurisdiction.

23. That all times mentioned, answering defendant Yang Ming Transport Corporation was a foreign company that has an agent, Yang Ming America, with an office on 525 Washington Blvd., 25th Floor, Jersey City, New Jersey 07310.

24. If there was any loss or damage to the shipment referred to in the Complaint, which is denied, and said loss of damage caused any liability to Defendant Yang Ming then the said

liability was brought about by Defendants KAWASAKI KISEN KAISHIA LTD.; PHOENIX INTERNATIONAL FREIGHT SERVICES LTD., LAUFER FREIGHT LINES, LTD., and APL LOGISTICS negligence and/or breach contract and/or breach of warranties, implied or expressed, and by reason thereof, Defendant Yang Ming is entitled to full indemnity and/or contribution from Defendants KAWASAKI KISEN KAISHIA LTD.; PHOENIX INTERNATIONAL FREIGHT SERVICES LTD., LAUFER FREIGHT LINES, LTD., and APL LOGISTICS for its loss and damage including reasonable counsel fees and expenses.

**WHEREFORE,** Defendant Yang Ming prays that the Complaint against it be dismissed or in the alternative, if for any reason Yang Ming is found liable, then its cross-claims be granted, and that the Court may grant such other or further relief as may be just and proper.

Dated: New York , New York
   June 15, 2007

             CICHANOWICZ, CALLAN, KEANE,
             VENGROW & TEXTOR, LLP

             *ATTORNEYS FOR YANG MING*

             By:  s/  Paul M. Keane
               Paul M. Keane (PMK5934)

## CERTIFICATE OF SERVICE BY ECF and US Mail

The undersigned declares under penalty of perjury that the following is true and correct.

1. I am over the age of eighteen years and I am not a party to this action.

2. On June 15, 2007 I served the following by mailing true and complete copies of Defendant Yang Ming's Answer to Plaintiff's Complaint to the following parties via ECF and US MAIL to the following parties at there registered addresses:

Edward C. Radzik
McDermott & Radzik, LLP
Wall Street Plaza
88 Pine Street
New York, NY 10005-1801
(212) 376-6439  Fax: (212) 376-6488
Email: eradzik@mcdermottradzik.com

Edward A. Keane
Mahoney & Keane, LLP
111 Broadway
New York, NY 10006
212 385 1422  Fax: 212 385 1605
Email: ekeane@mahoneykeane.com

Peter D. Clark
Clark, Atcheson & Reisert
7800 River Road
North Bergen, NJ 07047
(201)-537-1200  Fax: (201)-537-1201
Email: pclark@navlaw.com

David Louis Mazaroli
Law Offices of David L. Mazaroli
11 Park Place, Suite 1214
New York, NY 10007
(212) 267-8480  Fax: (212) 732-7352
Email: dlm@mazarolilaw.com

Stephen H Vengrow
Cichanowicz, Callan, Keane
61 Broadway, Suite 3000
New York, NY 10006
212-344-7042  Fax: 212-344-7285
Email: svengrow@cckvt.com

Garth S. Wolfson
Mahoney & Keane, LLP
111 Broadway
New York, NY 10006
212 385-1422  Fax: (212) 385-1605
Email: gwolfson@mahoneykeane.com

John Eric Olson, Jr.,
Hill,Rivkins and Hayden
45 Broadway
NY, NY 10006
212-669-0600  Fax: 212-669-0699
Email: jolson@hillrivkins.com

DATED:  New York, New York
        June 8, 2007

                                          s/ Jessica A. De Vivo (JAD/6588)
                                          Jessica A. De Vivo