8923.PMK
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006
(212) 344-7042

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE TRAVELERS as subrogee of DORSON INC., and EDDIE BAUER, INC., THE HARTFORD INSURANCE CO., as subrogee of CROSS ISLAND TRADING CO., INC., and GREAT AMERICAN INSURANCE CO., as subrogee of DO IT BEST CORP., <br><br> Plaintiffs, <br><br> -against- <br><br> M/V "EASLINE TIANJIN", her engines, tackle, boilers etc., and KAWASAKI KISEN KAISHIA LTD.; YANG MING MARINE TRANSPORT CORP.; PHOENIX INTERNATIONAL FREIGHT SERVICES LTD., LAUFER FREIGHT LINES, LTD., and APL LOGISTICS <br><br> Defendants. | **07 cv 3104 (RPP)** <br><br> **Related cases:** <br> **07 cv 1357 (RPP)** <br> **07 cv 2562 (RPP)** <br> **07 cv 3180 (RPP)** <br> **07 cv 959 (RPP)** <br><br> **ECF CASE** <br><br> **YANG MING'S ANSWER TO <u>K-LINE'S CROSS CLAIM</u>** |

   Defendants, Yang Ming Marine Transport Corp. (hereinafter referred to as Yang Ming) by and through their attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor LLP, Answer the Co-defendants, Kawasaki Kisen Kaisha Ltd. (hereinafter referred to as "K-LINE"), Cross Claim 07 cv 3104 as follows:

   1.  Yang Ming repeats and realleges each and every admission, denial and denial of knowledge or information and affirmative defense contained in its Answer with the same force and effect as if herein set forth at length.

2. Yang Ming admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure; except as so specifically admitted, Yang Ming denies the remaining allegations in Paragraph Twenty-Fifth of K-LINE's Cross Claim.

3. Yang Ming denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph Twenty-Sixth of K-LINE's Cross Claim.

4. Yang Ming admits that Yang Ming Transport Corp. is a foreign company that has an agent, Yang Ming America, with an office on 525 Washington Blvd., 25th Floor, Jersey City, New Jersey 07310; except as so admitted, Yang Ming denies the allegations contained in Paragraph Twenty-Seventh of K-LINE's Cross Claim.

5. Yang Ming denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph Twenty-Eighth of K-LINE's Cross Claim.

6. Yang Ming denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph Twenty-Ninth of K-LINE's Cross Claim.

7. Yang Ming denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph Thirtieth of K-LINE's Cross Claim.

8. Yang Ming denies all of the allegations contained in Paragraph Thirty-First of K-LINE's Cross Claim; further Yang Ming is not required to respond to the allegations directed at any other party; to the extent that any of the allegations are somehow construed to contain any allegation or assertion of liability directed at Yang Ming, said allegation or assertion is specifically denied.

9. Yang Ming denies all of the allegations contained in the Paragraph Thirty-Second of K-LINE's Cross Claim; further Yang Ming is not required to respond to the allegations directed at any other party; to the extent that any of the allegations are somehow construed to contain any

allegation or assertion of liability directed at Yang Ming, said allegation or assertion is specifically denied.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10. The shipment in question was to be carried from a foreign port to a U.S. port pursuant to a bill of lading contract and was therefore subject to United States Carriage of Goods by Sea Act 46 U.S.C. (App.) 1300 et. seq.

11. Defendant Yang Ming, claims the benefit of all exceptions, exemptions and limitations contained in the aforesaid statute or bill of lading contract to the full extent as may be applicable.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

12. Defendant Yang Ming, claims the benefit of the Harter Act, the provisions of the General Maritime law, applicable foreign law and all vessel limitation of liability statues to the full extent they may be applicable to it.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

13. The claim alleged against Defendant Yang Ming are subject to a mandatory and exclusive foreign selection agreement requiring that they be brought only in English Courts of the City of London, England and this action should be dismissed on the basis of lack of jurisdiction based on forum selection clause.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

14. Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

15. That if plaintiff's cargo suffered any loss or damage, which Defendant Yang Ming denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants or the carrier, and the carrier is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(Q).

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

16. That if the goods in suit were damaged, which is denied, the damage was proximately caused by a peril of the sea or Act of God, for which Yang Ming is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2) (c) and (d), and by the terms of the contract of carriage.

**WHEREFORE,** Defendant Yang Ming prays that K-LINE's Cross Claim against it be dismissed and that the Court may grant such other or further relief as may be just and proper.

Dated: New York , New York
       June 15, 2007

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP

*ATTORNEYS FOR YANG MING*

By: _s/ Paul M. Keane_
      Paul M. Keane (PMK5934)

## CERTIFICATE OF SERVICE BY ECF and US Mail

The undersigned declares under penalty of perjury that the following is true and correct.

1. I am over the age of eighteen years and I am not a party to this action.

2. On June 15, 2007 I served the following by mailing true and complete copies of Defendant Yang Ming's Answer to K-LINE's Cross Claim to the following parties via ECF and US MAIL to the following parties at there registered addresses:

Edward C. Radzik
McDermott & Radzik, LLP
Wall Street Plaza
88 Pine Street
New York, NY 10005-1801
(212) 376-6439  Fax: (212) 376-6488
Email: eradzik@mcdermottradzik.com

Edward A. Keane
Mahoney & Keane, LLP
111 Broadway
New York, NY 10006
212 385 1422  Fax: 212 385 1605
Email: ekeane@mahoneykeane.com

Peter D. Clark
Clark, Atcheson & Reisert
7800 River Road
North Bergen, NJ 07047
(201)-537-1200  Fax: (201)-537-1201
Email: pclark@navlaw.com

David Louis Mazaroli
Law Offices of David L. Mazaroli
11 Park Place, Suite 1214

New York, NY 10007
(212) 267-8480  Fax: (212) 732-7352
Email: dlm@mazarolilaw.com

Stephen H Vengrow
Cichanowicz, Callan, Keane
61 Broadway, Suite 3000
New York, NY 10006
212-344-7042  Fax: 212-344-7285
Email: svengrow@cckvt.com

Garth S. Wolfson
Mahoney & Keane, LLP
111 Broadway
New York, NY 10006
212 385-1422  Fax: (212) 385-1605
Email: gwolfson@mahoneykeane.com

John Eric Olson, Jr.,
Hill,Rivkins and Hayden
45 Broadway
NY, NY 10006
212-669-0600  Fax: 212-669-0699
Email: jolson@hillrivkins.com

DATED:  New York, New York
        June 15, 2007

                                                  s/ Jessica A. De Vivo (JAD/6588)
                                                    Jessica A. De Vivo