876-9

**DeORCHIS, WIENER & PARTNERS, LLP**
61 Broadway, 26th Floor
New York, New York  10006-2802
(212) 344-4700

Attorneys for Defendant
HYUNDAI MERCHANT MARINE, LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THE TRAVELERS as subrogee of DORSON INC.,
and EDDIE BAUER, INC.; THE HARTFORD
INSURANCE CO. as subrogee of CROSS ISLAND
TRADING CO., INC.; GREAT AMERICAN
INSURANCE CO. as subrogee of DO IT BEST
CORP.; and FIREMAN'S FUND INSURANCE
COMPANY as subrogee of TRINITY GLASS                       07 Civ. 3104 (RPP)
INTERNATIONAL, INC.,

                           Plaintiffs,

              -against-                                    **ANSWER
                                                             TO
                                                    AMENDED COMPLAINT**

M/V EASLINE TIANJIN, her engines, boilers, etc.;
KAWASAKI KISEN KAISHA, LTD.; YANG
MING MARINE TRANSPORT, LTD.; PHOENIX
INTERNATIONAL FREIGHT SERVICES, LTD.;
LAUFER FREIGHT LINES, LTD.; APL
LOGISTICS; and HYUNDAI MERCHANT
MARINE, LTD.,

                           Defendants.
-----------------------------------------------------------X

      Defendant HYUNDAI MERCHANT MARINE, LTD. (hereinafter "Hyundai"), by and through its attorneys, DeOrchis, Wiener & Partners, LLP, in answering Plaintiffs' Amended Complaint, alleges upon information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Amended Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Amended Complaint, except admits that Plaintiff Trinity Glass International, Inc. was the notify party on a certain bill of lading HDMUXGWB0110357 for one container said to contain 51 steel glass panels, but except as so specifically admitted, denies each and every other allegation insofar as it relates to the aforesaid Hyundai bill of lading.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' Amended Complaint, except admits that Hyundai is a foreign corporation, but except as so specifically admitted, denies each and every other allegation.

5. Denies each and every allegation contained in Paragraph 5 of Plaintiffs' Amended Complaint.

6. Denies the truth of the allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint.

7. Denies the truth of the allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint.

8. Denies the truth of the allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint.

9. Denies each and every allegation contained in Paragraph 9 of Plaintiffs' Amended Complaint in respect of Hyundai.

10. Denies each and every allegation contained in Paragraph 10 of Plaintiffs' Amended Complaint.

11. Denies the truth of the allegations contained in Paragraph 11 of Plaintiffs' Amended Complaint.

12. Denies each and every allegation contained in Paragraph 12 of Plaintiffs' Amended Complaint.

13. Denies each and every allegation contained in Paragraph 13 of Plaintiffs' Amended Complaint.

**AS AND FOR AFFIRMATIVE DEFENSES TO THE CLAIMS SET FORTH IN THE AMENDED COMPLAINT, DEFENDANT HYUNDAI MERCHANT MARINE, LTD. ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:**

*First Affirmative Defense*

14. This Honorable Court lacks jurisdiction to try the claim asserted by plaintiff on the ground that Clause 30 of the contract of carriage mandates that the exclusive venue for resolution of disputes is the Seoul, Korea Civil District Court.

*Second Affirmative Defense*

15. The shipment described in plaintiff's Complaint is subject to all the terms, conditions and exceptions contained in a certain bill of lading then and there issued therefor, by which the shippers and consignees of said bill of lading agreed to be and are bound. Any shortage, loss and/or damage to the shipment, which Defendant expressly denies, was due to causes for which the Defendant is not liable or responsible by virtue of the provisions of the United States Carriage of Goods by Sea Act, 46 U.S.C. 1300 *et seq.,* approved April 16,

1936, and/or the Harter Act, and/or the provisions of the bill of lading, and/or the General Maritime Law and/or applicable foreign law.

### *Third Affirmative Defense*

16.    Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy and to make all other parts of the ship in which goods are carried, fit and safe for their reception, carriage and preservation.

