BLANK ROME LLP
Attorneys for Defendant
APL LOGISTICS HONG KONG LTD.
405 Lexington Avenue
New York, NY  10174-0208
Tel:  (212) 885-5000
Fax: (212) 885-5001
John D. Kimball (JK-2005)
Matthew H. James (MJ-3286)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE TRAVELERS as subrogee of DORSON INC., and EDDIE BAUER, INC., THE HARTFORD INSURANCE CO., as subrogee of CROSS ISLAND TRADING CO., INC., and GREAT AMERICAN INSURANCE CO., as subrogee of DO IT BEST CORP.,<br><br>          Plaintiffs,<br><br>- against -<br><br>M/V "EASLINE TIANJIN", her engines, boilers, etc.,<br><br>- and -<br><br>KAWASAKI KISEN KAISHA, LTD., YANG MING MARINE TRANSPORT, LTD., PHOENIX INTERNATIONAL FREIGHT SERVICES, LTD., LAUFER FREIGHT LINES, LTD., APL LOGISTICS, and HYUNDAI MERCHANT MARINE, LTD.,<br><br>          Defendants. | 07 Civ. 3104 (RPP)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**ANSWER OF DEFENDANT APL LOGISTICS HONG KONG LTD. TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS** |

  Defendant, APL Logistics Hong Kong Ltd. ("APL" and sued herein as "APL Logistics"), through its attorneys, Blank Rome LLP, hereby answers Plaintiffs' Amended Complaint, upon information and belief, as follows:

603595.00601/6558864v.1

1.     Admits this Court has admiralty and maritime jurisdiction, but except as admitted, denies the remaining allegations of the First Paragraph of the Amended Complaint.

2.     Denies knowledge or information sufficient to admit or deny the allegations of the Second Paragraph of the Amended Complaint.

3.     Denies knowledge or information sufficient to admit or deny the allegations of the Third Paragraph of the Amended Complaint.

4.     Admits APL is a business entity existing under and by virtue of the laws of a foreign nation and conducts business at an office at 6055 Primacy Parkway, Suite 210, Memphis, Tennessee, 38119, but except as admitted, denies the remaining allegations of the Fourth Paragraph of the Amended Complaint.

5.     Denies knowledge or information sufficient to admit or deny the allegations of the Fifth Paragraph of the Amended Complaint.

6.     Denies that the alleged losses sustained by cargo claimants were caused and contributed to solely by the fault of or on the part of APL, its agents, servants and employees. By way of further answer, denies knowledge or information sufficient to admit or deny the remaining allegations of the Sixth Paragraph of the Amended Complaint.

7.     Denies knowledge or information sufficient to admit or deny the allegations of the Seventh Paragraph of the Amended Complaint.

8.     Denies the allegations of the Eighth Paragraph of the Amended Complaint directed to APL. By way of further answer, denies knowledge or information sufficient to admit or deny the allegations of the Eighth Paragraph of the Amended Complaint directed to other parties.

9. Denies the allegations of the Ninth Paragraph of the Amended Complaint directed to APL. By way of further answer, denies knowledge or information sufficient to admit or deny the allegations of the Ninth Paragraph of the Amended Complaint directed to other parties.

10. Denies the allegations of the Tenth Paragraph of the Amended Complaint directed to APL. By way of further answer, denies knowledge or information sufficient to admit or deny the allegations of the Tenth Paragraph of the Amended Complaint directed to other parties.

11. Denies knowledge or information sufficient to admit or deny the allegations of the Eleventh Paragraph of the Amended Complaint.

12. Denies the allegations of the Twelfth Paragraph of the Amended Complaint directed to APL. By way of further answer, denies knowledge or information sufficient to admit or deny the allegations of the Tenth Paragraph of the Amended Complaint directed to other parties.

13. Denies knowledge or information sufficient to admit or deny the allegations of the Thirteenth Paragraph of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not the real parties in interest and lack standing to bring these claims.

### THIRD AFFIRMATIVE DEFENSE

APL is entitled to any and all defenses contained in the United States Carriage of Goods by Sea Act, 46 U.S.C. §30701 note, and/or the original freight forwarders cargo receipt and/or

the applicable the bill of lading and/or contract of carriage and/or any other applicable tariff or statute, including but not limited to the right to limit liability to $500 per package or customary freight unit.

