BLANK ROME LLP
Attorneys for Defendant
APL LOGISTICS HONG KONG LTD.
405 Lexington Avenue
New York, NY 10174-0208
Tel: (212) 885-5000
Fax: (212) 885-5001
John D. Kimball (JK-2005)
Matthew H. James (MJ-3286)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE TRAVELERS as subrogee of DORSON INC., and EDDIE BAUER, INC., THE HARTFORD INSURANCE CO., as subrogee of CROSS ISLAND TRADING CO., INC., and GREAT AMERICAN INSURANCE CO., as subrogee of DO IT BEST CORP., <br><br> Plaintiffs, <br><br> - against - <br><br> M/V "EASLINE TIANJIN", her engines, boilers, etc., <br><br> - and - <br><br> KAWASAKI KISEN KAISHA, LTD., YANG MING MARINE TRANSPORT, LTD., PHOENIX INTERNATIONAL FREIGHT SERVICES, LTD., LAUFER FREIGHT LINES, LTD., APL LOGISTICS, and HYUNDAI MERCHANT MARINE, LTD., <br><br> Defendants. | 07 Civ. 3104 (RPP) <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **ANSWER OF DEFENDANT APL LOGISTICS HONG KONG LTD. TO THE CROSS-CLAIMS OF DEFENDANTS KAWASAKI KISEN KAISHA, LTD. AND YANG MING MARINE TRANSPORT, LTD. WITH AFFIRMATIVE DEFENSES** |

Defendant, APL Logistics Hong Kong Ltd. ("APL" and sued herein as "APL Logistics"), through its attorneys, Blank Rome LLP, hereby answers the Cross-Claims of defendants Kawasaki Kisen Kaisha, Ltd. ("Kawasaki") and Yang Ming Marine Transport, Ltd. ("Yang Ming"), upon information and belief, as follows:

## ANSWER TO THE CROSS-CLAIM OF KAWASAKI

1. Admits this Court has admiralty and maritime jurisdiction and pendent jurisdiction, but except as admitted, denies the remaining allegations of the Twenty-Fifth Paragraph of Kawasaki's Cross-Claim.

2. Denies knowledge or information sufficient to admit or deny the allegations of the Twenty-Sixth Paragraph of Kawasaki's Cross-Claim.

3. Denies knowledge or information sufficient to admit or deny the allegations of the Twenty-Seventh Paragraph of Kawasaki's Cross-Claim directed to Yang Ming.

4. Denies knowledge or information sufficient to admit or deny the allegations of the Twenty-Eighth Paragraph of Kawasaki's Cross-Claim directed to Phoenix.

5. Denies knowledge or information sufficient to admit or deny the allegations of the Twenty-Ninth Paragraph of Kawasaki's Cross-Claim directed to Laufer.

6. Admits APL is a business entity organized and existing under the laws of a foreign country, but except as admitted, denies the remaining allegations of the Thirtieth Paragraph of Kawasaki's Cross-Claim.

7. Denies the allegations of the Thirty-First Paragraph of Kawasaki's Cross-Claim directed to APL. By way of further answer, denies knowledge or information sufficient to admit or deny the allegations of the Thirty-First Paragraph of Kawasaki's Cross-Claim directed to other parties.

8. Denies the allegations of the Thirty-Second Paragraph of Kawasaki's Cross-Claim directed to APL. By way of further answer, denies knowledge or information sufficient to admit or deny the allegations of the Thirty-Second Paragraph of Kawasaki's Cross-Claim directed to other parties.

### ANSWER TO THE CROSS-CLAIM OF YANG MING

9. To the extent an answer is required, denies the allegations of the Twenty-First Paragraph of Yang Ming's Cross-Claim.

10. Admits this Court has admiralty and maritime jurisdiction and pendent jurisdiction, but except as admitted, denies the remaining allegations of the Twenty-Second Paragraph of Yang Ming's Cross-Claim.

11. Denies knowledge or information sufficient to admit or deny the allegations of the Twenty-Third Paragraph of Yang Ming's Cross-Claim.

12. Denies the allegations of the Twenty-Fourth Paragraph of Yang Ming's Cross-Claim directed to APL. By way of further answer, denies knowledge or information sufficient to admit or deny the allegations of the Twenty-Fourth Paragraph of Yang Ming's Cross-Claim directed to other parties.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Cross-Claims fail to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Kawasaki and Yang Ming are not the real parties in interest and lack standing to bring these Cross-Claims.

### THIRD AFFIRMATIVE DEFENSE

APL is entitled to any and all defenses contained in the United States Carriage of Goods by Sea Act, 46 U.S.C. §30701 note, and/or the original freight forwarders cargo receipt and/or the applicable the bill of lading and/or contract of carriage and/or any other applicable tariff or

statute, including but not limited to the right to limit liability to $500 per package or customary freight unit.

### FOURTH AFFIRMATIVE DEFENSE

If any loss or damage occurred to Plaintiffs' cargo, which is denied, such loss or damage was caused by the pre-existing condition or inherent defects of the cargo and/or the actions of others, including the shipper, for whose actions APL is not responsible or liable to indemnify.

### FIFTH AFFIRMATIVE DEFENSE

If any loss or damage occurred to the cargo, which is denied, such loss or damage did not occur while the cargo was in the custody or control of APL and/or other third parties over whom APL exercised control or for whom APL is either responsible or liable to indemnify.

### SIXTH AFFIRMATIVE DEFENSE

If any loss or damage occurred to the cargo, which is denied, such loss or damage was caused by the defective packing of the cargo that was performed by Plaintiffs and/or other third parties over whom APL exercised no control and for whom APL is neither responsible nor liable to indemnify.

### SEVENTH AFFIRMATIVE DEFENSE

Kawasaki and Yang Ming failed to mitigate their damages.

### EIGHTH AFFIRMATIVE DEFENSE

Kawasaki and Yang Ming waived any rights they may have had for contribution or indemnity for any loss or damage, which is denied, of the shipment sued upon.

WHEREFORE, APL prays for:

(a) Judgment dismissing Kawasaki's and Yang Ming's Cross-Claims against APL herein;

(b) Indemnification for attorneys' fees, costs, and disbursements in favor of APL and against Kawasaki and Yang Ming; and

(c) Such other and further relief as may be just and equitable.

Dated:    New York, New York
         July 10, 2007

                                    BLANK ROME LLP

                                    Attorneys for Defendants
                                    APL LOGISTICS HONG KONG LTD.

                              By:  /s/ John D. Kimball
                                    John D. Kimball (JK-2005)
                                    405 Lexington Avenue
                                    New York, NY  10174-0208
                                    Tel: (212) 885-5000
                                    Fax: (212) 885-5001

Of Counsel:
Matthew H. James (MJ-3286)