UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE TRAVELERS as subrogee of DORSON INC.,
and EDDIE BAUER, INC.; THE HARTFORD
INSURANCE CO. as subrogee of CROSS ISLAND
TRADING CO., INC.; GREAT AMERICAN
INSURANCE CO. as subrogee of DO IT BEST
CORP.; and FIREMAN'S FUND INSURANCE
COMPANY as subrogee of TRINITY GLASS                   07 Civ. 3104 (RPP)
INTERNATIONAL, INC.,

                          Plaintiffs,

                 -against-

M/V EASLINE TIANJIN, her engines, boilers, etc.;
KAWASAKI KISEN KAISHA, LTD.; YANG
MING MARINE TRANSPORT, LTD.; PHOENIX
INTERNATIONAL FREIGHT SERVICES, LTD.;
LAUFER FREIGHT LINES, LTD.; APL
LOGISTICS; and HYUNDAI MERCHANT
MARINE CO., LTD.,

                          Defendants.
------------------------------------------------------------X

# MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO DISMISS

**DeORCHIS, WIENER & PARTNERS, LLP**
Attorneys for Defendant
HYUNDAI MERCHANT MARINE CO., LTD.
61 Broadway, 26th Floor
New York, New York  10006-2802
(212) 344-4700

Christopher H. Mansuy
  *-of Counsel-*

## INTRODUCTION

Defendant Hyundai Merchant Marine Co., Ltd. (hereinafter, "HMM") respectfully moves for an Order dismissing the claim by Fireman's Fund Insurance Company as subrogee of Trinity Glass International, Inc. set forth in the Amended Complaint by reason of the forum selection clause in the HMM sea waybill.

In Schedule A of the Amended Complaint plaintiff Fireman's Fund alleges the non-delivery of one container no. HDMU2999494 said to contain 61 glass panels (although Exhibit A to Paik Declaration reflects 51 panels) from Xingang, China via Tacoma, Washington to Breinigsville, Pennsylvania, in the summer of 2006.  Due to an accident at sea aboard a feeder vessel, M/V EASLINE TIANJIN, it appears that the container belonging to consignee Trinity Glass International, Inc. was lost overboard.

Plaintiffs' Amended Complaint invokes the admiralty jurisdiction of this Court and, defendant HMM concurs that this is a maritime claim.

## FORUM SELECTION CLUASE

The HMM seaway bill under which Fireman's Fund sues contains the following forum selection clause:

> The claims arising from or in connection with or relating to this Sea Waybill shall be exclusively governed by law of Korea except otherwise provided in this Sea Waybill.  Any and all action concerning custody or carriage under this Sea Waybill whether based or breach of contract, tort or otherwise shall be brought before the Seoul Civil District Court in Korea.

Paragraph 6 of Exhibit A to Paik Declaration.   The clause is mandatory and exclusive.

## POINT I

## FORUM SELECTION CLAUSES MUST BE ENFORCED

HMM moves pursuant to Federal Rules of Civil Procedure 12(b)(1), (3) or (6) for an Order dismissing Fireman's Fund Amended Complaint. *New Moon Shipping Co., Ltd. v. MAN B&W Diesel AG,* 121 F.3d 24, 28-9 (2d Cir. 1997).

In *THE BREMEN v. Zapata Off-Shore*, 407 U.S. 1, 15, 92 S. Ct. 1907, 32 L. Ed. 2d 513, (1972), the Supreme Court held that forum selection clauses in maritime contracts are *prima facie* valid and must be enforced unless enforcement is shown by a resisting party to be fundamentally unfair.

In *Vimar Seguros y Reaseguros, S.A. v. M/V SKY REEFER, et al.*, 515 U.S. 528, 115 S.Ct. 2322, 132 L. Ed. 2d 462 (1995), the Supreme Court enforced a forum selection clause in an ocean bill of lading requiring the parties to submit their disputes to arbitrators at Tokyo. The Supreme Court held that forum selection clauses do not violate § 1303(8) of the Carriage of Goods by Sea Act, 46 U.S.C. § 1300 *et seq.*, reprinted as a note following 46 U.S.C. § 30701.

The Supreme Court decision in *Sky Reefer* has been almost universally followed by this Court as well as other courts in this district. *3 P.P.D. v. M/V CAST MUSKOX,* 1995 U.S. Dist. LEXIS 18200, 1995 W.L. 728463 (S.D.N.Y. 1995) (Courts of Canada); *Stemcor USA, Inc. v. Golden Management*, 2001 W.L. 111293 (S.D.N.Y. 2001) (Korean forum); *LPR, S.r.L v. Challenger Overseas*, 2000 W.L. 973748 (S.D.N.Y. 2000) (People's Republic of China); *Asoma v. M/V SOUTHGATE*, 99 W.L. 1115190 (S.D.N.Y. 1999) (Korean forum); *Abrar Surgery v. M/V JOLLY ORO*, 1999 W.L. 295003 (S.D.N.Y. 1999) (Croatian forum); *Stemcor

*USA, Inc. v. Hyundai Merchant Marine, Ltd.,* 2005 A.M.C. 705 (S.D.N.Y. 2005)(Korean forum).

## CONCLUSION

An Order should be entered dismissing Fireman's Fund's Amended Complaint against HMM.

Dated:  New York, New York
July 18, 2007

        Respectfully,

        **DeORCHIS, WIENER & PARTNERS, LLP**
        Attorneys for Defendant
        HYUNDAI MERCHANT MARINE, LTD.

        By:   /s/ Christopher H. Mansuy
        **Christopher H. Mansuy (CM-0813)**
        61 Broadway, 26th Floor
        New York, New York  10006-2802
        (212) 344-4700
        Our File:  876-9

W:\876-9\Legals\Memo Of Law, 07-16-07, Chm.Doc 7/18/07-kc

T O :

BADIAK & WILL, LLP
Attorneys for Plaintiffs
106 Third Street
Mineola, New York  11501-4404
(515) 877-2225
Attention;  Roman Badiak, Esq.

MAHONEY & KEANE LLP
Attorneys for Co-Defendants
111 Broadway, 10th Floor
New York, New York  10006
(212) 385-1422
Attention:  Edward A. Keane, Esq.

CICHANOWICZ CALLAN KEANE VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York  10006-2802
(212) 344-7042
Attention:  Paul M. Keane, Esq.

BLANK ROME
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000
Attention:  John D. Kimball, Esq.