UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA,

                Plaintiff,

      -against-

C.U. TRANSPORT INC.; CHINA
UNITED TRANSPORT, INC.; JC TRANS
LOGISTICS, INC.; KAWASAKI KISEN
KAISHA LTD.; K-LINE; YANG MING
MARINE TRANSPORT CORP.; YANG
MING (AMERICA) CORPORATION; M/V
"EASLINE TIANJIN", her engines,
tackle, boilers, etc.;

                Defendants.
------------------------------------X

AMERICAN HOME ASSURANCE COMPANY
a/s/o LG SOURCING, INC. and a/s/o
ENDURANCE, LLC,

                Plaintiff,

      -against-

M.V. EASLINE TIANJIN, her engines,
boilers, etc.; KAWASAKI KISEN
KAISHA CO., LTD. D/B/A/ "K" LINE;
TRUST FREIGHT SERVICES; YANG MING
LINES; and PU HARMONY Pte Ltd., as
Registered Owner;

                Defendants.
------------------------------------X

THE TRAVELERS, as subrogee of
DORSON INC. and EDDIE BAUER, INC.;
THE HARTFORD INSURANCE CO., as
subrogee of CROOS ISLAND TRADING
CO., INC.; GREAT AMERICAN INSURANCE
CO., as subrogee of DO IT BEST
CORP.; and FIREMAN'S FUND INSURANCE
COMPANY, as subrogee of TRINITY
GLASS INTERNATIONAL, INC.;

                Plaintiffs,

      -against-

M/V "EASLINE TIANJIN", her engines,
boilers, etc.; and KAWASAKI KISEN
KAISHA, LTD.; YANGMING MARINE

---

**07 Civ. 959 (RPP)**

**07 Civ. 2562 (RPP)**

**07 Civ. 3104 (RPP)**

NOTICE OF MOTION

TRANSPORT, LTD.; PHOENIX
INTERNATIONAL FREIGHT SERVICES,
LTD.; LAUFER FREIGHT LINES,
LTD.; APL LOGISTICS; and HYUNDAI
MERCHANT MARINE, LTD.;

                          Defendants.
------------------------------------X

　　　　PLEASE TAKE NOTICE, that defendant KAWASAKI KISEN KAISHA, LTD. ("K-LINE"), also sued herein as K-LINE and "K" LINE, will move the Court at the Courthouse located 500 Pearl Street, New York, New York, before the Honorable Robert P. Patterson, for an order, pursuant to Rule 12 of the Federal Rules of Civil Procedure, dismissing all claims against K-LINE in accordance with the Tokyo forum-selection clause contained in the K-LINE bill of lading, and awarding to K-LINE such other and further relief as this Honorable Court may deem just and proper.

Dated: New York, New York
       July 31, 2007

                          MAHONEY & KEANE, LLP
                          Attorneys for Defendant
                          KAWASAKI KISEN KAISHA, LTD.


                          By: _____
                              Garth S. Wolfson (GW 7700)
                              111 Broadway, Tenth Floor
                              New York, New York  10006
                              (212) 385-1422