### *Fourth Affirmative Defense*

17.    If the goods were damaged, which defendant expressly denies, the damage was caused by or due to insufficiency of packaging or inadequacy of marks for which the defendant is not liable pursuant to §§ 1304(2)(n) and (o) of the Carriage of Goods by Sea Act and by the terms of the contract of carriage and/or Hague-Visby Rules.

### *Fifth Affirmative Defense*

18.    Any damage to the goods, which is expressly denied, was caused by, due to, or contributed to by inherent defect, quality or vice of the goods for which the defendant is not liable pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(m) and by the terms of the contract of carriage and/or Hague-Visby Rules.

### *Sixth Affirmative Defense*

19.    Plaintiff has failed to reasonably mitigate its damages.

### *Seventh Affirmative Defense*

20.    The complaint fails to state a claim upon which relief may be granted.

### *Eighth Affirmative Defense*

21.    The maximum liability of defendant, if any, is $500 per package or per customary freight unit for goods such as plaintiffs not in packages as agreed in the provisions

of the bill of lading and pursuant to the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. § 1304(5).

### *Ninth Affirmative Defense*

22.  The venue of this matter is improperly placed in this District.

### *Tenth Affirmative Defense*

23.  This District is an inconvenient forum for a trial of this action and should, therefore, be dismissed.

### *Eleventh Affirmative Defense*

24.  If the goods were lost and/or damaged, which is expressly denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the plaintiff and/or its agents.

### *Twelfth Affirmative Defense*

25.  Plaintiff is not a real party in interest.

### *Thirteenth Affirmative Defense*

26.  If plaintiff's cargo suffered any loss or damage, which defendant expressly denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable pursuant to the provisions of the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(q).

### *Fourteenth Affirmative Defense*

27.  If plaintiff's cargo suffered any loss or damage, which defendant expressly denies, said loss or damage was caused by a peril, danger or accident of the sea or other

navigable waters for which the carrier is not liable pursuant to the provision of the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(c).

### *Fifteenth Affirmative Defense*

28. The goods which are the subject of this action are presumed to be in the same condition when delivered to the receiver/consignee as when received by defendant because plaintiff did not give timely written notice of loss or damage under the provisions of the bill of lading and as required by the Carriage of Goods by Sea Act, 46 U.S.C. §1303(6).

### *Sixteenth Affirmative Defense*

29. The goods were lost and/or damaged as a result of an Act of God, and/or peril, danger or accident of the sea for which the carrier is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(d) and (c) and by the terms of the contract of carriage.

### *Seventeenth Affirmative Defense*

30. If the goods were lost and/or damaged, which is expressly denied, the loss and/or damage was caused by the act, neglect, or default of the master, mariner, pilot, or servants of the carrier in the navigation or in the management of the ship, and the carrier is not liable pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(a).

### *Eighteenth Affirmative Defense*

31. This Honorable Court lacks *in personam* jurisdiction of defendant by reason of the improper service of process.

WHEREFORE, Defendant HYUNDAI MERCHANT MARINE, LTD. demands judgment dismissing the Complaint herein, together with costs and disbursements of this action, and for such other and further relief as in the premises may be just and proper.

Dated:  New York, New York
        June 19, 2007

                              **DeORCHIS, WIENER & PARTNERS, LLP**
                              Attorneys for Defendant
                              HYUNDAI MERCHANT MARINE, LTD.


                              By:    /s/ Christopher H. Mansuy
                                    **Christopher H. Mansuy (CM-0813)**
                                    61 Broadway, 26th Floor
                                    New York, New York  10006-2802
                                    (212) 344-4700
                                    Our File:  876-9

W:\876-9\Legals\Ans To Amnd Cmplt, 060807, Chm.Doc 6/19/07-kc


T O :

BADIAK & WILL, LLP
Attorneys for Plaintiffs
106 Third Street
Mineola, New York  11501-4404
(515) 877-2225

MAHONEY & KEANE LLP
Attorneys for Co-Defendants
111 Broadway, 10th Floor
New York, New York  10006
(212) 385-1422