### FOURTH AFFIRMATIVE DEFENSE

If any loss or damage occurred to Plaintiffs' cargo, which is denied, such loss or damage was caused by the pre-existing condition or inherent defects of the cargo and/or the actions of others, including the shipper, for whose actions APL is not responsible or liable.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are time-barred and/or barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

If any loss or damage occurred to the cargo, which is denied, such loss or damage did not occur while the cargo was in the custody or control of APL and/or other third parties over whom APL exercised control or for whom APL is either responsible or liable.

### SEVENTH AFFIRMATIVE DEFENSE

If any loss or damage occurred to the cargo, which is denied, such loss or damage was caused by the defective packing of the cargo that was performed by Plaintiffs and/or other third parties over whom APL exercised no control and for whom APL is neither responsible nor liable.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs failed to give APL timely notice of their alleged claim as required by the United States Carriage of Goods by Sea Act, 46 U.S.C. §30701 note.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs waived any rights they may have had to recover for any loss or damage, which is denied, of the shipment sued upon.

**ELEVENTH AFFIRMATIVE DEFENSE**

This is an inconvenient forum for trial and this action should be dismissed pursuant to the doctrine of *forum non conveniens*.

**TWELFTH AFFIRMATIVE DEFENSE**

Venue is improper in this district.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Service of process in this matter has not been properly effected on APL.

**FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent the dispute between Plaintiffs and APL is subject to an arbitration agreement, APL reserves its rights to move to stay or dismiss this matter pending arbitration.

**CROSS-CLAIMS AGAINST DEFENDANTS KAWASAKI KISEN KAISHA, LTD., YANG MING MARINE TRANSPORT, LTD., PHOENIX INTERNATIONAL FREIGHT SERVICES, LTD., LAUFER FREIGHT LINES, LTD., AND HYUNDAI MERCHANT MARINE, LTD.**

1. APL, as and for its Cross-Claims against defendants Kawasaki Kisen Kaisha, Ltd., Yang Ming Marine Transport, Ltd., Phoenix International Freight Services, Ltd., Laufer Freight Lines, Ltd., and Hyundai Merchant Marine, Ltd. (collectively, the "Cross-Claim Defendants"), repeats and re-alleges each and every admission, denial, denial of knowledge or information and affirmative defense contained in the foregoing paragraphs as if set forth herein in full. The affirmative defenses of APL are hereby reserved in all respects, and nothing

contained in APL's Cross-Claims shall in any way be construed as a waiver of any such defense.

2. If any damage or loss was caused to the cargo in respect of which Plaintiffs sue, which is denied, said damage is due to the fault, act, omission, neglect, breach of contract and/or breach of warranty by the Cross-Claim Defendants, their employees, agents, officers, and/or directors and not due to any fault, act, omission, neglect, breach of contract and/or breach of warranty on behalf of APL or any party for whose actions APL is responsible, and Plaintiffs should have judgment against the Cross-Claim Defendants, jointly and severally, and not against APL.

3. If APL is found to have any liability to Plaintiffs, which is denied, APL is entitled to full indemnity and/or contribution from the Cross-Claim Defendants, jointly and severally, for all amounts which APL is required to pay Plaintiffs in respect of such liability and also for its attorneys' fees and costs incurred in defending this action.

WHEREFORE, APL prays for:

(a) Judgment dismissing Plaintiffs' Amended Complaint against APL herein;

(b) Judgment for APL on its Cross-Claims against the Cross-Claim Defendants, jointly and severally;

(c) Judgment granting APL contribution and/or indemnity from the Cross-Claim Defendants, jointly and severally, for any amount for which APL may be judged to be liable to Plaintiffs;

(d) Whether or not Plaintiffs prevail, indemnification for attorneys' fees, costs, and disbursements in this action, in favor of APL and against the Cross-Claim Defendants, jointly and severally; and

      (e)      Such other and further relief as may be just and equitable.

Dated:      New York, New York
                 July 10, 2007

                                    BLANK ROME LLP

                                    Attorneys for Defendants
                                    APL LOGISTICS HONG KONG LTD.

                          By:   /s/ John D. Kimball
                              John D. Kimball (JK-2005)
                              405 Lexington Avenue
                              New York, NY  10174-0208
                              Tel:  (212) 885-5000
                              Fax: (212) 885-5001

Of Counsel:
Matthew H. James (MJ-3286)