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
```

INDEMNITY INSURANCE COMPANY OF          **07 Civ. 959 (RPP)**
NORTH AMERICA,
                        Plaintiff,     **07 Civ. 2562 (RPP)**

          -against-                    **07 Civ. 3104 (RPP)**

C.U. TRANSPORT INC.; CHINA              DECLARATION
UNITED TRANSPORT, INC.; JC TRANS
LOGISTICS, INC.; KAWASAKI KISEN
KAISHA LTD.; K-LINE; YANG MING
MARINE TRANSPORT CORP.; YANG
MING (AMERICA) CORPORATION; M/V
"EASLINE TIANJIN", her engines,
tackle, boilers, etc.;

                        Defendants.
```
------------------------------------X
```
AMERICAN HOME ASSURANCE COMPANY
a/s/o LG SOURCING, INC. and a/s/o
ENDURANCE, LLC,

                        Plaintiff,

          -against-

M.V. EASLINE TIANJIN, her engines,
boilers, etc.; KAWASAKI KISEN
KAISHA CO., LTD. D/B/A/ "K" LINE;
TRUST FREIGHT SERVICES; YANG MING
LINES; and PU HARMONY Pte Ltd., as
Registered Owner;

                        Defendants.
```
------------------------------------X
```
THE TRAVELERS, as subrogee of
DORSON INC. and EDDIE BAUER, INC.;
THE HARTFORD INSURANCE CO., as
subrogee of CROOS ISLAND TRADING
CO., INC.; GREAT AMERICAN INSURANCE
CO., as subrogee of DO IT BEST
CORP.; and FIREMAN'S FUND INSURANCE
COMPANY, as subrogee of TRINITY
GLASS INTERNATIONAL, INC.;

                        Plaintiffs,

          -against-

M/V "EASLINE TIANJIN", her engines,
boilers, etc.; and KAWASAKI KISEN
KAISHA, LTD.; YANGMING MARINE

TRANSPORT, LTD.; PHOENIX
INTERNATIONAL FREIGHT SERVICES,
LTD.; LAUFER FREIGHT LINES,
LTD.; APL LOGISTICS; and HYUNDAI
MERCHANT MARINE, LTD.;

                               Defendants.
------------------------------------X

       I, Sherry Johnson, hereby declare as follows:

       1.   I am the Compliance Manager for defendant KAWASAKI KISEN KAISHA, LTD. ("K-LINE"), also sued herein as K-LINE and "K" LINE, in the above-referenced related actions.  As such, I am familiar, based upon my personal knowledge and my review of the file maintained by my office, with the claims brought in connection with this matter.

       2.   Herewith attached are true copies of the following:

| | |
|---|---|
| EXHIBIT A: | Amended Complaint in the <u>Indemnity Insurance</u> action; |
| EXHIBIT B: | Amended Complaint in the <u>American Home</u> action; |
| EXHIBIT C: | Amended Complaint in the <u>Travelers</u> action; |
| EXHIBIT D: | Answer to Amended Complaint in the <u>Indemnity Insurance</u> action; |
| EXHIBIT E: | Answer to Amended Complaint in the <u>American Home</u> action; |
| EXHIBIT F: | Answer to Amended Complaint in the <u>Travelers</u> action; |
| EXHIBIT G: | K-LINE Combined Transport Bill of Lading in the <u>Indemnity Insurance</u> action; |
| EXHIBIT H: | K-LINE Waybill in the <u>American Home</u> action; |
| EXHIBIT I: | K-LINE Waybills in the <u>Travelers</u> action; |

EXHIBIT J:    K-Line Waybill Terms and Conditions; and

EXHIBIT K:    K-LINE Combined Transport Bill of Lading Terms and Conditions.

3.    Plaintiffs claim damages for cargo losses allegedly occurring aboard the M/V EASLINE TIANJIN during transit from Xingang, China to United States ports pursuant various bills of lading, some of which were issued by K-LINE.    (Complaints, Exhibits A-C).

4.    The face of the K-LINE Waybills state, "MERCHANT SPECIFICALLY AGREES THAT ITS ATTENTION HAS BEEN DRAWN TO AND THAT IT HAS ACCEPTED THE APPLICABLE 'K' LINE STANDARD FORM BILL OF LADING." (Waybills, Exhibits H and I) (emphasis in original).

5.    The Terms on the back of the K-LINE Waybills also expressly refer to, incorporate and adopt the terms of the full K-LINE bill of lading.    (K-Line Waybill Back Clauses, Exhibit J, at ¶¶ 1, 2.1, 2.2, 3.1, and 3.3.1.

6.    Similarly, the face of the K-LINE Combined Transport Bill of Lading states, "IN ACCEPTING THIS BILL OF LADING, Merchant agrees to be bound by all the stipulations, exceptions, terms and conditions on the face and back hereof."    (K-LINE Combined Transport Bill of Lading, Exhibit G).

7.    The **"Governing Law and Jurisdiction"** Clause of those K-Line Bill of Lading terms and conditions provides that "[t]he contract evidenced by or contained in this Bill of Lading shall be governed by Japanese law except as may be otherwise provided for herein, and any action thereunder or in connection with Carriage

of Goods shall be brought before the Tokyo District Court in Japan, to whose jurisdiction Merchant irrevocably consents." (K-Line Bill of Lading Back Clauses, Exhibit K, at ¶ 2).

8.    And the K-LINE Bill of Lading expressly provides that the United States Carriage of Goods by Sea Act shall apply to shipments to or from the United States.  Id. at ¶ 4.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June ___, 2007
Richmond, Virginia

By: _____(L.S.)

3

David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

-------------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                          :

INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA                                :    ECF CASE

                   Plaintiff,                             :

                                                          :    07 Civ. 959 (RPP)
    - against -
                                                          :    **AMENDED COMPLAINT**

C.U. TRANSPORT INC.; CHINA UNITED           :
TRANSPORT, INC.; JC TRANS LOGISTICS,
INC.; KAWASAKI KISEN KAISHA LTD.; K-         :
LINE; YANG MING MARINE TRANSPORT
CORP.; YANG MING (AMERICA)                   :
CORPORATION; M/V "EASLINE TIANJIN",
her engines, tackle, boilers, etc.;                :

                   Defendants.                       :
-------------------------------------------------------------x

        Plaintiff, through its undersigned attorney, alleges as follows for its amended

complaint against defendants:

        1.      This action involves admiralty and maritime claims within the meaning of

Rule 9(h) with respect to the carriage of the subject cargo by sea and falls within the

Court's pendent, ancillary, and supplemental jurisdiction as to the remaining aspects of

the claim. Plaintiff seeks recovery for cargo loss caused by defendants' breaches of

contract and torts.

        2.      Plaintiff Indemnity Insurance Company of North America sues herein as

the subrogated insurer of the cargo in suit, having paid the insurance claims of Yuasa

Battery, Inc., and Source Financing Corp./M.Fortunoff of Westbury Corp. and for and on behalf of the shippers, consignees and owners of the cargo as their interests may appear.

3.    The captioned defendants are believed to be corporations organized under the laws of foreign sovereigns or certain of the fifty states. Upon information and belief defendants are engaged in the business of common carriers, bailees, warehousemen, and/or the provision of services related to such activities, and conduct such business with respect to shipments to, from and within the State of New York and the United States as a whole within the meaning of Rule 4(k)(2) Federal Rules of Civil Procedure.

4.    Upon information and belief the captioned vessel is now, or will be during the pendency of this action, within the admiralty and maritime jurisdiction of this Honorable Court or is otherwise subject to jurisdiction pursuant to Rule 4(k)(2) Federal Rules of Civil Procedure.

5.    This action involves nondelivery, shortage and loss to shipments of cargo carried aboard the above-mentioned vessel under bills of lading issued by or on behalf of defendants and which are described more fully in the annexed Schedules A, and B, which are incorporated herein by reference.

6.    The aforementioned nondelivery, shortage and loss was caused by the unseaworthiness of the carrying vessel and containers as well as defendants' reckless failure to properly load, stow, lash, carry, discharge, deliver and care for the subject cargo, and their unreasonable deviations from the terms of the contract of carriage

7.    As a result of the foregoing, plaintiff and those on whose behalf it sues, has sustained damages in the amount of $100,000.00 for which defendants are jointly and severally liable as common carriers, bailees and/or warehousemen for hire.

8.      Plaintiff sues on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

WHEREFORE, plaintiff demands judgment against defendants jointly and severally in the amount of $100,000.00 together with interest at the rate of 9% per annum and the costs of this action and prays that this Honorable Court issue its process against the aforesaid vessel in rem.


Dated:   New York, New York
         May 11, 2007


                            LAW OFFICES,
                            DAVID L. MAZAROLI

                            s/David L. Mazaroli
                            _____
                            David L. Mazaroli (DM 3929)
                            Attorney for Plaintiff
                            11 Park Place - Suite 1214
                            New York, New York 10007
                            Tel.: (212)267-8480
                            Fax.: (212)732-7352
                            E-mail: dlm@mazarolilaw.com
                            File Nos.: 6G-1399 & 7G-1449

## SCHEDULE A

| | |
|---|---|
| Vessel: | M/V "EASLINE TIANJIN" |
| Voyage: | 192 |
| Subrogor: | Yuasa Battery, Inc. |
| C.U. Transport Inc. B/L No: | HDMUXGWB1000670 |
| Dated: | July 8, 2006 |
| JC Trans Logistics B/L No.: | HDMUXGWB1000670 |
| Dated: | July 8, 2006 |
| Container Nos.: | HDMU2198330 and HDMU2246145 |
| Kawasaki Kisen B/L No.: | KKLUTSN053448 |
| Dated: | July 8, 2006 |
| Container No.: | TEXU3649348 |
| Port of Loading: | Xingang, China |
| Port of Discharge: | New York |
| Commodity: | sulfuric acid packs |
| Claim Amount: | $50,000.00 |
| K-Line File: | 40-01-13133 |
| IINA File: | JY06J016508-8 |
| DLM File: | 6G-1399 |

# **SCHEDULE B**

| | |
|---|---|
| Vessel: | M/V "EASLINE TIANJIN" |
| Voyage: | 192 |
| Subrogor: | Source Financing Corp./M.Fortunoff of Westbury Corp. |
| Yang Ming Marine B/L Nos.: | YMLUE235003904 and YMLUE235003905 |
| Dated: | July 8, 2006 |
| Booking No.: | YXAW169201 and 169202 |
| Container Nos.: | YMLU8214532 and YMLU8182440 |
| Port of Loading: | Xingang, China |
| Port of Discharge: | New York |
| Commodity: | furniture |
| Claim Amount: | $50,000.00 |
| Yang Ming Refs: | 2006CNUS0048 and 2006CNUS0049 |
| IINA File: | JY06J017152-3 |
| DLM File: | 7G-1449 |

EDWARD C. RADZIK (ER-2473)
McDERMOTT & RADZIK, LLP
*Attorney for Plaintiffs*
Wall Street Plaza
88 Pine Street – 21st Floor
New York, NY 10005-1801
(212) 376-6400



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------X

AMERICAN HOME ASSURANCE
COMPANY a/s/o LG SOURCING, INC.
and a/s/o ENDURANCE, LLC

                Plaintiffs,

   -  against -

*M.V. EASLINE TIANJIN,* her engines, boilers,
etc.; KAWASAKI KISEN KAISHA CO., LTD.
d/b/a "K" LINE; TRUST FREIGHT
SERVICES; YANG MING LINES; and PU
HARMONY Pte. Ltd., as Registered Owner,

                Defendants.

--------------------------------------------------------X

07 Civ. 2562 (RPP)

**AMENDED COMPLAINT**

Plaintiff, by its attorneys, McDERMOTT & RADZIK, LLP, for its Amended

Complaint against the defendants, alleges upon information and belief, as follows:

**FIRST**:  This amendment to the original Complaint is permitted as of right

pursuant to Rule 15(a) of the Federal Rules of Civil Procedure inasmuch as there has

been no responsive pleading filed in respect of the original Complaint.  Furthermore, this

amendment to the pleadings is expressly permitted by this Court's Scheduling Order



rendered during a pre-trial conference in a related action – 07 Civ. 959 (RPP) held on April 11, 2007.

**SECOND**:  All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

**THIRD**:  At and during all the times hereinafter mentioned, Plaintiff had and now has the legal status and principal office and place of business stated in Schedules "A" and "B", hereto annexed, and by this reference made a part hereof.

**FOURTH**:  At and during all the times hereinafter mentioned, Defendants had and now have the legal status and offices and places of business stated in Schedules "A" and "B", and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the vessel "*M.V. EASLINE TIANJIN*", Voyage 192, above named as common carriers of merchandise by water for hire.

**FIFTH**:  This Court has personal jurisdiction over the Defendants, and venue is proper by reason of Defendants' regular and systematic contacts with the State of New York and by reason of the forum selection clause contained in the bill of lading contract of carriage issued by defendant, Trust Freight Services, Inc. which specifies that disputes under said bill of lading are subject to the jurisdiction of the United States District Court for the Southern District of New York and the Service Contract between defendant, "K"

Line and LG Sourcing Inc., which specifies that it is governed by the laws of one of the states of the United States.

**SIXTH**:  On or about the date and at the ports of shipments stated in Schedules "A" and "B", there were shipped by the shippers therein named and delivered to Defendants were as common carriers, the shipments described in Schedules "A" and "B" then being in good order and condition, and Defendants and the said vessel then and there accepted said shipment so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipments to the ports of destination stated in Schedules "A" and "B", and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignees named in Schedules "A" and "B".

**SEVENTH**:  Thereafter, the said vessel arrived at the port of destination, where it and Defendants made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value by reason of the matter and things stated in Schedules "A" and "B", all in violation of Defendants' and the said vessel's obligations and duties as a common carrier of merchandise by water for hire.

**EIGHTH**:    Plaintiff was the shipper, consignee, owner, or insurer of the shipments described in Schedules "A" and "B" and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

**NINTH:**  Plaintiff expressly reserves all of its rights and remedies inuring to its benefit by reason of contract including, but not limited to, its right to arbitrate this dispute, none of which rights or remedies has been waived or abandoned.

**TENTH**:  By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the aggregate sum of $314,481.59.

**WHEREFORE**, Plaintiffs pray:

1.    That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.    That if Defendants cannot be found within this District, then all of their property within this District as shall be described in Schedules "A" and "B", be attached in the sum of $314,481.59, with interest thereon and costs, the sum sued for in this Complaint;

3.    That Judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

4.    That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated:     New York, New York
            April 17, 2007

                    McDERMOTT & RADZIK, LLP
                    Attorney for Plaintiff

             BY: _____

                    EDWARD C. RADZIK (ER-2473)
                    Wall Street Plaza
                    88 Pine Street
                    New York, New York  10005-1801
                    (212) 376-6400
                    (Files:  7-07-7039 and 7040 ECR)

TO:   Paul M. Keane, Esq.
       Cichanowicz, Callan, Keane, Vengrow & Textor LLP
       61 Broadway – Suite 3000
       New York, NY  10006

       Garth S. Wolfson, Esq.
       Mahoney & Keane, LLP
       111 Broadway
       New York, NY  10006

## AMENDED SCHEDULE A

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff, American Home Assurance Co. a/s/o LG Sourcing, Inc. was and now is a corporation organized and existing under and by virtue of the laws of the State of New York with an office and place of business at 175 Water Street, New York, NY 10038.

**Defendant's Legal Status and Office and Place of Business:**

Defendant, Kawasaki Kisen Kaisha Co., Ltd. d/b/a "K" Line, was and now is a corporation or other business entity organized and existing under and by virtue of the laws of a foreign country, with an office and place of business in care of its general agent "K" Line America Inc., P.O. Box 9, Preston, MD 21655.

Defendant, PU Harmony Pte. Ltd., was and now is a corporation or other business entity organized and existing under and by virtue of the laws of a foreign country, with an office and place of business in care of is agent, Pan-United Shipping, 33, Tuas Crescent, Singapore.

| | | |
|---|---|---|
| Vessel | : | *M.V. EASLINE TIANJIN, Voy. 192* |
| Bill of Lading No. | : | KKLUTSN053405/06/07/442/443/444/445/446 |
| Container Nos. | : | KLFU132503-9; KKFU152890-0/KKFU44530-2 KKFU166862-5/KKFU149445-7/KKFU127197-8/ KKFU120227-1/167691-3 |
| Port of Loading | : | Tianjin; Xingang |
| Port of Discharge | : | Valdosta, GA; Kissimmee, FL; Garysburg, NC; Statesville, NC |
| Shipper | : | Tianjin Haili Decoration Co. Ltd. |
| Consignee | : | LG Sourcing, Inc. |
| Description | : | Cartons of Vinyl Flooring |
| Nature of damage | : | Lost overboard / damaged contents |
| Amount | : | $175,528.49 |
| M&R File | : | 7-07-7039 ECR |
| "K" Line Ref. | : | 70-01-13087 |

## AMENDED SCHEDULE B

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff, American Home Assurance Co. a/s/o Endurance LLC was and now is a corporation organized and existing under and by virtue of the laws of the State of New York with an office and place of business at 175 Water Street, New York, NY 10038.

**Defendant's Legal Status and Office and Place of Business:**

Defendant, Trust Freight Services, Inc. was and now is a corporation organized and existing under and by virtue of a foreign country, with an office and place of business at 150-30 132nd Avenue – Suite 203, Jamaica, NY 14134.

Defendant, Yang Ming Line was and now is a corporation or other business entity organized and existing under and by virtue of the laws of a foreign country, with an office and place of business at 525 Washington Blvd. – 25th Floor, Jersey City, NJ 07310-1607.

Defendant, PU Harmony Pte. Ltd., was and now is a corporation or other business entity organized and existing under and by virtue of the laws of a foreign country, with an office and place of business in care of is agent, Pan-United Shipping, 33, Tuas Crescent, Singapore.

| | | |
|---|---|---|
| Vessel | : | *M.V. EASLINE TIANJIN, Voy. 192* |
| Bill of Lading No. | : | YXAW169090 |
| Container Nos. | : | YMLU4796693 |
| Port of Loading | : | Tianjin |
| Port of Discharge | : | New York |
| Shipper | : | Dadi Mongolia Garment Co., Ltd. |
| Consignee | : | Endurance LLC |
| Description | : | Men's Cotton Knit Shirts |
| Nature of Damage | : | Lost overboard / damaged contents |
| Amount | : | $138,953.10 |
| M&R File | : | 7-07-7040 ECR |

BADIAK & WILL, LLP
Attorneys for Plaintiffs
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225
Our Ref.: 06-P-017-RB

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

THE TRAVELERS as subrogee of DORSON                  07 CV 3104 (RPP)
INC., and EDDIE BAUER, INC.; THE HARTFORD
INSURANCE CO., as subrogee of CROSS ISLAND
TRADING CO., INC.; GREAT AMERICAN
INSURANCE CO., as subrogee of DO IT BEST CORP.;
and FIREMAN'S FUND INSURANCE COMPANY as
subrogee of TRINITY GLASS INTERNATIONAL, INC.,

                                    Plaintiffs,

                                                              **AMENDED**
                                                              **COMPLAINT**

          -against-

M/V "EASLINE TIANJIN", her engines, boilers, etc.,

          -and-

KAWASAKI KISEN KAISHA, LTD., YANG MING
MARINE TRANSPORT, LTD., PHOENIX
INTERNATIONAL FREIGHT SERVICES, LTD.,
LAUFER FREIGHT LINES, LTD., APL LOGISTICS,
and HYUNDAI MERCHANT MARINE, LTD.,

                                    Defendants.
------------------------------------------------------------------------X

          Plaintiffs, THE TRAVELERS as subrogee of DORSON INC., and EDDIE

BAUER, INC., THE HARTFORD INSURANCE CO., as subrogee of CROSS ISLAND

TRADING CO., INC., GREAT AMERICAN INSURANCE CO., as subrogee of DO IT

BEST CORP., and FIREMAN'S FUND INSURANCE COMPANY as subrogee of

TRINITY GLASS INTERNATIONAL, INC., by their attorneys BADIAK & WILL, LLP, complain of the defendants, upon information and belief, as follows:

1.      This is a case of admiralty and maritime jurisdiction within the meaning of 28 USC § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

2.      At all times hereinafter mentioned, Plaintiffs, as more fully identified in Schedule A annexed hereto and a part hereof, were and now are individual, or corporations, or other business entities, duly organized and existing under and by virtue of the laws of one of the States of the United States or a foreign country, with offices and places of business set forth in the attached Schedule A.

3.      The Plaintiffs were the owners, shippers, consignees and/or notify parties of various shipments of cargo loaded in good order and condition on board the M/V "EASLINE TIANJIN" and carried thereon at the time of the incident hereinafter described, or are the lawful owners or holders of negotiable Bills of Lading covering the various shipments of cargo so laden with a right of recovery for damages sustained to said cargoes, or are underwriters who issued policies of insurance covering losses or damages sustained to various shipments of cargo and by reason of their payments made or to be made are or will be subrogated to the rights of their assureds, all as set forth in more detail in the annexed Schedule C.  Each Plaintiff brings this action on its own behalf and /or as agent and trustee on behalf of all parties who may be or may become interested in said cargo, as their respective interests may appear and make claim as set forth herein.

4.      At and during all the times hereinafter mentioned, defendants were and now are corporations duly organized and existing under and by virtue of the laws of one

of the States of the United States or a foreign nation with offices and places of business as set forth in Schedule B.

5.    On or about July 8, 2006, Plaintiffs' cargoes on board the M/V "EASLINE TIANJIN" were severely damaged or lost or incurred and/or became liable for various expenses including general average and salvage assessments.

6.    The losses sustained by cargo claimants were not caused or contributed to by any fault of the Plaintiffs herein, but were caused and contributed to solely by the fault on the part of the defendants, their agents, servants and employees.

7.    Plaintiffs have duly performed all duties and obligations on their part to be performed.

8.    Defendants received and agreed for certain consideration to transport Plaintiffs' cargoes identified in Schedule C from the ports of loading and/or inland points of origin to specified ports of discharge and/or inland destinations.

9.    Upon information and belief, defendants breached their duties to provide a seaworthy vessel in all respects at the commencement of the voyage, all of which caused or contributed to the aforementioned losses.

10.    As a result of the premises, the defendants failed to redeliver the Plaintiffs' cargoes in the same good order and condition as received by them at the various ports of loading and/or inland points of origin, resulting in damages to the Plaintiffs.

11.    Additionally, as a result of the premises, the Plaintiffs' cargoes became subject to further expenses and damages assessed for salvage and general average expenditures to save the venture from further loss or damage.

12.    By reason of the premises, the defendants breached, failed, and violated their duties and obligations as common carriers and bailees of cargo and were otherwise at fault.

13.    By reason of the premises, the Plaintiffs sustained damages as set forth in Schedule C, as nearly as can now be determined, in the amount of $510,000.00, no part of which has been paid although duly demanded, as well as expenses and damages assessed against said cargoes for salvage and general average.

**WHEREFORE**, Plaintiffs pray:

1.    That process in due form of law according to the practice of this Court may issue against defendants.

2.    That if defendants cannot be found within this District, that all of their property within this District, as shall be described in an affidavit, be attached in the sum set forth in this Complaint, with interest and costs.

3.    That a decree may be entered in favor of Plaintiffs against defendants for the amount of Plaintiffs' damages, together with interest and costs.

4.    That process in due form of law according to the practice of this Court may issue against the aforesaid named vessels.

5.    Plaintiffs further pray for such other, further and different relief as this Court may deem just and proper in the premises.

DATED:    Mineola, New York
          May 7, 2007

Yours, etc.,

BADIAK & WILL, LLP
Attorneys for Plaintiffs
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225
Our Ref.:  06-P-017-RB


By:_____
        ROMAN BADIAK (RB-1130)

## SCHEDULE A – PLAINTIFFS

Plaintiff, THE TRAVELERS, was and still is a stock insurance company, authorized to do business in the State of New York, with an office and place of business located at 100 Baylis Road, Melville, New York 11747.

Plaintiff, HARTFORD FIRE INSURANCE CO., was and still is a stock insurance company, authorized to do business in the State of New York, with an office and place of business located at 2 Park Avenue, New York, New York.

Plaintiff, GREAT AMERICAN INSURANCE CO., was and still is a stock insurance company, authorized to do business in the State of New York, with an office and place of business located at 65 Broadway, New York, New York 10006.

Plaintiff, DORSON SPORTS, INC., was and still is a corporation duly organized and existing under and by virtue of the laws of one of the states of the United States of America with an office and place of business located at 2120 Smithtown Avenue, Ronkonkoma, New York 11779.

Plaintiff, EDDIE BAUER, INC., was and still is a corporation duly organized and existing under and by virtue of the laws of one of the states of the United States of America with an office and place of business located at 15010 N.W. 36th Street, Redmond, Washington 98052.

Plaintiff, CROSS ISLAND TRADING CO., INC., was and still is a corporation duly organized and existing under and by virtue of the laws of one of the states of the United States of America with an office and place of business located at 399 Knollwood Road, White Plains, New York 10603.

Plaintiff, DO IT BEST CORP., was and still is a corporation duly organized and existing under and by virtue of the laws of one of the states of the United States of America with an office and place of business located at 6502 Nelson Road, Fort Wayne, Indiana 46803.

Plaintiff, FIREMAN'S FUND INSURANCE COMPANY, was and still is a stock insurance company, authorized to do business in the State of New York, with an office and place of business located at 1 Chase Manhattan Plaza, New York 10005.

Plaintiff, TRINITY GLASS INTERNATIONAL, INC., was and still is a corporation duly organized and existing under and by virtue of the laws of one of the United States of America with an office and place of business located at 4621 192nd St. East, Tacoma, WA 98446.

## SCHEDULE B – DEFENDANTS

Defendant, KAWASAKI KISEN KAISHA, LTD., was and still is a corporation duly organized and existing under and by virtue of the laws of a foreign nation with an office and place of business located at 8730 Stony Point Parkway, Richmond, VA 23235.

Defendant, YANG MING MARINE TRANSPORT, LTD., was and still is a corporation duly organized and existing under and by virtue of the laws of a foreign nation with an office and place of business located at 525 Washington Blvd., Jersey City, New Jersey 07310.

Defendant, PHOENIX INTERNATIONAL FREIGHT SYSTEMS, LTD., was and still is a corporation duly organized and existing under and by virtue of the laws of one of the states of the United States of America with an office and place of business located at 712 N. Central Avenue, Wood Dale, Illinois 60191.

Defendant, LAUFER FREIGHT LINES, LTD., was and still is a corporation duly organized and existing under and by virtue of the laws of one of the states of the United States of America with an office and place of business located at 20 Vesey Street, New York, New York 10007.

Defendant, APL LOGISTICS, was and still is still is a corporation duly organized and existing under and by virtue of the laws of one of the states of the United States of America with an office and place of business located at 6060 Primacy Parkway, Memphis, Tennessee 38119.

Defendant, HYUNDAI MERCHANT MARINE, LTD., was and still is a corporation duly organized and existing under and by virtue of the laws of a foreign nation with an office and place of business located at 300 Sylvan Avenue, Englewood, New Jersey 07632.

## SCHEDULE C

| | |
|---|---|
| CLAIM NUMBER: | 06-P-017(A)-RB |
| CARRIER: | YANG MING MARINE TRANSPORT, LTD.<br>LAUFER FREIGHT LINES, LTD. |
| MASTER BILLS OF LADING: | YMLUE 235003933 and YMLUE 235003934 |
| HOUSE BILLS OF LADING NOS. | TNJ 06070320 and TJN 06070321 |
| CONTAINER NOS.: | YMLU4811606 and YMLU4945164 |
| CARGO: | 1,320 Cartons Oak Flooring |
| TYPE OF LOSS: | Damage – Total Loss and Non-Delivery |
| CLAIM AMOUNT: | $56,049.84 |
| CARGO UNDERWRITER: | HARTFORD FIRE INSURANCE CO. |
| ASSURED: | CROSS ISLAND TRADING CO., INC. |

| | |
|---|---|
| CLAIM NUMBER: | 06-P-017(B)-RB |
| CARRIER: | KAWASAKI KISEN KAISHA, LTD. |
| MASTER BILL OF LADING NO.: | KKLUTSN 053350 |
| HOUSE BILL OF LADING NO.: | HSN 837221 |
| CONTAINER NO.: | KLFU 1306804 |
| CARGO: | 875 Cartons Nets |
| TYPE OF LOSS: | Non-Delivery |
| CLAIM AMOUNT: | $38,832.00 |
| CARGO UNDERWRITER: | THE TRAVELERS |

ASSURED:                        DORSON SPORTS, INC.

CLAIM NUMBER:                   06-P-017(C)-RB

CARRIER:                        KAWASAKI KISEN KAISHA, LTD.

MASTER BILL OF
LADING NO.:                     KKLUTSN 053348A, B, C & D

CONTAINER NOS.:                 KKFU 1180034, 1456631 and 1643904

CARGO:                          613 Cartons Leather Garments

TYPE OF LOSS:                   Non-Delivery

CLAIM AMOUNT:                   $343,069.51

CARGO UNDERWRITER:              THE TRAVELERS

ASSURED:                        EDDIE BAUER, INC.

---

CLAIM NUMBER:                   06-P-017(D)-RB

CARRIER:                        YANG MING MARINE TRANSPORT, LTD.

MASTER BILL OF
LADING NO.:                     YMLUW 235012895

HOUSE BILL OF
LADING NO.:                     SO 6070023 XG

CONTAINER NOS.:                 MLCU4070967 and YMLU 7631110

CARGO:                          2,052 Cartons Caulking Guns

TYPE OF LOSS:                   Damage

CLAIM AMOUNT:                   $37,869.65

CARGO UNDERWRITER:              GREAT AMERICAN INSURANCE CO.

ASSURED:                        DO IT BEST, INC.

## SCHEDULE C

| | |
|---|---|
| CLAIM NUMBER: | 06-P-017-(E)-RB |
| CARRIER: | HYUNDAI MERCHANT MARINE, LTD. |
| MASTER BILL OF LADING NO.: | HDMUXGWB0110357 |
| CONTAINER NO.: | HDMU2999494 |
| CARGO: | 61 Steel Glass Panels |
| TYPE OF LOSS: | Non-Delivery |
| CLAIM AMOUNT: | $32,848.19 |
| CARGO UNDERWRITER: | FIREMAN'S FUND INSURANCE CO. |

07 CV 3104 (RPP)

## **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                                     )SS.:
COUNTY OF NASSAU    )

    **I, Luz M. Webb**, being duly sworn, deposes and says:

    I am not a party to the within action, am over 18 years of age and reside c/o Badiak & Will, LLP, 106 3rd Street, Mineola, New York 11501-4404. On May 8, 2007, I served the within AMENDED COMPLAINT on:

KAWASAKI KISEN KAISHA, LTD.
8730 Stony Point Parkway
Richmond, Virginia 23235

YANG MING MARINE TRANSPORT, LTD.
525 Washington Blvd.
Jersey City, New Jersey 07310

PHOENIX INTERNATIONAL FREIGHT SYSTEMS, LTD.
712 N. Central Avenue
Wood Dale, Illinois 60191

LAUFER FREIGHT LINES, LTD.
20 Vesey Street
New York, New York 10007

APL LOGISTICS
6060 Primacy Parkway
Memphis, Tennessee 38119

By depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

LUZ M. WEBB

Sworn to before me this
8fr  Day of May, 2007

NOTARY PUBLIC

ROMAN BADIAK
Notary Public, State of New York
No. 4769729
Qualified in Nassau County
Commission Expires May 31, 20 l o

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
INDEMNITY INSURNCE COMPANY OF NORTH          07 CV 959 (RPP)
AMERICA,

                Plaintiffs,          ANSWER TO AMENDED
                                 COMPLAINT WITH
         -against-          AFFIRMATIVE DEFENSES
                                 AND CROSS-CLAIM
C.U. TRANSPORT INC,;CHINA UNITED
TRANSPORT, INC.; JC TRANS LOGISTICS,
INC.; KAWASAKI KISEN KAISHA LTD.; K-LINE;
YANG MING MARINE TRANSPORT CORP; YANG
MING (AMERICA) CORPORATION; M/V "EASLINE
TIANJIN", her engines, tackle, boilers,
etc.

                Defendants.
------------------------------------------X

       Defendants KAWASAKI KISEN KAISHA LTD. and K-LINE
(answering defendants), by their attorneys MAHONEY & KEANE, LLP,
answer the Amended Complaint of plaintiff upon information and
belief as follows:

       FIRST:    Answering defendants deny each and every
allegation contained in paragraphs "1", "3", "5", "6 and "7" of
plaintiff's Amended Complaint.

       SECOND:    Answering defendants deny knowledge or
information sufficient to form a belief as to the allegations
contained in paragraphs "2", "4" and "8" of plaintiff's Amended
Complaint.

AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

       THIRD:    The Amended Complaint fails to state a claim

against answering defendants on which relief can be granted.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTH:  Answering defendants are not liable to plaintiff on the causes of action alleged in the Amended Complaint.

### AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTH:   If there was any loss and/or damage to cargo as alleged in the Amended Complaint it was occasioned by causes for which the answering defendants are exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, et seq.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTH: If this Honorable Court finds that the plaintiff has suffered damages to cargo for which answering defendants are liable, said damages must be limited pursuant to 46 U.S.C.A. 1304 (5).

### AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTH:  If there was any loss of and/or damage to cargo as alleged in the Amended Complaint, answering defendants are not liable to the plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

2

### AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTH:    If there was any loss/and or damage to cargo as alleged in the Amended Complaint, it was occasioned by causes for which the answering defendants are exonerated under the Harter Act, Title 46 U.S.C.A. § 190, et seq.

### AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINTH:    Answering defendants puts plaintiff to its proof of compliance with the provisions for giving of notice· and the commencement of suit as provided for in the aforesaid bill(s) of lading tariffs and other applicable contracts, law and in the United States Carriage of Goods by Sea Act, 1936.

### AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TENTH:    Any loss or damage to the goods, as alleged in the Amended Complaint, that may have occurred while they were in the possession of custody of answering defendants or on board the carrying vessel(s) arose from the conditions of the goods when delivered to answering defendants or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent · or representatives, and answering defendants is not under any liability for any such loss or damage.

3

## AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

ELEVENTH:    (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 1936 and the aforesaid bill(s) of lading.

(B) Accordingly, if the goods sustained  any loss or damage while they were on board the carrying  vessel(s), due to any unseaworthiness of the vessels, which is denied, answering defendants are not under liability therefore.

## AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWELFTH:    Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid bill(s) of lading and the United States Carriage of Goods by Sea Act, 1936 and/or the Doctrine of Laches.

## AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH:    Any damages sustained by plaintiff, as alleged in the Amended Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom answering defendant had and have no direction or control.

AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH:    Plaintiff knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH:    Any injuries that may have been sustained by plaintiff, as alleged in its Amended Complaint, occurred as a direct result of plaintiff's own negligent conduct, and not by any negligence of answering defendants and as such plaintiff is barred from recovery in this action.

AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH:  Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in plaintiff's Amended Complaint, and its recovery, if any, must be diminished in proportion thereto.

AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH:  Plaintiff herein has failed to mitigate its damages.

AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTEENTH:    The forum is inconvenient and the Amended Complaint should be dismissed pursuant to the doctrine of forum non conveniens.

5

AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINETEENTH:    The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. §1404.

AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE

TWENTIETH:    The terms of the bill of lading, tariff and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

AS AND FOR AN NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE

TWENTY-FIRST:    Plaintiff has failed to bring answering defendants within the personal jurisdiction of the Court.

AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SECOND:    This Court lacks personal jurisdiction of the answering defendants.

AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-THIRD:    Plaintiff has failed to make proper service of process upon answering defendants.

AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE.

TWENTY-FOURTH:    This Answer and Cross-Claim is made

6

without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

**AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS**
**C.U. TRANSPORT INC,**
**CHINA UNITED TRANSPORT, INC.**
**JC TRANS LOGISTICS, INC.;**
**YANG MING MARINE TRANSPORT CORP and**
**YANG MING (AMERICA) CORPORATION**

TWENTY-FIFTH:    This is a claim under the Court's Admiralty and Maritime Jurisdiction and under the Court's diversity and pendent jurisdiction.

TWENTY-SIXTH:  That all times mentioned hereafter defendants KAWASAKI KISEN KAISHA LTD. and K-LINE AMERICA, INC. were and are corporations duly organized and existing pursuant to the laws of a foreign country and/or one of the States of the United States.

TWENTY-SEVENTH:  That defendant C.U. TRANSPORT INC. was and is a corporation organized and existing under the laws of a foreign country and/or one of the States of the United States.

TWENTY-EIGHTH: That defendant CHINA UNITED TRANSPORT, INC. was and is a corporation organized and existing under the laws of a foreign country and/or one of the States of United States.

TWENTY-NINTH:  That defendant JC TRANS LOGISTICS, INC.

was and is a corporation organized and existing under the laws of a foreign country and/or one of the States of United States.

THIRTIETH:    That defendant YANG MING MARINE TRANSPORT CORP was and is a corporation organized and existing under the laws of a foreign country and/or one of the States of United States.

THIRTY-FIRST:    That defendant YANG MING (AMERICA) CORPORATION was and is a corporation organized and existing under the laws of a foreign country and/or one of the States of United States.

THIRTY-SECOND:    That if plaintiff suffered any loss and/or damage, which is denied, the loss and/or damage was caused solely by the negligence, breach of contract (express or implied) breach of warranty (express or implied) and/or the fault of the defendants C.U. TRANSPORT INC., CHINA UNITED TRANSPORT, INC.; JC TRANS LOGISTICS, INC., YANG MING MARINE TRANSPORT CORP. and YANG MING (AMERICA) CORPORATION.

THIRTIETH:    That if defendants KAWASAKI KISEN KAISHA LTD. and K-LINE are found responsible for any of the loss and/or damage sustained by plaintiff herein, defendants KAWASAKI KISEN KAISHA LTD. and K-LINE are entitled to indemnification and/or contribution in whole or in part from the co-defendants C.U. TRANSPORT INC., CHINA UNITED TRANSPORT, INC.; JC TRANS LOGISTICS,

8

INC., YANG MING MARINE TRANSPORT CORP. and YANG MING (AMERICA) CORPORATION for said losses and/or damage including costs and reasonable counsel fees.

WHEREFORE, defendants KAWASAKI KISEN KAISHA LTD. and K-LINE demand judgment dismissing the Amended Complaint herein and awarding defendants KAWASAKI KISEN KAISHA LTD. and K-LINE costs, fees, including reasonable attorneys' fees and disbursements of this action, and further demands judgment against the co-defendants C.U. TRANSPORT INC., CHINA UNITED TRANSPORT, INC.; JC TRANS LOGISTICS, INC., YANG MING MARINE TRANSPORT CORP. and YANG MING (AMERICA) CORPORATION for all sums which may be recovered by plaintiff against the defendants KAWASAKI KISEN KAISHA LTD. and K-LINE including costs, fees, including reasonable attorneys' fees and  disbursements of this action and for such other and further relief as to the Court may seems just and proper.

Dated:  New York, N.Y.
        May 21, 2007

                    MAHONEY & KEANE, LLP
                    Attorneys for Defendants
                    KAWASAKI KISEN KAISHA LTD.
                    and K-LINE

            By: _____
                    Garth S. Wolfson (GW 7700)
                    111 Broadway
                    New York, New York 10006
                    (212) 385-1422
                    File 12/3368/B/07/2

9

TO:    DAVID L. MAZAROLI
       Attorney for Plaintiff
       11 Park Place
       New York, NY 10005-2801
       (212) 267-8480

## Answers to Complaints

1:07-cv-00959-RPP Indemnity Insurance Company of North America v. C.U. Transport Inc. et al

ECF

## U.S. District Court

## United States District Court for the Southern District of New York

## Notice of Electronic Filing

The following transaction was entered by Wolfson, Garth on 5/23/2007 at 3:15 PM EDT and filed on 5/23/2007

| | |
|---|---|
| **Case Name:** | Indemnity Insurance Company of North America v. C.U. Transport Inc. et al |
| **Case Number:** | 1:07-cv-959 |
| **Filer:** | Kawasaki Kisen Kaisha Ltd. |
| | K-Line |

**Document Number:** 10

**Docket Text:**
ANSWER to Amended Complaint., CROSSCLAIM against all defendants. Document filed by Kawasaki Kisen Kaisha Ltd., K-Line.(Wolfson, Garth)

**1:07-cv-959 Notice has been electronically mailed to:**

Edward A. Keane    ekeane@mahoneykeane.com

David Louis Mazaroli    dlm@mazarolilaw.com

Stephen H Vengrow    svengrow@cckvt.com

Garth S. Wolfson    gwolfson@mahoneykeane.com

**1:07-cv-959 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=5/23/2007] [FileNumber=3405716-0
] [3964ede4a45c4a3ad603384712a07b7c60b287bc45e8747c948a89f4b3676414494
fce52530a6d1e17963fd5a3042a80fe346c217018b3fcf1927e788167981d]]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
AMERICAN HOME ASSURANCE COMPANY          07 CV 2562 (RPP)
AMERICA, a/s/o LG SOURCING INC.
and a/s/o ENDURANCE, LLC

                  Plaintiffs,          ANSWER TO AMENDED
                                COMPLAINT WITH
       -against-          AFFIRMATIVE DEFENSES
                                AND CROSS-CLAIM
M.V. EASLINE TIANJIN, her engines,
boilers, etc.; KAWASAKI KISEN
KAISHA CO., LTD. d/b/a K-LINE;
TRUST FREIGHT SERVICES; YANG MING
LINES and PU HARMONEY Pte, Ltd. as
Registered Owner,

                  Defendants.
------------------------------------------X

       Defendant KAWASAKI KISEN KAISHA CO., LTD. d/b/a K-LINE

(answering defendant), by its attorneys MAHONEY & KEANE, LLP,

answers the Amended Complaint of plaintiff upon information and

belief as follows:


       FIRST:     Answering defendant denies each and every

allegation contained in paragraphs "FIRST", "SECOND", "FOURTH",

"FIFTH", "SIXTH", "SEVENTH", "NINTH" and "TENTH", of plaintiff's

AMENDED Complaint.


       SECOND:  Answering defendant denies knowledge or

information sufficient to form a belief as to the allegations

contained in paragraphs "THIRD" and "EIGHTH"  of plaintiff's

Amended Complaint.


   <u>AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

THIRD:    The Complaint fails to state a claim against answering defendant on which relief can be granted.

## AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTH:    Answering defendant Is not liable to plaintiff on the causes of action alleged in the Complaint.

## AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTH:    If there was any loss and/or damage to cargo as alleged in the Complaint it was occasioned by causes for which the answering defendants are exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, et seq.

## AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTH: If this Honorable Court finds that the plaintiff has suffered damages to cargo for which answering defendants are liable, said damages must be limited pursuant to 46 U.S.C.A. 1304 (5).

## AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTH:    If there was any loss of and/or damage to cargo as alleged in the Complaint, answering defendants are not liable to the plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

        EIGHTH:    If there was any loss/and or damage to cargo as alleged in the Complaint, it was occasioned by causes for which the answering defendants are exonerated under the Harter Act, Title 46 U.S.C.A. § 190, et seq.

AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

        NINTH:    Answering defendants puts plaintiff to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading tariffs and other applicable contracts, law and in the United States Carriage of Goods by  Sea Act, 1936.

AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

        TENTH:    Any loss or damage to the goods, as alleged in the Complaint, that may have occurred while they were in the possession of custody of answering defendants or on board the carrying vessel(s) arose from the conditions of the goods when delivered to answering defendants or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and answering defendants is not under any liability for any such loss or damage.

3

<u>AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

ELEVENTH:  (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 1936 and the aforesaid bill(s) of lading.

(B) Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessels, which is denied, answering defendants are not under liability therefore.

<u>AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWELFTH:  Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid bill(s) of lading and the United States Carriage of Goods by Sea Act, 1936 and/or the Doctrine of Laches.

<u>AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

THIRTEENTH:  Any damages sustained by plaintiff, as alleged in the Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom answering defendant had and have no direction or control.

<u>AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

FOURTEENTH:    Plaintiff knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH:    Any injuries that may have been sustained by plaintiff, as alleged in its Complaint, occurred as a direct result of plaintiff's own negligent conduct, and not by any negligence of answering defendants and as such plaintiff is barred from recovery in this action.

AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH:    Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in plaintiff's Complaint, and its recovery, if any, must be diminished in proportion thereto.

AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH:    Plaintiff herein has failed to mitigate its damages.

AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTEENTH:    The forum is inconvenient and the Complaint should be dismissed pursuant to the doctrine of forum non conveniens.

<u>AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

NINETEENTH:    The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. §1404.

AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE<br>AFFIRMATIVE DEFENSE

TWENTIETH:    The terms of the bill of lading, tariff and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

<u>AS AND FOR AN NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE<br>DEFENSE</u>

TWENTY-FIRST:    Plaintiff has failed to bring answering defendants within the personal jurisdiction of the Court.

<u>AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-SECOND:    This Court lacks personal jurisdiction of the answering defendants.

<u>AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-THIRD:    Plaintiff has failed to make proper service of process upon answering defendants.

AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE<br>AFFIRMATIVE DEFENSE

TWENTY-FOURTH:    This Answer and Cross-Claim is made

without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

### AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS
### TRUST FREIGHT SERVICES,
### YANG MING LINES
### AND
### PU HARMONEY PTE. LTD. as Registered Owner

TWENTY-FIFTH:   This is a claim under the Court's Admiralty and Maritime Jurisdiction and under the Court's diversity and pendent jurisdiction.

TWENTY-SIXTH: That all times mentioned hereafter defendant KAWASAKI KISEN KAISHA CO., LTD. d/b/a K-LINE was and is a corporation duly organized and existing pursuant to the laws of a foreign country and/or one of the States of the United States.

TWENTY-SEVENTH:   That defendant TRUST FREIGHT SERVICES was and is a corporation organized and existing under the laws of a foreign country and/or one of the States of the United States.

TWENTY-EIGHTH: That defendant YANG MING LINES was and is a corporation organized and existing under the laws of a foreign country and/or one of the States of United States.

TWENTY-NINTH: That defendant PU HARMONY Pte. Ltd., as Registered Owner, was and is a corporation organized and existing under the laws of a foreign country and/or one of the States of

7

United States.

THIRTIETH:    That if plaintiff suffered any loss and/or damage, which is denied, the loss and/or damage was caused solely by the negligence, breach of contract (express or implied) breach of warranty (express or implied) and/or the fault of the defendants TRUST FREIGHT SERVICES, YANG MING LINES and PU HARMONEY PTE. LTD. as Registered Owner.

THIRTY-FIRST:    That if defendant KAWASAKI KISEN KAISHA CO. d/b/a K-LINE is found responsible for any of the loss and/or damage sustained by plaintiff herein, defendant KAWASAKI KISEN KAISHA CO. LTD. d/b/a K-LINE is entitled to indemnification and/or contribution in whole or in part from the defendants TRUST FREIGHT SERVICES, YANG MING LINES and PU HARMONEY PTE. LTD. as Registered Owner for said losses and/or damage including costs and reasonable counsel fees.

WHEREFORE, defendants KAWASAKI KISEN KAISHA CO. LTD. d/b/a K-LINE demand judgment dismissing the Amended Complaint herein and awarding defendant KAWASAKI KISEN KAISHA CO., LTD. d/b/a K-LINE costs, fees, including reasonable attorneys' fees and disbursements of this action, and further demands judgment against the defendants TRUST FREIGHT SERVICES, YANG MING LINES and PU HARMONEY PTE. LTD. for all sums which may be recovered by plaintiff against the defendants KAWASAKI KISEN KAISHA CO., LTD. d/b/a K-LINE

8

including costs, fees, including reasonable attorneys' fees and disbursements of this action and for such other and further relief as to the Court may seems just and proper.

Dated:   New York, N.Y.
         May 7, 2007

                              MAHONEY & KEANE, LLP
                              Attorneys for Defendants
                              KAWASAKI KISEN KAISHA CO., LTD.
                              and K-LINE

                    By: _____
                              Edward A. Keane (EK 1398)
                              111 Broadway
                              New York, New York 10006
                              (212) 385-1422
                              File 12/3368/B/07/2

TO:  McDERMOTT & RADZIK, LLP
     Attorney for Plaintiff
     Wall Street Plaza
     88 Pine Street
     New York, NY 10005
     (212) 376-6400

     CICHANOWICZ, CALLAN, KEANE, VANGROW & TEXTOR LLP
     61 Broadway
     New York, New York
     (212) 344-7042

## Answers to Complaints

1:07-cv-02562-RPP American Home Assurance Company v. M.V. EaslineTianjin et al
ECF, RELATED


### U.S. District Court

### United States District Court for the Southern District of New York

## Notice of Electronic Filing

The following transaction was entered by Keane, Edward on 5/8/2007 at 3:21 PM EDT and filed on
5/8/2007

**Case Name:**        American Home Assurance Company v. M.V. EaslineTianjin et al
**Case Number:**      1:07-cv-2562
**Filer:**            Kawasaki Kisen Kaisha Co., Ltd.
**Document Number:** 8

**Docket Text:**
ANSWER to Amended Complaint., CROSSCLAIM against Yang Ming Lines, Pu Harmony Pte. Ltd.,
Trust Freight Services Inc.. Document filed by Kawasaki Kisen Kaisha Co., Ltd.. Related document: [5]
Amended Complaint, filed by American Home Assurance Company.(Keane, Edward)


**1:07-cv-2562 Notice has been electronically mailed to:**

Edward A. Keane     ekeane@mahoneykeane.com

Edward C. Radzik     eradzik@mcdermottradzik.com

**1:07-cv-2562 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=5/8/2007] [FileNumber=3361401-0]
[61b9b8e7932abcb39effe3c9a755ffdc4585a53c25a7d67692441698265179dd8713
023881f62fd911ecdb5097bfea3ffe5c4c3e308a8e1545fe38facd9098c8]]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
THE TRAVELERS as subrogee of DORSON          07 CV 3104 (RPP)
INC., and EDDIE BAUER, INC., THE
HARTFORD INSURANCE CO., as subrogee
of CROSS ISLAND TRADING CO., INC.,
and GREAT AMERICAN INSURANCE CO., as
subrogee of DO IT BEST CORP.

                Plaintiffs,          ANSWER WITH
                                     AFFIRMATIVE
       -against-                   DEFENSES AND
                                     CROSS-CLAIM
M/V "EASLINE TIANJIN" her engines,
boilers, etc

            - and -

KAWASAKI KISEN KAISHA LTD.;
YANG MING MARINE TRANSPORT, LTD.
PHOENIX INTERNATIONAL SERVICES
LTD., LAUFER FREIGHT LINES, LTD.
and APL LOGISTICS,
                Defendants.
----------------------------------------X

        Defendant KAWASAKI KISEN KAISHA LTD. (answering

defendant), by its attorneys MAHONEY & KEANE, LLP, answers the

Complaint of plaintiffs upon information and belief as follows:


        FIRST:   Answering defendant denies knowledge or

information sufficient to form a belief as to the allegations

contained in paragraphs "1" and "2" of plaintiffs' Complaint.


        SECOND:   Answering defendant denies each and every

allegation contained in paragraphs "3", "4", "5", "6", "7", "8",

"9", "10", "11", "12" and "13" of plaintiffs' Complaint.

AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRD:    The Complaint fails to state a claim against answering defendant on which relief can be granted.

AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTH:    Answering defendant is not liable to plaintiff on the causes of action alleged in the Complaint.

AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTH:    If there was any loss and/or damage to cargo as alleged in the Complaint it was occasioned by causes for which the answering defendant is exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, et seq.

AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTH: If this Honorable Court finds that the plaintiff has suffered damages to cargo for which answering defendant is liable, said damages must be limited pursuant to 46 U.S.C.A. 1304 (5).

AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTH:    If there was any loss of and/or damage to cargo as alleged in the Complaint, answering defendant is not liable to the plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs,

2

special contract, or dock receipt.

AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTH:    If there was any loss/and or damage to cargo as alleged in the Complaint, it was occasioned by causes for which the answering defendant is exonerated under the Harter Act, Title 46 U.S.C.A. § 190, et seq.

AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINTH:    Answering defendant puts plaintiff to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading tariffs and other applicable contracts, law and in the United States Carriage of Goods by Sea Act, 1936.

AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TENTH:    Any loss or damage to the goods, as alleged in the Complaint, that may have occurred while they were in the possession of custody of answering defendant or on board the carrying vessel(s) arose from the conditions of the goods when delivered to answering defendant or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and answering defendant is not under any liability for any such

3

loss or damage.


AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

ELEVENTH:   (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 1936 and the aforesaid bill(s) of lading.

(B) Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessels, which is denied, answering defendant is not under liability therefore.


AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWELFTH:   Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid bill(s) of lading and the United States Carriage of Goods by Sea Act, 1936 and/or the Doctrine of Laches.


AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH:   Any damages sustained by plaintiff, as alleged in the Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom answering defendant had and have no direction or control.

4

AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH:    Plaintiff knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH:    Any injuries that may have been sustained by plaintiff, as alleged in its Complaint, occurred as a direct result of plaintiff's own negligent conduct, and not by any negligence of answering defendant and as such plaintiff is barred from recovery in this action.

AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH:  Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in plaintiff's Complaint, and its recovery, if any, must be diminished in proportion thereto.

AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH:  Plaintiff herein has failed to mitigate its damages.

AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTEENTH:    The forum is inconvenient and the Complaint should be dismissed pursuant to the doctrine of forum non conveniens.

AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINETEENTH:    The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. §1404.

AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE

TWENTIETH:    The terms of the bill of lading, tariff and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

AS AND FOR AN NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE

TWENTY-FIRST:    Plaintiff has failed to bring answering defendant within the personal jurisdiction of the Court.

AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SECOND: This Court lacks personal jurisdiction of the answering defendant.

AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-THIRD: Plaintiff has failed to make proper service of process upon answering defendant.

AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE

TWENTY-FOURTH:    This Answer and Cross-Claim is made

6

without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

### AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS
### YANG MING MARINE TRANSPORT, LTD.
### PHOENIX INTERNATIONAL SERVICES LTD.,
### LAUFER FREIGHT LINES, LTD.
### and
### APL LOGISTICS

TWENTY-FIFTH:    This is a claim under the Court's Admiralty and Maritime Jurisdiction and under the Court's diversity and pendent jurisdiction.

TWENTY-SIXTH: That all times mentioned hereafter defendant KAWASAKI KISEN KAISHA LTD. was and is a corporation duly organized and existing pursuant to the laws of a foreign country and/or one of the States of the United States.

TWENTY-SEVENTH:    That defendant YANG MING MARINE TRANSPORT LTD. was and is a corporation organized and existing under the laws of a foreign country and/or one of the States of the United States.

TWENTY-EIGHTH: That defendant PHOENIX INTERNATIONAL FREIGHT SERVICES, LTD. was and is a corporation organized and existing under the laws of a foreign country and/or one of the States of United States.

TWENTY-NINTH:  That defendant LAUFER FRIEGHT LINES, LTD. was and is a corporation organized and existing under the laws of a foreign country and/or one of the States of United States.

THIRTIETH:   That defendant APL LOGIESTICS was and is a corporation organized and existing under the laws of a foreign country and/or one of the States of United States.

THIRTY-FIRST:   That if plaintiff suffered any loss and/or damage, which is denied, the loss and/or damage was caused solely by the negligence, breach of contract (express or implied) breach of warranty (express or implied) and/or the fault of the defendants YANG MING MARINE TRANSPORT, LTD. PHOENIX INTERNATIONAL SERVICES LTD., LAUFER FREIGHT LINES, LTD., and APL LOGISTICS.

THIRTY-SECOND:  That if defendant KAWASAKI KISEN KAISHA LTD. is found responsible for any of the loss and/or damage sustained by plaintiff herein, defendant KAWASAKI KISEN KAISHA LTD. is entitled to indemnification and/or contribution in whole or in part from the co-defendants YANG MING MARINE TRANSPORT, LTD., PHOENIX INTERNATIONAL SERVICES LTD., LAUFER FREIGHT LINES, LTD., and APL LOGISTICS for said losses and/or damage including costs and reasonable counsel fees.

WHEREFORE, defendant KAWASAKI KISEN KAISHA LTD. demands judgment dismissing the Complaint herein and awarding defendant

8

KAWASAKI KISEN KAISHA LTD. costs, fees, including reasonable attorneys' fees and disbursements of this action, and further demands judgment against the co-defendants YANG MING MARINE TRANSPORT, LTD., PHOENIX INTERNATIONAL SERVICES LTD., LAUFER FREIGHT LINES, LTD., and APL LOGISTICS for all sums which may be recovered by plaintiff against the defendants KAWASAKI KISEN KAISHA LTD. including costs, fees, including reasonable attorneys' fees and disbursements of this action and for such other and further relief as to the Court may seems just and proper.

Dated:  New York, N.Y.
        May 8, 2007

                              MAHONEY & KEANE, LLP
                              Attorneys for Defendants
                              KAWASAKI KISEN KAISHA LTD.
                              and K-LINE


                By:           _____
                              Edward A. Keane (EK 1398)
                              111 Broadway
                              New York, New York 10006
                              (212) 385-1422
                              File 12/3368/B/07/2


TO:  BADIAK & WILL, LLP
     Attorney for Plaintiffs
     106 Third Street
     Mineola, NY 11501-4404
     (516) 877-2225

9

## Answers to Complaints

1:07-cv-03104-RPP The Travelers et al v. M/V Easline Tianjin et al
ECF, RELATED

### U.S. District Court

### United States District Court for the Southern District of New York

## Notice of Electronic Filing

The following transaction was entered by Keane, Edward on 5/11/2007 at 1:29 PM EDT and filed on 5/11/2007

**Case Name:**          The Travelers et al v. M/V Easline Tianjin et al
**Case Number:**        1:07-cv-3104
**Filer:**              Kawasaki Kisen Kaisha, Ltd.
**Document Number:** 11

**Docket Text:**
ANSWER to Complaint., CROSSCLAIM against all defendants. Document filed by Kawasaki Kisen Kaisha, Ltd..(Keane, Edward)

**1:07-cv-3104 Notice has been electronically mailed to:**

Roman Badiak     rbadiak@badiakwill.com, rbadiak@badiakwill.com

Edward A. Keane     ekeane@mahoneykeane.com

**1:07-cv-3104 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=5/11/2007] [FileNumber=3373281-0
] [7aeb441aa3d9f1e23c53e70d7e89a3ca4c5882453b0830e09d39a85d5e4c18ecbf3
867483a2b9a99c14afc9e41334909226ae49147bcd7f7706b95d90cbe798a]]

# COMBINED TRANSPORT BILL OF LADING

## COPY

**BL Number** KKLUT8N053449

**EXPORT REFERENCES**

BKQ# =

**FORWARDING AGENT REFERENCES**    FMC#    CHB#

BEIJING APC INTERNATIONAL AIR & SEA
FREIGHT FORWARDING CO.,LTD.
TIANJIN BRANCH,ROOM 2005,ASIA
PACIFIC TOWER NO.33 NANJING
ROAD,TIANJIN CHINA TEL;23022088
FAX:23024788
S1757

CONE
SOLEX EXPRESS INC.
154-09 146TH AVENUE/SUITE 302
JAMAICA NEW YORK 11434 USA
TEL:718-276-4403 FAX:718-276-5803

**POINT AND COUNTRY OF ORIGIN**

N PARTY
SOLEX EXPRESS INC.
154-09 146TH AVENUE/SUITE 302
JAMAICA,NEW YORK 11434 USA
TEL:718-276-4403 FAX:718-276-5803

| CARRIAGE | PLACE OF RECEIPT XINGANG, CN | CY |
|---|---|---|
| SEL/VOYAGE 9LINE TIANJIN | V. 192 PORT OF LOADING XINGANG, CN | |
| T OF DISCHARGE ZABETH, NJ | PLACE OF DELIVERY NEW YORK, NY, US | CY |

## PARTICULARS FURNISHED BY SHIPPER

| TAINER & SEAL NO. | NO. OF PKHS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| XLU3643248  DA30292 | | | | |
| /Y2615/05 U120023 008 | | [670 CTNS] SULFURIC ACID (H2SO4) UN NO 2795 CLASS:9 YUASA BATTERIES SHIPPER ADVISES SHIPMENT CONTAINS NO SOLID WOODEN PACKING MATERIAL. | 14,740 KGS | 20 M3 |
| | | SHIPPERS LOAD AND COUNT  Receipt:CY  Delivery:CY | 14,740 KGS | 20 M3 |

| CLARED VALUE | FREIGHT ENTERS A VALUE, THE AD VALOREM RATE WILL BE CHARGED (SEE CLAUSE 24) | | | |
|---|---|---|---|---|
| EIGHT AND CHARGES | REV. BASIS | RATE/RAY | PREPAID | COLLECT |

| ATE X RATE | | PAYABLE AT | PLACE & DATE OF ISSUE |
|---|---|---|---|
| | ONE (1) | PREPAID AT | TIANJIN/XINGANG |

KAWASAKI KISEN KAISHA, LTD, AND ITS OTHER GROUP
AND ON BEHALF OF THE VESSEL, HER OWNER,
OPERATORS AND CHARTERERS

## NON-NEGOTIABLE(COPY)

BY

Number of Original Bill of Lading:    ONE (1)

11-JUL-2006 16:57   FROM CYNICA ENTERPRISE CO.,LTD        TO 8071554200203       P.34
FROM :HAILIDECORATION CO LTD        FAX NO. :8622688685075        Jul. 11 2006 16:36   P5

TIANJIN HAILI DECORATION CO., LTD
NO.6 ZHENHUA ROAD TIEDE TIANJIN
CHINA.
TELEPHONE NO. 022-58685733

K&K SOURCING, INC.
1601 CURRIE BRIDGE ROAD
WILKESBORO,NC 28697 USA
ATTN:ROBERT W. OLSEN-IMPORT
MANAGER
TEL:336-258-4631

UPS SUPPLY CHAIN SOLUTIONS
7001 CHATHAM CENTER DRIVE, SUITE
100,
LIBERTY BUILDING, SAVANNAH, GA 31405
FAX:912-292-4869 OR 912-236-8941

**K LINE**

**WAYBILL**

**NON-NEGOTIABLE**

T-08866 (3/4)

# UPS-SCS
SAVANNAH

JUL 18 2006

FREIGHT COLLECT

WAYBILL NO    NEGOTIABLE

KKLUTSN053348A    COPY

| SHIPPER | EXPORT REFERENCES |
|---|---|
| ECMS O/B NASIGN COMPANY LIMITED. 91-18 KUNJA-DONG,KWANG JIN-KU SEOUL KOREA TEL:02-460-2752 | BKG# = 299 |
| 14372 | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES    FMC#-    CHB#- |
|---|---|
| EDDIE BAUER INC 15010 N.E. 36TH STREET REDMOND, WA 98052 USA TEL: 425-755-6100 | |
| | POINT AND COUNTRY OF ORIGIN |

| NOTIFY PARTY | |
|---|---|
| EXPEDITORS INTERNATIONAL OF WASHINGTON INC. 19119-16TH AVENUE SOUTH SEATAC,WA 98188 TEL: 206-826-4133 FAX: 206-835-1419 CTC: MACHEAL GAMBLE | In consideration of Carrier's acceptance of Containers or packages, the Shipper (on its own behalf and on behalf of all persons included in the definition of "Merchant" contained in the "K" Line Combined Transport Bill of Lading) agrees that all terms on the face and back hereof apply. |

| PRE-CARRIAGE | PLACE OF RECEIPT | | |
|---|---|---|---|
| | XINGANG,,CN | CY | |
| VESSEL/VOYAGE    V. 192 | PORT OF LOADING | | |
| EASLINE TIANJIN | XINGANG,,CN | | |
| PORT OF DISCHARGE | PLACE OF DELIVERY | | FINAL DESTINATION (FOR MERCHANT'S REFERENCE ONLY) SEE CLAUSE 7(2) |
| SEATTLE,WA,US | COLUMBUS,OH,US | DOOR | |

**PARTICULARS FURNISHED BY SHIPPER**    PAGE 1 OF 2

| CONTAINER & SEAL NO. | NO. OF PKGS. | HM | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|---|
| KKFU1180034    DA29934 KKFU1456631    DA29935 | | | (299 CTNS) LEATHER GARMENTS 1/3 PART OF CARGO IN KKFU1180034SHIPPER ADVISES SHIPMENT CONTAINS NO SWPM | 4,181.5 KGS | 90.190 M3 |
| | | | | 4,181.5 KGS | 90.190 M3 |
| | | | SHIPPERS LOAD AND COUNT Receipt:CY Delivery:DOOR | | |
| | | | MERCHANT SPECIFICALLY AGREES THAT ITS ATTENTION HAS BEEN DRAWN TO AND THAT IT HAS ACCEPTED THE "K" LINE COMBINED TRANSPORT BILL OF LADING ( "CARRIER'S B/L"), CARRIER'S APPLICABLE TARIFF(S), AND THE CMI UNIFORM RULES FOR SEA WAYBILLS AS REFERRED TO IN AND INCORPORATED HEREIN BY CLAUSE 1 ON THE REVERSE HEREOF | | |

These Commodities,Technologies or Software were Exported from the United States in Accordance with Export Administration Regulations. Diversion Contrary to U.S. Law Prohibited.

DECLARED VALUE $    IF SHIPPER ENTERS A VALUE, THE AD VALOREM RATE WILL BE CHARGED (SEE CLAUSE 24).

| FREIGHT AND CHARGES | REV. BASIS | RATE/PER | PREPAID | COLLECT |
|---|---|---|---|---|
| OCEAN FRT() | 2 | USD3,855/P40 | | USD7,710.00 |
| FAF | 2 | USD680/P40 | | USD1,360.00 |
| LOAD PORT ISPS SEC | 2 | USD6/P40 | | USD12.00 |
| INLAND FUEL CHARGE | 2 | USD50/P40 | | USD100.00 |
| THC | 2 | CNY560/P40 | CNY1,120.00 | |
| DOC FEE | 1 | CNY115/BL | CNY115.00 | |
| CARGO DECLARATION | 1 | USD25/BL | | USD25.00 |
| | | FREIGHT COLLECT TOTAL | CNY1,235.00 | USD9,207.00 |

| DATE | | PAYABLE AT | PLACE & DATE OF ISSUE |
|---|---|---|---|
| EX RATE 07-Jul-06 USD0.1251(CNY) | ZERO(0) | COLUMBUS | TIANJINXINGANG |
| | | PREPAID AT TIANJINXINGANG | KAWASAKI KISEN KAISHA, LTD. ON ITS OWN BEHALF AND ON BEHALF OF THE VESSEL, HER OWNERS, OPERATORS AND CHARTERERS. |

RECEIVED by Carrier from the Shipper on the terms hereof the total number of Containers or packages said to contain Goods enumerated below in the box marked "Total No. of Containers or Packages (in words)" in apparent good order and condition (unless otherwise indicated herein) for Carriage from the Place of Receipt or the Port of Loading to the Port of Discharge or the Place of Delivery.This Waybill supersedes any prior arrangements, representations or representations by Carrier, its agent or any other person, save for service contracts between the parties, and where applicable valid under the United States Shipping Act.

By    **NON-NEGOTIABLE(COPY)**

Total No. of Containers or Packages (in words):**TWO(2) CONTAINER(S) ONLY**

FORM KL062(6/3)

"K"Line America, Inc., as Agents for Carrier Kawasaki Kisen Kaisha, Ltd.

WAYBILL NC  NEGOTIABLE
COPY

| SHIPPER | Waybill Number |
|---|---|
| ECMS O/B NASIGN COMPANY LIMITED.<br>91-18 KUNJA-DONG,KWANG JIN-KU SEOUL<br>KOREA TEL:02-460-2752 | KKLUTSN053348A |

EXPORT REFERENCES

BKG#  =

14372

| CONSIGNEE | FORWARDING AGENT-REFERENCES   FMC#-      CHB#- |
|---|---|
| EDDIE BAUER INC<br>15010 N.E. 36TH STREET REDMOND, WA<br>98052 USA TEL: 425-755-6100 | |

POINT AND COUNTRY OF ORIGIN

| NOTIFY PARTY |
|---|
| EXPEDITORS INTERNATIONAL OF WASHING<br>TON INC.<br>19119-16TH AVENUE SOUTH SEATAC,WA<br>98188 TEL: 206-826-4133 FAX:<br>206-835-1419  CTC: MACHEAL GAMBLE |

| PRE-CARRIAGE | PLACE OF RECEIPT<br>XINGANG,,CN           CY | In consideration of Carrier's acceptance of Containers or packages, the Shipper (on its own behalf and on behalf of all persons included in the definition of "Merchant" contained in the "K" Line Combined Transport Bill of Lading) agrees that all terms on the face and back hereof apply. |
|---|---|---|
| VESSEL/VOYAGE        V. 192<br>EASLINE TIANJIN | PORT OF LOADING<br>XINGANG,,CN | |
| PORT OF DISCHARGE<br>SEATTLE,WA,US | PLACE OF DELIVERY<br>COLUMBUS,OH,US        DOOR | FINAL DESTINATION (FOR MERCHANT'S REFERENCE ONLY) SEE CLAUSE 7(2) |

| PARTICULARS FURNISHED BY SHIPPER | | | | PAGE 2 OF 2 | |
|---|---|---|---|---|---|
| CONTAINER & SEAL NO. | NO. OF PKGS. | HM | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
| FRONT<br>SKU LABEL<br>PO#<br>Q'TY:<br>RETAIL VENDOR PRE-TICKETED<br>Y N<br>D.F.S.<br>USE ONLY<br>SIDE<br>COUNTRY OF ORIGIN: CHINA<br>DIMENSION: "X "X "X<br>FROM:NASIGN CO.,LTD<br>91-18 JUNJA-DONG,KWANG JIN-KU<br>SEOUL,KOREA 02061<br>TO: USA<br>EDDIE BAUER,INC.<br>CATALOG FULFILLMENT CTR<br>6755 PORT ROAD<br>GROVEPORT, OH 43125 | | | | | |

| DATE<br>EX RATE<br>07-Jul-06<br>USD0.1251(CNY) | ZERO(0) | PAYABLE AT<br>COLUMBUS | PLACE & DATE OF ISSUE<br><br>          TIANJINXINGANG |
|---|---|---|---|
| | | PREPAID AT<br>TIANJINXINGANG | KAWASAKI KISEN KAISHA, LTD. ON ITS OWN BEHALF<br>AND ON BEHALF OF THE VESSEL, HER OWNERS,<br>OPERATORS AND CHARTERERS. |

RECEIVED by Carrier from the Shipper on the terms hereof the total number of Containers or packages said to contain Goods enumerated below in the box marked "Total No. of Containers or Packages (in words)" in apparent good order and condition (unless otherwise indicated herein) for Carriage from the Place of Receipt or the Port of Loading to the Port of Discharge or the Place of Delivery. This Waybill supersedes any prior arrangements, agreements or representations by Carrier, its agent or any other person, save for service contracts between the parties, and where applicable valid under the United States Shipping Act.

By  NON-NEGOTIABLE(COPY)

Total No. of Containers or Packages (in words):TWO(2) CONTAINER(S) ONLY

"K"Line America, Inc., as Agents for
Carrier Kawasaki Kisen Kaisha, Ltd.

FORM KL062(8/3)

WAYBILL NO. NEGOTIABLE
**COPY**

| SHIPPER | Waybill Number |
|---|---|
| ECMS O/B NASIGN COMPANY LIMITED.<br>91-18 KUNJA-DONG,KWANG JIN-KU SEOUL<br>KOREA TEL:02-460-2752 | KKLUTSN053348B<br>EXPORT REFERENCES |

BKG# =                         49

14372

| CONSIGNEE | FORWARDING AGENT-REFERENCES    FMC#-        CHB#- |
|---|---|
| EDDIE BAUER INC<br>15010 N.E. 36TH STREET REDMOND, WA<br>98052 USA TEL: 425-755-6100 | |

POINT AND COUNTRY OF ORIGIN

| NOTIFY PARTY |
|---|
| EXPEDITORS INTERNATIONAL OF WASHING<br>TON INC.<br>19119-16TH AVENUE SOUTH SEATAC,WA<br>98188 TEL: 206-826-4133 FAX:<br>206-835-1419 CTC: MACHEAL GAMBLE |

| PRE-CARRIAGE | PLACE OF RECEIPT<br>XINGANG,,CN          CY | In consideration of Carrier's acceptance of Containers or packages, the Shipper (on its own behalf and on behalf of all persons included in the definition of "Merchant" contained in the "K" Line Combined Transport Bill of Lading) agrees that all terms on the face and back hereof apply. |
|---|---|---|
| VESSEL/VOYAGE        V. 192<br>EASLINE TIANJIN | PORT OF LOADING<br>XINGANG,,CN | |
| PORT OF DISCHARGE<br>SEATTLE,WA,US | PLACE OF DELIVERY<br>COLUMBUS,OH,US        DOOR | FINAL DESTINATION (FOR MERCHANT'S REFERENCE ONLY) SEE CLAUSE 7(2) |

**PARTICULARS FURNISHED BY SHIPPER**                                    PAGE 1 OF 2

| CONTAINER & SEAL NO. | NO. OF PKGS.   HM   DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|
| KKFU1180034    DA29934 | | | |
| | (49 CTNS)<br>LEATHER GARMENTS<br>1/3 PART OF CARGO IN<br>KKFU1180034SHIPPER ADVISES SHIPMENT<br>CONTAINS NO SWPM | 1,020 KGS | 7.520 M3 |
| | SHIPPERS LOAD AND COUNT<br><br>Receipt:CY<br>Delivery:DOOR | 1,020 KGS | 7.520 M3 |
| | MERCHANT SPECIFICALLY AGREES THAT ITS ATTENTION HAS BEEN DRAWN TO AND THAT IT HAS ACCEPTED THE "K" LINE COMBINED TRANSPORT BILL OF LADING ("CARRIER'S B/L"), CARRIER'S APPLICABLE TARIFF(S), AND THE CMI UNIFORM RULES FOR SEA WAYBILLS AS REFERRED TO IN AND INCORPORATED HEREIN BY CLAUSE 1 ON THE REVERSE HEREOF | | |

These Commodities,Technologies or Software were Exported from the United States in Accordance with Export Administration Regulations. Diversion Contrary to U.S. Law Prohibited.

DECLARED VALUE $                    IF SHIPPER ENTERS A VALUE, THE AD VALOREM RATE WILL BE CHARGED (SEE CLAUSE 24).

| FREIGHT AND CHARGES<br>FREIGHT COVERED BY B/L NO.KKLUTSN053348A | REV. BASIS | RATE/PER | PREPAID | COLLECT |
|---|---|---|---|---|
| DOC FEE | 1 | CNY115/BL | CNY115.00 | |
| CARGO DECLARATION | 1 | USD25/BL | | USD25.00 |
| | | TOTAL | CNY115.00 | USD25.00 |

| DATE<br>EX RATE<br>07-Jul-06<br>USD0.1251(CNY) | ZERO(0) | PAYABLE AT<br>COLUMBUS | PLACE & DATE OF ISSUE<br>**TIANJINXINGANG** |
|---|---|---|---|
| | | PREPAID AT<br>TIANJINXINGANG | KAWASAKI KISEN KAISHA, LTD. ON ITS OWN BEHALF<br>AND ON BEHALF OF THE VESSEL, HER OWNERS,<br>OPERATORS AND CHARTERERS. |

RECEIVED by Carrier from the Shipper on the terms hereof the total number of Containers or packages said to contain Goods enumerated below in the box marked "Total No. of Containers or Packages (in words)" in apparent good order and condition (unless otherwise indicated herein) for Carriage from the Place of Receipt or the Port of Loading to the Port of Discharge or the Place of Delivery.This Waybill supersedes any prior arrangements, agreements or representations by Carrier, its agent or any person, save for service contracts between the parties, and where applicable valid under the United States Shipping Act.

**NON-NEGOTIABLE(COPY)**

By _____

Total No. of Containers or Packages (in words):ONE(1) CONTAINER(S) ONLY

FORM KL052(6/3)

"K"Line America, Inc., as Agents for
Carrier Kawasaki Kisen Kaisha, Ltd.

SHIPPER
KKLUTSN053348B

ECMS O/B NASIGN COMPANY LIMITED.
91-18 KUNJA-DONG,KWANG JIN-KU SEOUL
KOREA TEL:02-460-2752

EXPORT REFERENCES

BKG# =

14372

CONSIGNEE
EDDIE BAUER INC
15010 N.E. 36TH STREET REDMOND, WA
98052 USA TEL: 425-755-6100

FORWARDING AGENT-REFERENCES    FMC#-    CHB#-

POINT AND COUNTRY OF ORIGIN

NOTIFY PARTY
EXPEDITORS INTERNATIONAL OF WASHING
TON INC.
19119-16TH AVENUE SOUTH SEATAC,WA
98188 TEL: 206-826-4133 FAX:
206-835-1419 CTC: MACHEAL GAMBLE

| PRE-CARRIAGE | PLACE OF RECEIPT XINGANG,,CN | CY | In consideration of Carrier's acceptance of Containers or packages, the Shipper (on its own behalf and on behalf of all persons included in the definition of "Merchant" contained in the "K" Line Combined Transport Bill of Lading) agrees that all terms on the face and back hereof apply. |
| VESSEL/VOYAGE V. 192 EASLINE TIANJIN | PORT OF LOADING XINGANG,,CN | | |
| PORT OF DISCHARGE SEATTLE,WA,US | PLACE OF DELIVERY COLUMBUS,OH,US | DOOR | FINAL DESTINATION (FOR MERCHANT'S REFERENCE ONLY) SEE CLAUSE 7(2) |

PARTICULARS FURNISHED BY SHIPPER                                    PAGE 2 OF 2

| CONTAINER & SEAL NO. | NO. OF PKGS. | HM DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
| --- | --- | --- | --- | --- |
| FRONT SKU LABEL PO# Q'TY: RETAIL VENDOR PRE-TICKETED Y N D.F.S. USE ONLY SIDE COUNTRY OF ORIGIN: CHINA DIMENSION: "X "X "X FROM:NASIGN CO.,LTD 91-18 JUNJA-DONG,KWANG JIN-KU SEOUL,KOREA 02061 TO: USA EDDIE BAUER,INC. CATALOG FULFILLMENT CTR 6755 PORT ROAD GROVEPORT, OH 43125 | | | | |

| DATE EX RATE 07-Jul-06 USD0.1251(CNY) | ZERO(0) | PAYABLE AT COLUMBUS | PLACE & DATE OF ISSUE TIANJINXINGANG KAWASAKI KISEN KAISHA, LTD. ON ITS OWN BEHALF AND ON BEHALF OF THE VESSEL, HER OWNERS, OPERATORS AND CHARTERERS. |
| | | PREPAID AT TIANJINXINGANG | |

RECEIVED by Carrier from the Shipper on the terms hereof the total number of Containers or packages said to contain Goods enumerated below in the box marked "Total No. of Containers or Packages (in words)" in apparent good order and condition (unless otherwise indicated herein) for Carriage from the Place of Receipt or the Port of Loading to the Port of Discharge or the Place of Delivery.This Waybill supersedes any prior arrangements, agreements or representations by Carrier, its agent or any other person, save for service contracts between the parties, and where applicable valid under the United States Shipping Act.

By    NON-NEGOTIABLE(COPY)
----------------------------------

Total No. of Containers or Packages (in words):ONE(1) CONTAINER(S) ONLY
FORM KL062(5/3)

"K"Line America, Inc., as Agents for
Carrier Kawasaki Kisen Kaisha, Ltd.

WAYBILL - NON-NEGOTIABLE

| SHIPPER | Waybill Number |
|---|---|
| ECMS O/B FOWNES BROS. & CO.,INC.<br>16 EAST 34 STREET 5 FLOOR NEW YORK,<br>N.Y. 10016 | KKLUTSN053348C |

**COPY**

EXPORT REFERENCES

BKG# =

14372

| CONSIGNEE | FORWARDING AGENT-REFERENCES    FMC#-    CHB#- |
|---|---|
| EDDIE BAUER INC<br>15010 N.E. 36TH STREET REDMOND, WA<br>98052 USA TEL: 425-755-6100 | |

| NOTIFY PARTY | POINT AND COUNTRY OF ORIGIN |
|---|---|
| EXPEDITORS INTERNATIONAL OF WASHING<br>TON INC.<br>19119-16TH AVENUE SOUTH SEATAC,WA<br>98188 TEL: 206-826-4133 FAX:<br>206-835-1419 CTC: MACHEAL GAMBLE | |

| PRE-CARRIAGE | PLACE OF RECEIPT<br>XINGANG,,CN                CY | In consideration of Carrier's acceptance of Containers or packages, the Shipper (on its own behalf and on behalf of all persons included in the definition of "Merchant" contained in the "K" Line Combined Transport Bill of Lading) agrees that all terms on the face and back hereof apply. |
|---|---|---|
| VESSEL/VOYAGE    V. 192<br>EASLINE TIANJIN | PORT OF LOADING<br>XINGANG,,CN | |
| PORT OF DISCHARGE<br>SEATTLE,WA,US | PLACE OF DELIVERY<br>COLUMBUS,OH,US            DOOR | FINAL DESTINATION (FOR MERCHANT'S REFERENCE ONLY) SEE CLAUSE 7(2) |

PARTICULARS FURNISHED BY SHIPPER                                                    PAGE 1 OF 2

| CONTAINER & SEAL NO. | NO. OF PKGS. | HM  DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| KKFU1180034    DA29934 | | (7 CTNS)<br>100% MERINO WOOL WOVEN SCARF<br>1/3 PART OF CARGO IN<br>KKFU1180034SHIPPER ADVISES SHIPMENT<br>CONTAINS NO SWPM | 63 KGS | .030 M3 |
| | | | 63 KGS | .030 M3 |
| | | SHIPPERS LOAD AND COUNT<br><br>Receipt:CY<br>Delivery:DOOR | | |
| | | MERCHANT SPECIFICALLY AGREES THAT ITS ATTENTION HAS BEEN DRAWN TO AND THAT IT HAS ACCEPTED THE "K" LINE COMBINED TRANSPORT BILL OF LADING ("CARRIER'S B/L"), CARRIER'S APPLICABLE TARIFF(S), AND THE CMI UNIFORM RULES FOR SEA WAYBILLS AS REFERRED TO IN AND INCORPORATED HEREIN BY CLAUSE 1 ON THE REVERSE HEREOF | | |

These Commodities,Technologies or Software were Exported from the United States in Accordance with Export Administration Regulations. Diversion Contrary to U.S. Law Prohibited.

| DECLARED VALUE $ | IF SHIPPER ENTERS A VALUE, THE AD VALOREM RATE WILL BE CHARGED (SEE CLAUSE 24). | | | |
|---|---|---|---|---|
| FREIGHT AND CHARGES | REV. BASIS | RATE/PER | PREPAID | COLLECT |
| FREIGHT COVERED BY B/L NO.KKLUTSN053348A | | | | |
| DOC FEE | 1 | CNY115/BL | CNY115.00 | |
| CARGO DECLARATION | 1 | USD25/BL | | USD25.00 |
| | | TOTAL | CNY115.00 | USD25.00 |

| DATE<br>EX RATE<br>07-Jul-06<br>USD0.1251(CNY) | ZERO(0) | PAYABLE AT<br>COLUMBUS | PLACE & DATE OF ISSUE<br><br>TIANJINXINGANG |
|---|---|---|---|
| | | PREPAID AT<br>TIANJINXINGANG | KAWASAKI KISEN KAISHA, LTD. ON ITS OWN BEHALF<br>AND ON BEHALF OF THE VESSEL, HER OWNERS,<br>OPERATORS AND CHARTERERS. |

NON-NEGOTIABLE(COPY)

By

RECEIVED by Carrier from the Shipper on the terms hereof the total number of Containers or packages said to contain Goods enumerated below in the box marked "Total No. of Containers or Packages (in words)" in apparent good order and condition (unless otherwise indicated herein) for Carriage from the Place of Receipt or the Port of Loading to the Port of Discharge or the Place of Delivery.This Waybill supersedes any prior arrangements, agreements or representations by Carrier, its agent or any other person, save for service contracts between the parties, and where applicable valid under the United States Shipping Act.

Total No. of Containers or Packages (in words):ONE(1) CONTAINER(S) ONLY
FORM KL062(6/3)

"K"Line America, Inc., as Agents for
Carrier Kawasaki Kisen Kaisha, Ltd.

SHIPPER

WAYBILL / NON-NEGOTIABLE

Waybill Number
KKLUTSN053348C

**COPY**

ECMS O/B FOWNES BROS. & CO.,INC.
16 EAST 34 STREET 5 FLOOR NEW YORK,
N.Y. 10016

EXPORT REFERENCES

BKG# =

14372

CONSIGNEE

EDDIE BAUER INC
15010 N.E. 36TH STREET REDMOND, WA
98052 USA TEL: 425-755-6100

FORWARDING AGENT-REFERENCES    FMC#-    CHB#-

POINT AND COUNTRY OF ORIGIN

NOTIFY PARTY

EXPEDITORS INTERNATIONAL OF WASHING
TON INC.
19119-16TH AVENUE SOUTH SEATAC,WA
98188 TEL: 206-826-4133 FAX:
206-835-1419 CTC: MACHEAL GAMBLE

| PRE-CARRIAGE | PLACE OF RECEIPT XINGANG,,CN | CY |
| VESSEL/VOYAGE    V. 192 EASLINE TIANJIN | PORT OF LOADING XINGANG,,CN | |
| PORT OF DISCHARGE SEATTLE,WA,US | PLACE OF DELIVERY COLUMBUS,OH,US | DOOR |

In consideration of Carrier's acceptance of Containers or packages, the Shipper (on its own behalf and on behalf of all persons included in the definition of "Merchant" contained in the "K" Line Combined Transport Bill of Lading) agrees that all terms on the face and back hereof apply.

FINAL DESTINATION (FOR MERCHANT'S REFERENCE ONLY) SEE CLAUSE 7(2)

**PARTICULARS FURNISHED BY SHIPPER**

| CONTAINER & SEAL NO. | NO. OF PKGS. | HM  DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | PAGE 2 OF 2 MEASUREMENT |
|---|---|---|---|---|
| SHIP FROM: SHIP TO: COUNTRY OF ORIGIN: DIMENSION: OF PO#: QTY: RETAIL VENDOR PRE-TICKETED | | | | |

| DATE EX RATE 07-Jul-06 USD0.1251(CNY) | ZERO(0) | PAYABLE AT COLUMBUS | PLACE & DATE OF ISSUE |
| | | PREPAID AT TIANJINXINGANG | **TIANJINXINGANG** KAWASAKI KISEN KAISHA, LTD. ON ITS OWN BEHALF AND ON BEHALF OF THE VESSEL, HER OWNERS, OPERATORS AND CHARTERERS. |

RECEIVED by Carrier from the Shipper on the terms hereof the total number of Containers or packages said to contain Goods enumerated below in the box marked "Total No. of Containers or Packages (in words)" in apparent good order and condition (unless otherwise indicated herein) for Carriage from the Place of Receipt or the Port of Loading to the Port of Discharge or the Place of Delivery.This Waybill supersedes any prior arrangements, agreements or representations by Carrier, its agent or any other person, save for service contracts between the parties, and where applicable valid under the United States Shipping Act.

By  **NON-NEGOTIABLE(COPY)**

Total No. of Containers or Packages (in words):ONE(1) CONTAINER(S) ONLY
FORM KL062(8/3)

"K"Line America, Inc., as Agents for
Carrier Kawasaki Kisen Kaisha, Ltd.

**WAYBILL NO : NEGOTIABLE**
**COPY**

| SHIPPER | Waybill Number |
|---|---|
| ECMS O/B NASIGN COMPANY LIMITED. | KKLUTSN053348D |
| 91-18 KUNJA-DONG,KWANG JIN-KU SEOUL | EXPORT REFERENCES |
| KOREA TEL:02-460-2752 | |

BKG# =

*258*

14372

| CONSIGNEE | FORWARDING AGENT-REFERENCES | FMC#- | CHB#- |
|---|---|---|---|
| EDDIE BAUER INC | | | |
| 15010 N.E. 36TH STREET REDMOND, WA | | | |
| 98052 USA TEL: 425-755-6100 | | | |

POINT AND COUNTRY OF ORIGIN

NOTIFY PARTY
EXPEDITORS INTERNATIONAL OF WASHING
TON INC.
19119-16TH AVENUE SOUTH SEATAC,WA
98188 TEL: 206-826-4133 FAX:
206-835-1419 CTC: MACHEAL GAMBLE

| PRE-CARRIAGE | PLACE OF RECEIPT | | In consideration of Carrier's acceptance of Containers or packages, the Shipper (on its own behalf and on |
|---|---|---|---|
| | XINGANG,,CN | CY | behalf of all persons included in the definition of "Merchant" contained in the "K" Line Combined Transport Bill of Lading) agrees that all terms on the face and back hereof apply. |
| VESSEL/VOYAGE    V. 192 | PORT OF LOADING | | |
| EASLINE TIANJIN | XINGANG,,CN | | |
| PORT OF DISCHARGE | PLACE OF DELIVERY | | FINAL DESTINATION (FOR MERCHANT'S REFERENCE ONLY) SEE CLAUSE 7(2) |
| SEATTLE,WA,US | COLUMBUS,OH,US | DOOR | |

**PARTICULARS FURNISHED BY SHIPPER**

| CONTAINER & SEAL NO. | NO. OF PKGS. | HM  DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | PAGE 1 OF 2 MEASUREMENT |
|---|---|---|---|---|
| KKFU1643904    DA29872 | | | | |
| | | (258 CTNS) LEATHER GARMENTSSHIPPER ADVISES SHIPMENT CONTAINS NO SWPM | 4,386 KGS | 48 M3 |
| | | SHIPPERS LOAD AND COUNT | 4,386 KGS | 48 M3 |
| | | Receipt:CY Delivery:DOOR | | |
| | | MERCHANT SPECIFICALLY AGREES THAT ITS ATTENTION HAS BEEN DRAWN TO AND THAT IT HAS ACCEPTED THE "K" LINE COMBINED TRANSPORT BILL OF LADING (" CARRIER'S B/L"), CARRIER'S APPLICABLE TARIFF(S), AND THE CMI UNIFORM RULES FOR SEA WAYBILLS AS REFERRED TO IN AND INCORPORATED HEREIN BY CLAUSE 1 ON THE REVERSE HEREOF | | |

These Commodities,Technologies or Software were Exported from the United States in Accordance with Export Administration Regulations. Diversion Contrary to U.S. Law Prohibited.
DECLARED VALUE $          IF SHIPPER ENTERS A VALUE, THE AD VALOREM RATE WILL BE CHARGED (SEE CLAUSE 24).

| FREIGHT AND CHARGES | REV. BASIS | RATE/PER | PREPAID | COLLECT |
|---|---|---|---|---|
| OCEAN FRT() | 1 | USD3,855/P40 | | USD3,855.00 |
| FAF | 1 | USD680/P40 | | USD680.00 |
| LOAD PORT ISPS SEC | 1 | USD6/P40 | | USD6.00 |
| INLAND FUEL CHARGE | 1 | USD50/P40 | | USD50.00 |
| THC | 1 | CNY560/P40 | CNY560.00 | |
| DOC FEE | 1 | CNY115/BL | CNY115.00 | |
| CARGO DECLARATION | 1 | USD25/BL | | USD25.00 |
| | | **FREIGHT COLLECT TOTAL** | CNY675.00 | USD4,616.00 |

| DATE EX RATE 07-Jul-06 USD0.1251(CNY) | ZERO(0) | PAYABLE AT COLUMBUS | PLACE & DATE OF ISSUE TIANJINXINGANG |
|---|---|---|---|
| | | PREPAID AT TIANJINXINGANG | KAWASAKI KISEN KAISHA, LTD. ON ITS OWN BEHALF AND ON BEHALF OF THE VESSEL, HER OWNERS, OPERATORS AND CHARTERERS. |

RECEIVED by Carrier from the Shipper on the terms hereof the total number of Containers or packages said to contain Goods enumerated below in the box marked "Total No. of Containers or Packages (in words)" in apparent good order and condition (unless otherwise indicated herein) for Carriage from the Place of Receipt or the Port of Loading to the Port of Discharge or the Place of Delivery.This Waybill supersedes any prior arrangements, agreements or representations by Carrier, its agent or any other person, save for service contracts between the parties, and where applicable valid under the United States Shipping Act.

By **NON-NEGOTIABLE(COPY)**

Total No. of Containers or Packages (in words):ONE(1) CONTAINER(S) ONLY
FORM KL062(6/3)

"K"Line America, Inc., as Agents for
Carrier Kawasaki Kisen Kaisha, Ltd.

WAYBILL-NON-NEGOTIABLE

**COPY**

| SHIPPER | Waybill Number |
|---|---|
| ECMS O/B NASIGN COMPANY LIMITED. | KKLUTSN053348D |
| 91-18 KUNJA-DONG,KWANG JIN-KU SEOUL | EXPORT REFERENCES |
| KOREA TEL:02-460-2752 | |

BKG# =

14372

| CONSIGNEE | FORWARDING AGENT-REFERENCES   FMC#-        CHB#- |
|---|---|
| EDDIE BAUER INC | |
| 15010 N.E. 36TH STREET REDMOND, WA | |
| 98052 USA TEL: 425-755-6100 | |

POINT AND COUNTRY OF ORIGIN

| NOTIFY PARTY |
|---|
| EXPEDITORS INTERNATIONAL OF WASHING TON INC. |
| 19119-16TH AVENUE SOUTH SEATAC,WA |
| 98188 TEL: 206-826-4133 FAX: |
| 206-835-1419 CTC: MACHEAL GAMBLE |

| PRE-CARRIAGE | PLACE OF RECEIPT | | In consideration of Carrier's acceptance of Containers or packages, the Shipper (on its own behalf and on |
|---|---|---|---|
| | XINGANG,,CN | CY | behalf of all persons included in the definition of "Merchant" contained in the "K" Line Combined Transport Bill of Lading) agrees that all terms on the face and back hereof apply. |
| VESSEL/VOYAGE  V. 192 | PORT OF LOADING | | |
| EASLINE TIANJIN | XINGANG,,CN | | |
| PORT OF DISCHARGE | PLACE OF DELIVERY | | FINAL DESTINATION (FOR MERCHANT'S REFERENCE ONLY) SEE CLAUSE 7(2) |
| SEATTLE,WA,US | COLUMBUS,OH,US | DOOR | |

| PARTICULARS FURNISHED BY SHIPPER | | | | PAGE 2 OF 2 |
|---|---|---|---|---|
| CONTAINER & SEAL NO. | NO. OF PKGS. | HM  DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
| FRONT | | | | |

FRONT
SKU LABEL
PO#E0326259-0011
    E0325417-0011
    E0326265-0011
    E0325418-0011
Q'TY:
RETAIL VENDOR PRE-TICKETED
Y N
D.F.S.
USE ONLY
SIDE
COUNTRY OF ORIGIN: CHINA
DIMENSION: "X "X "X
FROM:NASIGN CO.,LTD
91-18 JUNJA-DONG,KWANG JIN-KU
SEOUL,KOREA 02061
TO: USA
EDDIE BAUER,INC.
CATALOG FULFILLMENT CTR
6755 PORT ROAD
GROVEPORT, OH 43125

| DATE | | PAYABLE AT | PLACE & DATE OF ISSUE |
|---|---|---|---|
| EX RATE | | COLUMBUS | |
| 07-Jul-06 | ZERO(0) | | TIANJINXINGANG |
| USD0.1251(CNY) | | | KAWASAKI KISEN KAISHA, LTD. ON ITS OWN BEHALF |
| | | PREPAID AT | AND ON BEHALF OF THE VESSEL, HER OWNERS, |
| | | TIANJINXINGANG | OPERATORS AND CHARTERERS. |

RECEIVED by Carrier from the Shipper on the terms hereof the total number of Containers or packages said to contain Goods enumerated below in the box marked "Total No. of Containers or Packages (in words)" in apparent good order and condition (unless otherwise indicated herein) for Carriage from the Place of Receipt or the Port of Loading to the Port of Discharge or the Place of Delivery.This Waybill supersedes any prior arrangements, agreements or representations by Carrier, its agent or any other person, save for service contracts between the parties, and where applicable valid under the United States Shipping Act.

By  **NON-NEGOTIABLE(COPY)**

Total No. of Containers or Packages (in words):ONE(1) CONTAINER(S) ONLY
FORM KL062(6/3)

"K"Line America, Inc., as Agents for
Carrier Kawasaki Kisen Kaisha, Ltd.

351.CHIA HUO RD HOULI TAICHUNG
, TAIWAN
TEL:886-4-25570392
FAX:886-4-25575929

KKLUTSN053350

**"K" LINE**
KAWASAKI KISEN KAISHA, LTD.

# WAYBILL

# NON-NEGOTIABLE

SEA WAY BILL

Consignee APPLE DORSON SPORTS C/O MORAN
2120 SMITHTOWN AVE RONKONKOMA
NY 11779 ATTN:BRUCE JACOBSEN
PH:631 585-5400 FAX:631 471-6918
EMAIL:BJACOBSEN@APPLESPORTS.COM

Notify Party NOTIFY PARTY AS PER ATTACHED SHEET

RECEIVED by Carrier from the Shipper on the terms hereof the total number of Containers or packages said to contain Goods enumerated below in this box marked "Total No. of Containers or Packages (in words)" in apparent good order and condition (unless otherwise indicated herein) for Carriage from the Place of Receipt or the Port of Loading to the Port of Discharge or the Place of Delivery.
In consideration of Carrier's acceptance of Containers or packages, the Shipper (on its own behalf and on behalf of all persons included in the definition of "Merchant" contained in the applicable "K" Line standard form bill of lading) agrees that all terms on the face and back hereof apply. MERCHANT SPECIFICALLY AGREES THAT ITS ATTENTION HAS BEEN DRAWN TO AND THAT IT HAS ACCEPTED THE APPLICABLE "K" LINE STANDARD FORM BILL OF LADING (" CARRIER'S B/L"), CARRIER'S APPLICABLE TARIFF(S), AND THE CMI UNIFORM RULES FOR SEA WAYBILLS AS REFERRED TO IN AND INCORPORATED HEREIN BY CLAUSE 1 ON THE REVERSE HEREOF.
This Waybill supersedes any prior arrangements, agreements or representations by Carrier, its agent or any other person, and is the sole contract between the parties, and where applicable valid under the United States Shipping Act.

| Pre-Carriage by | Place of Receipt XINGANG, , CN CY |
| Ocean Vessel Voy. No. EASLINE TIANJIN 192 | Port of Loading XINGANG, , CN |
| For transshipment to NEW YORK, NY, US | Place of Delivery RONKONKOMA, NY, US DOOR | Final destination (for the Merchant's reference) |

| Container No. Seal No. Marks and Numbers | No. of Containers or pkgs. | Kind of packages; Description of goods | Gross weight KGS | Measurement CBM |
|---|---|---|---|---|
| KLFU1306804 DA30397 MARKS AND NUMBERS AS PER ATTACHED SHEET | 875 CTNS | CY /DOOR SHIPPER'S LOAD AND COUNT 1 CONTAINER | ( 11,147.500 | 59.6500) |
| | 875 CTNS | WILSON ALL PURPOSE CAGE NET COLLAPSIBLE PRACTICE NET SHIPPER CERTIFY THE SHIPMENT DOES NOT CONTAIN SOLID WOOD PACKING MATERIAL | 11,147.500 | 59.6500 |
| | | - - - - - - - - - - - - - - - - 1 CONTAINER ( 875 CTNS ) | | |

PARTICULARS FURNISHED BY SHIPPER

| Total No. of Containers or Packages (in words) | ONE (1) CONTAINER ONLY | | 11,147.500 | 59.6500 |

| Freight and Charges "FREIGHT COLLECT" | Revenue Tons | Rate | Per | Prepaid | Collect |
|---|---|---|---|---|---|

| Ex. Rate | XINGANG | Payable at RONKONKOMA | Place and date of Issue XINGANG | JUL.8,2006 |

| | Total prepaid in local currency | No. of WAYBILL(s) ONE (1) | KAWASAKI KISEN KAISHA, LTD. AS CARRIER "K" LINE CHINA-TIANJIN BRANCH |

EASLINE TIANJIN V.192
PORT OF LOADING: XINGANG, , CN

| Shipped on board the Vessel Date JUL.8,2006 | By | By YOSHINOBU MIZUNO AS AGENT FOR THE CARRIER |

I C S
WAYBILL

 **"K" LINE AMERICA, INC.**


Click here for KLTL Info

| Services | Schedules | Applications | Security | Compliance | Documents | Corporate | Contacts | Home |

# K Line Waybill NON-NEGOTIABLE
# BACK CLAUSES

### Waybill Back

1      All words or terms contained in this Waybill that begin with an upper case (capital) letter are terms defined in Carrier's B/L and/or Tariff(s), and have the same meaning herein (as applicable or with logical amendments) - see clause 3.1 below.

2.1    Unless otherwise set out on the face or back hereof; Containers or packages said to contain Goods and/or Goods are accepted by Carrier for Carriage on the terms hereof (whether expressly set out or incorporated by reference). These terms shall determine all rights, obligations and defences applicable or available to Carrier, the master and Vessel (including her owners) in connection with or arising out of Carriage, including without limitation the acceptance, possession, handling, transportation and delivery of Containers and/or packages and/or Goods in every contingency, wheresoever and whensoever occurring, including (without limitation) in the event of deviation or of unseaworthiness of Vessel.

2.2    IT IS EXPRESSLY AGREED THAT NO SUB-CONTRACTOR (as defined in Carrier's B/L) SHALL HAVE ANY LIABILITY OR REPSONSIBILITY WHATSOEVER IN RESPECT OF OR IN CONNECTION WITH GOODS, AND THAT THE TERMS OF CLAUSE 5 OF CARRIER'S B/L (AS INCORPORATED HEREIN) APPLY TO ANY SUCH SUB-CONTRACTOR.

2.3    None of the terms of this Waybill may be, or may be deemed to have been waived or amended, otherwise than expressly in writing signed by Carrier.

3.1    Incorporation by reference. Save to the extent they are inconsistent with the terms expressly set out herein, the provisions of the following documents are hereby incorporated into and form part of the contract of carriage evidenced by this Waybill:(1) All the terms, conditions, exceptions and stipulations on the back of the K Line standard form bill of lading ("Carrier's B/L"). Every reference therein to the words "Bill(s) of Lading" shall be read and construed to mean the words "Non Negotiable Waybill(s)", and the terms and conditions thereof shall be read and construed in the context of this Waybill accordingly.(2) All the terms of Carrier's applicable Tariff(s) in effect the date the contract evidenced by this Waybill is entered into, and published in accordance with all applicable national laws(3) The CMI Uniform Rules for Sea Waybills, excluding rule 4(iii)In the event of inconsistency between the documents themselves, they shall have priority in the order in which they appear.

3.2    The contract evidenced by this Waybill is deemed to be a contract of carriage as defined in article 1(b) of the Hague Rules, the Hague Visby Rules and the United States Carriage of Goods by Sea Act. HOWEVER, THIS WAYBILL IS NOT A DOCUMENT OF TITLE TO GOODS.

3.3.1  Carrier's B/L may be inspected at or a copy obtained from Carrier's offices or those of its authorised agents. The text may also be found at Carrier's websites: www.kline.com or www.klineurope.com.

3.3.2  The text of the CMI Uniform Rules for Sea Waybills may be found at www.comitemaritime.org/rules/rulessaway.html.

4.1    Unless otherwise specified in this Waybill (in particular, but without limitation, in clause below in respect of Goods for Carriage to Port(s) of Discharge or Place(s) of Delivery or other ports or places in the United States of America), delivery of Goods will be made only to the Consignee named on the face hereof, or its authorised agents, on production of proof of identity.

4.2    In respect of Goods for Carriage to Port(s) of Discharge or Place(s) of Delivery or other ports or places in the United States of America, clause 4.1 shall not apply. The procedure relating to the release of Goods applicable to any particular port or place in the United States of America is set out in Carrier's published tariff. Provided the said procedure(s) is/are followed, Carrier shall be deemed to have exercised reasonable care in relation to the release and delivery of Goods, and shall not be liable to Merchant in respect of any claim for misdelivery or wrongful release and/or delivery of the Goods. Merchant expressly acknowledges and agrees that such procedures will or may provide for the delivery of Goods to any person who presents shipment particulars to the terminal. If this sub-clause 4.2 is held invalid or inapplicable in any court of competent jurisdiction, the terms of clause 4.1 shall apply, read with the deletion of the words in parentheses.

5.1    Should the Shipper require delivery at a place elsewhere than at the Place of Delivery or the Port of Discharge as shown on the face hereof and should written instruction accordingly be given by the Shipper to Carrier or its agents, Carrier may, at its discretion, deliver Goods at such other place.

5.2    Should the Consignee require delivery elsewhere than at the Place of Delivery or the Port of Discharge shown on the face hereof and should written instruction be given reasonably in advance by the Consignee to Carrier or its agent, Carrier may, at its discretion, without any notice to the Shipper deliver Goods at such other place, PROVIDED ALWAYS that the right of control has been transferred to the Consignee in accordance with CMI

Case 1:07-cv-03104-RPP     Document 27-12     Filed 07/31/2007     Page 2 of 2

Uniform Rule 6(ii).

Return to Top of Page

Copyright © 2005, 2006, 2007 by
"K" Line America, Inc.
8730 Stony Point Parkway, Richmond, VA 23235

"K" LINE AMERICA, INC.

KLTL
Total Logistics

Click here for KLTL Info

| Services | Schedules | Applications | Security | Compliance | Documents | Corporate | Contacts | Home |

## KAWASAKI KISEN KAISHA, LTD. COMBINED TRANSPORT BILL OF LADING

### IMPORT - BACK

1. **(Definitions & Tariff)**

    (1) In this Bill of Lading the words and expressions specified below shall have the meanings attributed to them below:

    a. "Carriage" means the whole or any part of the operations and services undertaken by Carrier in respect of Goods covered under this Bill of Lading.

    b. "Carrier" means KAWASAKI KISEN KAISHA, LTD., Vessel, her owners, operators and charterers whether acting as carrier or bailee.

    c. "Combined Transport" means Carriage of Goods by Vessel plus one or more other modes of transport under this Bill of Lading from the place of receipt from Merchant to the place of delivery to Merchant.

    d. "Connecting Carrier" means carriers (other than Carrier), contracted by or acting on behalf of Carrier, participating in Carriage of Goods by land, water or air under this Bill of Lading.

    e. "Container" includes any container, trailer, transportable tank, flat or pallet or any similar article used to consolidate Goods and any ancillary equipment.

    f. "Goods" means the whole or any part of the cargo accepted from the shipper and includes the packing and any equipment or Container not supplied by or on behalf of Carrier.

    g. "Holder" means any person for the time being in possession of or entitled to this Bill of Lading by reason of the consignment of Goods or the endorsement of this Bill of Lading or otherwise.

    h. "Merchant" includes the shipper, consignor, consignee, owner and receiver of Goods, and Holder, and anyone acting on behalf of any such person, including but not limited to agents, servants, independent contractors and freight forwarders.

    i. "Sub-Contractor" includes stevedores, longshoremen, terminal operators, warehousemen, watchmen, any Connecting Carrier, any person, firm, corporation, or other legal entity who or which performs services incidental to carriage of Goods under this Bill of Lading, and their servants, agents and independent contractors.

    j. "Vessel" includes the vessel named on the face hereof, any vessel, lighter, barge, ship, watercraft or any other means of water transport and any other vessel owned, operated, chartered or employed (in whole or in part) by Carrier or any Connecting Carrier and used in whole or in part for Carriage of Goods under this Bill of Lading.

    k. "Water Carriage" means such stage of Carriage of Goods as commencing from the time when Goods are loaded on Vessel and ending at the time when Goods are discharged from Vessel.

    (2) The terms of Carrier's applicable Tariff ("Tariff") are incorporated herein. Merchant's attention is drawn to clause 22 hereof. Copies of the relevant provisions of Tariff are Lading and Tariff, this Bill of Lading shall prevail.

2. **(Governing Law and Jurisdiction)**
    The contract evidenced by or contained in this Bill of Lading shall be governed by Japanese law except as may be otherwise provided for herein, and any action thereunder or in connection with

Carriage of Goods shall be brought before the Tokyo District Court in Japan, to whose jurisdiction Merchant irrevocably consents.

3. **Responsibility (All Trade other than to, from or through US Territories)** Except for the shipment of Goods to, from or through the United States, including its districts, territories and possessions (collectively called "US Territories"), which shall be governed by Clause 4 below, the following shall apply:

   A. (Responsibility When Loss Or Damage Proven To Have Occurred During Water Carriage) (1) Carrier's responsibility, if any, for any loss or damage to Goods proven to have taken place during Water Carriage shall be governed by the Law Concerning Carriage of Goods by Sea of Japan as amended in 1992 (Japan COGSA), but if for some reason, that should be held not to apply, then by the International Convention for the Unification of Certain Rules Relating to Bills of Lading, dated at Brussels, 25 August, 1924 (Hague Rules) as amended by the Protocol to Amend the International Convention, signed at Brussels on 23 February, 1968 (Hague-Visby Rules) and the Protocol to the International Convention signed at Brussels on 21 December, 1979 amending the unit of account to be the Special Drawing Right as defined by the International Monetary Fund (SDR Protocol). (2) But if this Bill of Lading is adjudicated in a court having jurisdiction in a locality where there is in force a compulsorily applicable Act, Ordinance or Statute, it shall be subject to the provisions of such applicable Act, Ordinance or Statute but no further. (3) If a court of competent jurisdiction deems the United Nations Convention on the Carriage of Goods by Sea, 1978 (Hamburg Rules) to be compulsorily applicable then this Bill of Lading will be subject to Hamburg Rules, and only in such circumstances will any provision, stipulation or clause (or portion thereof) in this Bill of Lading that derogates from the provisions of Hamburg Rules be null and void, but only to the extent it derogates from Hamburg Rules.

   B. (Responsibility Other Than During Water Carriage) (1) Carrier's responsibility, if any, for any loss or damage to Goods proven to have taken place during any period other than Water Carriage shall be governed by any relevant provisions contained in any applicable international convention or national law which provisions (a) cannot be departed from by private contract to the detriment of Merchant; and (b) would have applied if Merchant had made a separate and direct contract with Carrier in respect of the particular stage of Carriage during which the loss or damage occurred. (2) In no event, however, shall Carrier have liability with respect to any loss or damage to Goods unless caused by the actual fault or negligence of Carrier, Sub-Contractors, or any master, officers, crew, employees, servants, agents or independent contractors who perform(s) service incidental to Carriage of Goods nor shall Carrier have any liability with respect to any loss or damage to Goods caused in whole or in part by (I) Act of God, (II) Act of war or act of public enemies, (III) Arrest or restraint of princes, rulers or people, or seizure under legal process, (IV) Quarantine restriction, (V) Act or omission of Merchant, (VI) Insufficiency of or defective packing or marking, (VII) Handling, loading, stowage or unloading of Goods by or on behalf of Merchant, (VIII) Inherent vice of Goods, (IX) Strike, lock-out, stoppage or restraint of labour, from whatever cause, whether partial or general, (X) Any cause or event which Carrier could not avoid and the consequences whereof Carrier could not prevent by the exercise of reasonable diligence,(XI) Compliance with the instructions of any person entitled to give them. (3) In no event shall Carrier's liability, if any, during this period exceed US $2.00 per kilo of the gross weight of Goods lost or damaged.

   C. (Responsibility When Stage Of Carriage During Which Loss or Damage Occurred Is Unproven) If the stage of Carriage during which loss or damage occurred is not proven by Merchant, then Carrier's responsibility, if any, shall be determined in accordance with Clause 3 (B)(2) and (3) above instead of 3(A).

4. **(Responsibility For Shipments To, From Or Through US Territories)** (1) With respect to Goods shipped to, from or through US Territories, Carrier's responsibilities during the entire period (and not just during Water Carriage) from the time of receipt of Goods to the time of delivery of Goods shall be governed by the United States Carriage of Goods by Sea Act (US COGSA) and US COGSA shall be deemed incorporated herein during the entire aforesaid period, provided however that if loss or damage to Goods is proven to have occurred during other than Water Carriage and outside US Territories, Carrier's responsibilities shall be determined in accordance with Clause 3 (B) instead of US COGSA. (2) If US COGSA so applies then with respect to Goods carried on deck and stated on the face hereof to be so carried, and with respect to live animals, birds, reptiles, fish, shellfish and plants, all risk or loss or damage by perils inherent in or incidental to such Carriage shall be borne by Merchant, and all such Goods whether carried on deck or under deck shall participate in general average, but in all other respects in connection with the custody and

Carriage of such Goods, Carrier shall have the benefit of the provisions of US COGSA, notwithstanding Section I(c) thereof, and of all the terms and conditions of this Bill of Lading except those inconsistent with the provisions of this Clause. (3) Also, if US COGSA so applies, in no event shall Carrier be or become liable for any loss or damage to or in connection with Carriage of Goods in an amount exceeding US$500 per package lawful money of USA, or in case of Goods not shipped in packages, per customary freight unit, or the equivalent of that sum in other currency, unless the nature and value of such Goods have been declared by the shipper before receipt of Goods by Carrier and inserted in this Bill of Lading.

5. **(Sub-Contracting: Exemptions, Immunities, Limitations, etc. of Participant(s))** (1) Carrier shall be entitled to sub-contract on any terms whatsoever Carriage, including without limitation, the loading, unloading, storing, warehousing, handling and any and all duties whatsoever undertaken by Carrier in relation to Goods by any of the following: (I) any Connecting Carrier, (II) masters, officers, crew, employees or any other servants, of Carrier and Connecting Carrier, (III) sub-contractors, stevedores, longshoremen, terminal operators, warehousemen, watchmen, agents and independent contractors whatsoever used or employed by Carrier from time to time in connection with the performance of any of Carrier's obligations under this Bill of Lading (all of the foregoing are hereafter referred to as "Participant(s)"). (2) Merchant undertakes that no claim or allegation shall be made against any of Participants which imposes or attempts to impose upon any of them or any vessel owned or chartered by any of them any liability whatsoever in connection with Goods or Carriage of Goods, whether or not involving the negligence of any such person, and, if any such claim or allegation should nevertheless be made, to indemnify Carrier against all consequences thereof. Without prejudice to the foregoing, every such vessel and Such Participant(s) shall have the benefit of all provisions herein benefiting Carrier as if such provisions were expressly for their benefit; and, in entering into this contract, Carrier, to the extent of those provisions, does so not only on its own behalf, but also as agent and trustee for such vessel and Participant(s). (3) Merchant further undertakes that no claim or allegation of any nature whatsoever in respect of Goods shall be made against Carrier or any person entitled to the benefit of clauses 5(2) and 5(3) by any person, other than in accordance with and subject to the terms of this Bill of Lading, which imposes or attempts to impose upon Carrier or such person any liability whatsoever in connection with Goods or Carriage thereof, whether or not involving the negligence of Carrier or such person, and, if any such claim or allegation should nevertheless be made, to indemnify Carrier against all consequences thereof.

6. **(Methods and Routes of Carriage)** It is understood and agreed that (a) Carriage of Goods may be done by more than one method or route of transport (whether or not direct, customary or advertised), including, but not limited to transport by land, water and air and by more than one Vessel or other means of transport; (b) no method or route of transport nor Vessel nor any other means of transport is agreed to be used and the same, at any time, may be changed or substituted without notice from those originally intended by Carrier; (c) Goods or any part thereof may be discharged and/or stored at any port or place, whether named or not; (d) Carrier may pack or unpack Goods into or out any type of Container or other means of packaging or shipment; (e) Carrier may carry Goods in one or more shipments at one or more times; (f) Vessel or other means of transport, whether or not Goods are then on board, is at liberty to adjust navigational instruments, make trial trips or tests, drydock or be repaired, shift berths, take in fuel or other necessaries, embark or disembark passengers, crew, cargo or stores, sail with or without pilots, tow or be towed, or save or attempt to save life or property or to be guided by weather conditions.

7. **(Period of Responsibility/No Undertaking of Arrival Time)** (1) Carrier shall not be responsible for any loss or damage to Goods howsoever occurring, if such loss or damage occurring prior to receipt of Goods by Carrier or after delivery of Goods by Carrier. (2) Carrier does not undertake that Goods shall arrive at the port of discharge or place of delivery at any particular time or in time to meet any particular market or use, and Carrier shall not be responsible for any direct or indirect loss or damages which is caused through delay.

8. **(Liberties)** (1) In any situation, whether existing or anticipated prior to or during Carriage, which, in the judgment of Carrier and/or any person charged with Carriage or safekeeping of Goods, has caused or may cause danger, injury, loss, delay or disadvantage to Vessel, Carrier, Goods, any person and/or any property, Carrier shall be entitled, have the liberty and in the manner it deems advisable, as an agent for and at the sole risk and expense of Merchant, to: (a) unpack Container(s) or dispose of Goods; (b) prior to loading, cancel the contract of carriage without compensation and require Merchant to take delivery of Goods, or place Goods in a warehouse or other place; (c) once Goods are laden or shipped on board, discharge Goods, or any portion thereof, at any place selected by Carrier at its sole discretion, or back at the port of loading or place of receipt. Actions undertaken pursuant to (a) (b) or (c) shall constitute full

performance of this contract, and Carrier shall be released from any and all responsibility and liability hereunder. (2) Carrier shall make all arrangements authorized in accordance with (1) above without any liability whatsoever in respect to such agency and/or actions, and shall acquire a lien upon Goods therefor; and upon demand, Merchant shall reimburse Carrier for all extra freight, charges and expenses incurred thereby. (3) The situations referred to in (1) above include, but are not limited to, those caused by war declared or undeclared, hostile, warlike, belligerent acts, disturbances, riots, civil commotions; closure, obstacles, dangers in or to any canal; blockade of any port or place, interdiction, prohibition, restriction of trade or commerce; quarantine, health, sanitary regulations or restrictions; epidemics, diseases; strikes, lockouts or other labour problems, congestion at any port, wharf, sea terminal or other place; shortage, absence, obstacles of available labour or facilities for loading, discharge, delivery, handling of Goods; bad weather, shallow water, ice, landslip or other transportation obstacles. (4) Carrier shall also have the liberty to comply with orders, directions, regulations, recommendations as to departure, arrival, route, places of call, stoppage, loading, discharge, handling, delivery or any other important factor given by any public authority or under the terms of any insurance on Vessel, and any such compliance shall not be a deviation but shall be deemed to be included within the contractual Carriage.

9.  **(Unknown Clause)** (1) Any reference on the face hereof to marks, numbers, description, quality, quantity, gauge, weight, measure, nature, kind, value and any other particulars of Goods is as furnished by Merchant, with respect to which Carrier does not make any representation, nor shall Carrier be under any responsibility whatsoever in respect of such description or particulars. (2) Merchant warrants to Carrier that the particulars furnished by him are correct, and shall indemnify Carrier against all loss, damage, expenses, liability, penalties and fines arising or resulting from inaccuracy thereof.

10. **(Carrier's Container)** (1) Merchant shall assume full responsibility for and shall indemnify Carrier against any loss of or damage to Container(s) and other equipment provided by or on behalf of Carrier, which occurs while in the possession or control of Merchant, or agents, servants, contractors or any other persons engaged by or on behalf of Merchant. (2) Carrier shall in no event be liable for and Merchant shall defend, indemnify and hold Carrier harmless from and against any loss, damage, liability, cost or expense, including attorneys' fees, arising out of or in any way connected with loss of or damage to any property of Carrier and others or injuries or death of any person caused by Container(s) or other equipment provided by or on behalf of Carrier, or the contents thereof, during handling by, or while in the possession or control of Merchant, or agents, servants, contractors or any other persons engaged by or on behalf of Merchant, whether or not contributed by the negligence, breach of express or implied warranty, strict liability or otherwise of Carrier or any other person other than Merchant.

11. **(Container Packed by Merchant)** If Goods received by Carrier are in Container(s) into which contents have been packed by or on behalf of Merchant, Merchant warrants that the stowage and securing of the contents of Container(s) and their closing and sealing are safe and proper and also warrants that Container(s) and contents thereof are suitable for Carriage in accordance with the terms hereof including Clause 15. In the event of Merchant's breach of said warranties, Carrier shall not be responsible for any loss of or damage to or in connection with Goods and Merchant shall be liable for loss of or damage to any property, or for personal injury, death or the consequences of any other accidents or events whatsoever and shall defend, indemnify and hold Carrier harmless against all loss, damage, liability, cost or expense, including attorneys' fees, arising out of or in any way connected with said accidents or events. Merchant shall inspect Container(s) when the same are furnished by or on behalf of Carrier, and they shall be deemed to have been accepted by Merchant as being in sound and suitable condition for the purpose of Carriage contracted herein.

12. **(Inspection of Contents/Container Seals)** (1) Carrier shall be at liberty to open Container(s) and to inspect Goods and take any measures with respect thereto without notice to Merchant at such time and place as Carrier may deem necessary and all expenses incurred therefrom shall be borne by Merchant if such expenses relate to Container(s) packed by Merchant, or were incurred by a reason for which Merchant should be responsible. (2) If Container(s) are delivered by Carrier with seals intact, such delivery shall be deemed as full and complete performance of Carrier's obligation hereunder and Carrier shall not be liable for any loss of or damage to the contents of Container(s). (3) In case the seals of Container(s) are broken by or pursuant to the order of the customs or other authorities, Carrier shall not be liable for any loss, damage, expenses or any other consequences arising or resulting therefrom.

13. **(Special Container)** (1) Carrier undertakes to carry Goods in refrigerated, heated, insulated, ventilated or any other special Container(s) only by special arrangement in writing and only when

special freight as required is paid. (2) Notwithstanding anything contained in this Bill of Lading, Carrier shall not be responsible for the function of any special Container(s) provided that Carrier exercises due diligence before or at the beginning of Carriage of special Container(s) to determine that special Container(s) is then in good working order. (3) Except as provided in (2) above, Carrier shall not be liable for any loss of or damage to Goods arising from latent defects, derangement, breakdown, or stoppage of the refrigerating machinery, plant, insulation and/or any apparatus of Container, Vessel, or other means of transport or conveyance and any other facilities. (4) In the case of refrigerated or special Containers packed by Merchant, Merchant shall properly prepare and pack Goods for such shipment and set the temperature, as required. (5) The maintenance of the temperature within a refrigerated or special Container is not guaranteed by Carrier and is solely at Merchant's risk, even if a particular temperature is stated on the face hereof and irrespective of whether Container is packed or the temperature is set by Carrier or Merchant. (6) Merchant shall have contents at the requested temperature setting prior to packing into a refrigerated Container whether same is to be packed by Merchant or Carrier.

14. **(Dangerous Goods, Contraband)** (1) Carrier undertakes to carry Goods of an explosive, inflammable, radioactive, corrosive, damaging, noxious, hazardous, poisonous, injurious or any other dangerous nature only upon Carrier's acceptance of a prior written application by Merchant for Carriage of such Goods. Such application must accurately state the nature, name, label and classification of Goods as well as the method of rendering them innocuous, with the full names, addresses and telephone numbers of Merchant. (2) Merchant shall undertake that the nature of Goods referred to in (1) above is distinctly and permanently marked and manifested on the outside of the package(s) and Container(s) and shall also undertake to submit the documents or certificates required by any applicable statutes or regulations at any stage of Carriage or by Carrier. (3) Whenever Goods are perceived or are discovered to pose a threat to Vessel, any other means of transport, cargoes, properties or persons, or not to comply with (1) or (2) above, or Goods are perceived or found to be contraband or prohibited by any laws or regulations of the port of loading, discharge or call or any place or waters during Carriage, Carrier shall be entitled to have such Goods rendered innocuous, thrown overboard or discharged and left to Merchant at any stage and place Carrier may choose or otherwise dispose of at Carrier's discretion without compensation, and Merchant shall be liable for and indemnify Carrier against all of loss, damage or liability including loss of freight, and any expenses directly or indirectly arising out of or resulting from such Goods, and shall post any necessary bonds or financial guarantinees as may be required.

15. **(Stowage Under and On Deck)** Goods, whether in Container(s) or not, may be carried on deck or under deck without notice to Merchant and without any note, mark or stamp making any statement of "on-deck stowage" on the face hereof. All such Goods whether carried on deck or under deck, shall participate in general average. With respect to Goods carried on deck and stated on the face hereof to be so carried, all risk of loss of or damage to Goods shall be borne by Merchant, whether or not caused by Carrier's negligence or Vessel's unseaworthiness, and Carrier shall have the benefit of all the provisions of this Bill of Lading, except those inconsistent with the provisions of this Clause.

16. **(Live Animals and Plants)** Notwithstanding any other provision herein, Carrier shall not be responsible for any accident, disease, mortality, loss of or damage to live animals, including but not limited to birds, reptiles, fish and shellfish, and plants arising or resulting from any cause whatsoever including Carrier's negligence or Vessel's unseaworthiness and shall have the benefit of all the provisions of this Bill of Lading, except those inconsistent with the provisions of this Clause.

17. **(Valuable Goods)** Carrier shall not be liable to any extent for any loss of or damage to or in connection with platinum, gold, silver, jewelry, precious stones, precious metals, radioisotopes, precious chemicals, bullion, specie, currency, negotiable instruments, securities, writings, documents, pictures, works of art, curios, heirlooms, collections of every nature or any other valuable goods whatsoever including Goods having particular value only for Merchant, unless the true nature and value of Goods have been declared in writing by Merchant before receipt of Goods by Carrier, and the same is inserted in this Bill of Lading and ad valorem freight has been prepaid.

18. **(Heavy Lift)** (1) The weight of a single piece or package exceeding one metric ton gross must be declared by Merchant in writing before receipt by Carrier and must be marked clearly and durably on the outside of the piece or package in letters and figures with the proper lifting points. (2) In case of Merchant's failure in his obligations under (1) above, Carrier shall not be responsible for any loss of or damage to or in connection with Goods, and Merchant shall be liable for loss of or damage to any property or for personal injury or death arising as a result of Merchant's said failure and shall indemnify, defend and hold Carrier harmless against all loss or liability suffered or

incurred by Carrier as a result of such failure.

19. **(Notification and Delivery)** (1) Any mention in this Bill of Lading of parties to be notified of the arrival of Goods is solely for information of Carrier, and failure to give such notification shall not involve Carrier in any liability nor relieve Merchant of any obligation hereunder. (2) Merchant shall take delivery of Goods within the time provided for in Tariff. (3) If Merchant fails to take delivery of Goods or part of them in accordance with this Bill of Lading, Carrier may without notice unstow Goods or that part thereof and/or store Goods or that part thereof ashore, afloat, in the open or under cover. Such storage shall constitute due delivery hereunder, and thereupon all liability whatsoever of Carrier in respect of Goods or that part thereof shall cease. (4) Merchant's attention is drawn to the stipulations concerning free storage time and demurrage contained in Tariff, which is incorporated in this Bill of Lading. (5) Carrier may in his absolute discretion receive Goods as Full Container Load and deliver them as Less than Container Load and/or as split delivery of Goods to more than one receiver. In such event Carrier shall not be liable for any shortage, loss, damage or discrepancies of Goods, which are found upon unpacking of Container. Merchant shall be liable for an appropriate adjustment of the freight and shall pay any additional costs incurred. (6) Carrier may in his absolute discretion receive Goods as Less than Container Load and deliver them as Full Container Load. In such event Carrier shall not be liable for any shortage, loss, damage or discrepancies of Goods, which were not apparent at the time of such delivery, provided that it shall have exercised ordinary care in packing Container. (7) If, at the place of delivery, Carrier is required to discharge Goods into the custody of Customs, port or other authority, such discharge into custody shall be due delivery to Merchant under this Bill of Lading. (8) If Goods are unclaimed within a reasonable time but in any event no longer than 7 running days from the date Goods arrive at the port of discharge or place of delivery, or whenever in Carrier's opinion Goods will become deteriorated, decayed or worthless, Carrier may, at its discretion and subject to its lien and without any responsibility attaching to it, sell, abandon or otherwise dispose of such Goods solely at the risk and expense of Merchant.

20. **(Fire)** Carrier shall not be responsible for any loss of or damage to Goods arising or resulting from fire occurring at any time throughout Carriage, unless proven to have been caused by the actual fault or privity of Carrier.

21. **(Lien)** Carrier shall have a lien on Goods and any documents relating thereto, which shall survive delivery, for all freight, deadfreight, demurrage, damage, loss, charges, expenses and any other sums whatsoever payable by or chargeable to or for the account of Merchant or Goods under this Bill of Lading and any contract preliminary hereto, and for the costs and expenses including attorneys' fees, of recovering the same and may sell Goods privately or by public auction or otherwise exercise a lien on Goods without notice to Merchant. If on sale of Goods, the proceeds fail to cover the amount due and the costs and expenses incurred, Carrier shall be entitled to recover the deficit from Merchant.

22. **(Freight and Charges)** (1) Freight may be calculated on the basis of the particulars of Goods furnished by Merchant who shall be deemed to have guaranteed to Carrier the accuracy of the contents, weight, measure or value as furnished by him, at the time of receipt of Goods by Carrier, but Carrier may, at any time, open Container(s) and/or package(s) and examine contents, weight, measure or value of Goods at the risk and expense of Merchant. In case of incorrect declaration of the particulars of Goods as above, Merchant shall be liable for and bound to pay to Carrier (a) the balance of freight between the freight charged and that which would have been due had the correct details been given plus (b) as and by way of liquidated and ascertained damages, a sum equal to the correct freight. (2) Full freight and charges to the port of discharge or place of delivery named herein shall be considered as completely earned on receipt of Goods by Carrier, whether to be prepaid or to be collected at destination. Carrier shall be entitled to all freight and other charges due hereunder, and to receive and retain such freight and charges irrevocably under any circumstances whatsoever, whether Vessel or any other means of transport and/or Goods be lost or not, or Carriage be broken up or frustrated or abandoned at any stage of Carriage. Full freight shall be paid on damaged or unsound Goods. (3) The payment of freight and/or charges shall be made in full and in cash without any offset, counterclaim or deduction. Merchant's attention is drawn to the stipulations concerning currency in which the freight and charges are to be paid, rate of exchange, devaluation and other contingencies relative to freight and charges specified on the face of this Bill of Lading or in Tariff. (4) Merchant shall be liable for, and indemnify Carrier against, all dues, duties, taxes and charges including consular fees levied on Goods, and for all fines and/or loss sustained or incurred by Carrier in connection with Goods, howsoever caused, including Merchant's failure to comply with laws and regulations of any government or public authority in connection with Goods or failure to procure consular, board of health or other certificate to accompany Goods. Merchant shall be liable for return freight and charges on Goods refused exportation or importation by any government or public authority. If

Carrier is of the opinion that Goods stand in need of sorting, inspecting, mending, repairing or reconditioning, or otherwise require protecting or caring for, Carrier may carry out such work at the cost and expense of Merchant. (5) Each Merchant shall be jointly and severally liable to Carrier for the payment of all freight and charges and for the performance of the obligations of each of them hereunder. (6) Payment of freight and charges to a freight forwarder, broker or anyone other than Carrier or its duly authorized agent shall not be deemed payment to Carrier and payment shall be made solely at the payor's risk.

23. **(Notice of Claim and Time for Suit against Carrier)**(1) Unless notice of loss or damage and the general nature of such loss or damage be given in writing to Carrier at the port of discharge or place of delivery before or at the time of delivery of Goods or, if the loss or damage be not apparent, within 3 days after delivery, Goods shall be deemed to have been delivered as described in this Bill of Lading. (2) In any event, Carrier shall be discharged from all liability in respect of non-delivery, misdelivery, delay, loss or damage unless suit is brought within one year after delivery of Goods or the date when Goods should have been delivered. (3) Notwithstanding (2) above, with respect of any non-delivery, misdelivery, delay, loss or damage which may have occurred during other than Water Carriage, Merchant must file a claim with Carrier within 9 months after delivery of Goods or the date when Goods should have been delivered, failing which Carrier will be discharged of all liability therefor.

24. **(Limitation of Liability)** (1) All claims for which Carrier may be liable shall be adjusted and settled on the basis of Merchant's net invoice cost, plus freight and insurance premium, if paid. (2) Save as otherwise provided herein, Carrier shall in no circumstances be liable for direct or indirect or consequential loss or damage arising from Carriage of Goods hereunder. (3) Under no circumstances shall Carrier be liable for loss or damage in an amount exceeding the amount which can be assessed by Clause 3 or 4, as the case may be, unless the value of Goods higher than the amount so assessed has been declared in writing by Merchant before receipt of Goods by Carrier and inserted on the face hereof with nature thereof and extra freight has been paid as required. (4) Where Goods have been either packed into Container(s) by or on behalf of Merchant, it is expressly agreed that the number of such Container(s) shown on the face hereof shall be considered as the number of the package(s) or unit(s) for the purpose of the application of the limitation of liability provided for herein.

25. **(Limitation Statute)** (1) Nothing in this Bill of Lading shall operate to limit or deprive Carrier of any statutory protection or exemption or limitation of liability authorised by any applicable laws, statutes or regulations of any country. (2) It is agreed by Merchant that Carrier qualifies and shall be regarded as a person entitled to limit liability under any applicable Convention on the Limitation of Liability for Maritime Claims notwithstanding that Carrier may have secured space on board the relevant Vessel by means of a slot charter, bill of lading, waybill or other form of contract of carriage. Subject to any law compulsorily applicable to Carriage to the contrary, and save to that extent, the fund to which Carrier may limit its liability in respect of all claims arising out of an incident shall be that part or proportion of the limitation fund applicable to the actual carrier that is available for Carrier's claims against the actual carrier.

26. **(Defenses and Limits For Carrier)**) The defences and limits of liability provided for in this Bill of Lading shall apply in any action against Carrier for loss of or damage to the Goods whether the action be founded in contract or in tort or according to any other theory of legal liability

27. **(Regulations relating to Goods)** Merchant shall comply with all regulations or requirements of Customs, port and other authorities, and shall bear and pay all duties, taxes, fines, imposts, expenses or losses incurred or suffered by reason thereof or by reason of any illegal, incorrect or insufficient marking, numbering or addressing of Goods, and indemnify the Carrier in respect thereof.

28. **(General Average; New Jason Clause)** (1) General average shall be adjusted, stated and settled at Tokyo or any other place as elected by Carrier (or, as the case may be Connecting Carrier) according to York Antwerp Rules 1994 or any amendment thereto and as to matters not provided for by these Rules, according to the laws and usages of the place of adjustment, and in the currency selected by Carrier (or, as the case may be Connecting Carrier). The general average statement shall be prepared by the adjusters appointed by Carrier (or, as the case may be Connecting Carrier). Average agreement or bond and such cash deposit as Carrier (or, as the case may be Connecting Carrier) may deem sufficient to cover the estimated contribution of Goods and any salvage and special charges thereon and any other additional securities as Carrier (or, as the case may be Connecting Carrier) may require shall be furnished by Merchant to Carrier (or, as the case may be Connecting Carrier) before delivery of Goods. (2) Carrier shall be under no obligation to exercise any lien for general average contribution due to Merchant. (3) In the event of accident,

danger, damage or disaster before or after commencement of the voyage, resulting from any cause whatsoever, whether due to negligence or not, for which, or for the consequence of which, Carrier is not responsible by statute, contract or otherwise, Goods and Merchant shall jointly and severally contribute with Carrier in general average to the payment of any sacrifices, loss or expenses of a general average nature that may be made or incurred, and shall pay salvage and special charges incurred in respect of Goods. If a salving ship is owned or operated by Carrier, salvage shall be paid for as fully and in the same manner as if such salving ship belonged to strangers.

29. **(Both To Blame Collision)** The Both-To-Blame Collision Clause published by the Baltic and International Maritime Council (BIMCO), a copy of which is available upon request, is hereby incorporated into this Bill of Lading.

30. **(Miscellaneous)** (1) The terms of this Bill of Lading are separable, and if any term or condition is, or is held to be invalid, null and void, or unenforceable, such holding shall not affect in any way the validity or enforceability of any other term or condition of this Bill of Lading. (2) No servant or agent of Carrier shall have power to waive or vary any terms of this Bill of Lading unless such waiver or variation is in writing and is specifically authorised or ratified in writing by Carrier. (3) The terms of this Bill of Lading shall govern the responsibility of Carrier in connection with or arising out of the supply of a Container to Merchant whether before or after Goods are received by Carrier for Carriage or delivered to Merchant.

Return to Top of Page

Copyright © 2005, 2006, 2007 by
*"K" Line America, Inc.*
8730 Stony Point Parkway, Richmond, VA 23235