```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
INDEMNITY INSURANCE COMPANY OF           07 Civ. 959 (RPP)
NORTH AMERICA,
                    Plaintiff,          07 Civ. 2562 (RPP)

         -against-                      07 Civ. 3104 (RPP)

C.U. TRANSPORT INC.; CHINA
UNITED TRANSPORT, INC.; JC TRANS
LOGISTICS, INC.; KAWASAKI KISEN
KAISHA LTD.; K-LINE; YANG MING
MARINE TRANSPORT CORP.; YANG
MING (AMERICA) CORPORATION; M/V
"EASLINE TIANJIN", her engines,
tackle, boilers, etc.;

                    Defendants.
---------------------------------------X

* And Related Actions.
```

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION

Garth S. Wolfson (GW 7700)

    Of Counsel

MAHONEY & KEANE, LLP
Attorneys for Defendant
KAWASAKI KISEN KAISHA LTD.
111 Broadway, Tenth Floor
New York, New York 10006
(212) 529-8162

TABLE OF CONTENTS

*Page*

STATEMENT OF FACTS..................................................1

ARGUMENT............................................................1

    PRELIMINARY STATEMENT...........................................1

    POINT I.    THE CLAIMS AGAINST K-LINE SHOULD BE DISMISSED PURSUANT TO THE K-LINE BILL OF LADING'S TOKYO FORUM-SELECTION CLAUSE.....................................2

    CONCLUSION......................................................9

TABLE OF CONTENTS

*Page*

STATEMENT OF FACTS..................................................1

ARGUMENT............................................................1

    PRELIMINARY STATEMENT..........................................1

    POINT I.    THE CLAIMS AGAINST K-LINE SHOULD BE DISMISSED PURSUANT TO THE K-LINE BILL OF LADING'S TOKYO FORUM-SELECTION CLAUSE....................................2

    CONCLUSION.....................................................9

**STATEMENT OF FACTS**

For an accurate statement of the pertinent facts established in this matter, the Court is respectfully referred to the Declaration of Sherry Johnson executed on June 14, 2007.

**ARGUMENT**

**PRELIMINARY STATEMENT.**

The Court enjoys subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1333. Plaintiff's claim falls under the Court's admiralty and maritime jurisdiction pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, and the federal maritime law governs this action. Norfolk S. Ry. Co. v. Kirby, 125 S. Ct. 385, 160 L. Ed. 2d 283 (2004); Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 1995 A.M.C. 913 (1995).

The provisions of the United States Carriage of Goods by Sea Act (COGSA) apply by force of law to "[e]very bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea to or from ports of the United States, in foreign trade." 46 U.S.C. § 1300. All other claims arising under bills of lading are preempted by federal law. See, Barretto Peat, Inc. v. Luis Ayala Colon Sucrs., Inc., 896 F.2d 656, 661 (1st Cir. 1990); GFT U.S.A. Corp. v. M/V Export Freedom, 1996 A.M.C. 1882, 1895 (S.D.N.Y. 1996); National Automotive Publications, Inc. v.

United States Lines, Inc., 486 F. Supp. 1094, 1982 A.M.C. 2299, 2304 (S.D.N.Y. 1980); B.F. McKernin & Co. v. United States Lines, Inc., 416 F. Supp. 1068, 1071, 1976 A.M.C. 1527, 1529-30 (S.D.N.Y. 1976).

While "there is no existing mechanism with which forum selection enforcement is a perfect fit," New Moon Shipping Co. v. Mann B & W Diesel AG, 121 F.3d 24, 29, 1998 A.M.C. 603 (2d Cir. 1997), courts have treated such applications as motions under Rule 12(b)(3) based on improper venue. See, Jockey Int'l, Inc. v. M/V Leverkusen Express, 217 F. Supp. 2d 447, 2002 A.M.C. 2377, 2380 (S.D.N.Y. 2002).

Defendant KAWASAKI KISEN KAISHA, LTD. ("K-LINE"), also sued herein as K-LINE and "K" LINE, respectfully submits that the claims against K-LINE should be dismissed pursuant to the Tokyo forum-selection clause contained in the K-LINE bill of lading.

**POINT I.    THE CLAIMS AGAINST K-LINE SHOULD BE DISMISSED PURSUANT TO THE K-LINE BILL OF LADING'S TOKYO FORUM-SELECTION CLAUSE.**

Under COGSA, the bill of lading sets forth the contractual terms between the parties to a shipment, and the parties are bound by the bill of lading's provisions. See, Southern Pacific Transp. Co. v. Commercial Metals, 456 U.S. 336, 342-43 (1982) ("[E]ach [term] has in effect the force of statute of which all effected must take notice."); Wemhoener Pressen v. Ceres Marine Terminals, Inc., 5 F.3d 734, 738 (4th Cir. 1993); Metropolitan Wholesale

2

Supply, Inc. v. M/V Royal Rainbow, 12 F.3d 58, 61 (5th Cir. 1994); Hyundai Corp., U.S.A. v. Hull Ins. Proceeds of M/V Vulca, 800 F. Supp. 124, 127 (D.N.J. 1992); Givaudan Delawanna v. Blijdendijk, 91 F. Supp. 663, 666, 1950 A.M.C. 1235, 1238 (S.D.N.Y. 1959); see also, United Van Lines Inc. v. Hellman, 949 F. Supp. 126, 129 (E.D.N.Y. 1996) ("It is well-accepted that a bill of lading may not be modified by extrinsic or parol evidence.").

Forum selection or arbitration clauses are thus presumptively valid and should, generally, be given full effect. Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer, 515 U.S. 528, 1995 A.M.C. 1817, 1827 (1995); Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595, 1991 A.M.C. 1697, 1705 (1991); Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 629, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985); M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S. Ct. 1907, 32 L. Ed. 2d 728, 1972 A.M.C. 1407 (1972) ("The expansion of American business and industry will hardly be encouraged if, notwithstanding solemn contracts, we insist on a parochial concept that all disputes must be resolved under our laws and in our courts"); Scherck v. Alberto-Culver Co., 417 U.S. 506, 519, 94 S. Ct. 2449, 41 L. Ed. 2d 290 (1974); see also, J.C.B. Sales Ltd. v. Wallenius Lines, 124 F.3d 586, 592 (2d Cir. 1997); Mitsui & Co. (USA), Inc. v. Mira M/V, 111 F.3d. 36, 1997 A.M.C. 2126, 2129 (5th Cir. 1997).

Moreover, it is well-settled that a "broad" forum selection clause, governing "all" claims arising under the bill of lading,

3

covers disputes connected to the carriage, even when claims are alleged to fall outside the contract on bailment or tort theories. See, Thyssen, Inc. v. M/V Markos N, 1999 U.S. Dist. LEXIS 12578, aff'd sub nom., Thyssen, Inc. v. Calypso Shipping Corp., 310 F.3d 102 (2d Cir. 2002), cert. denied, 123 S. Ct. 1573 (2003); Robalen, Inc. v. Generale de Banque, S.A., 1998 U.S. Dist. LEXIS 3931 (S.D.N.Y. March 27, 1998); see also, Fireman's Fund Ins. Co. v. Cho Yang Shipping Co., 131 F.3d 1336, 1998 A.M.C. 583 (9th Cir. 1997); F.D. Import & Export Corp. v. M/V Reefer Sun, 248 F. Supp. 2d 240 (S.D.N.Y. 2002).

And the bill of lading of a vessel-operating carrier (VOC), such as K-LINE, is binding not only on the non-vessel-operating common carrier (NVOCC) to which the VOC's bill of lading may be issued, but also upon the cargo owner and any other underlying shippers.

> As a carrier accepting goods for shipment from the general public, a ship should not have to inquire into the authority of the individual who present the goods. Such a vessel should be able, absent special circumstances, to assume that the individual who proffers goods for shipment can accept a bill of lading under the terms and conditions of shipment stated therein. Absent special circumstances, the risk that the individual presenting the goods for shipment is unauthorized is better borne by the actual owner of the goods than a common carrier.

Atlantic Mutual Ins. Co. v. M/V President Tyler, 765 F. Supp. 815, 818 n.3 (S.D.N.Y. 1990) (citing Puerto Rico Maritime v. Crowley

4

Towing, 747 F.2d 803, 804 (1st Cir. 1984) ("A common carrier can assume that one presenting goods for shipment either owns them or has authority to ship them.")); see also, Orion v. Humaco, 851 F. Supp. 575, 578 (S.D.N.Y. 1994) ("[T]he NVOCC is a common carrier with respect to the shippers who employ its services, but with respect to the vessel and her owner, the NVOCC is deemed an agent of the shipper."); Gross Mach. v. M/V Alligator Independence, 1994 A.M.C. 732, 735-36 (S.D.N.Y. 1992). Thus, "this court has recognized that, in accordance with general maritime practice, an NVOCC binds the shipper to the VOCC's bill of lading." Glyphics Media, Inc. v. M.V. Conti Singapore, 2003 U.S. Dist. LEXIS 4387, 2003 A.M.C. 667 (S.D.N.Y. 2003) (holding both plaintiff and NVOCC bound by ocean carrier's forum selection clause, even though inconsistent with NVOCC's bill of lading) (citing Jockey Int'l Inc. v. M/V Leverkusen Express, 217 F. Supp. 2d 457 (S.D.N.Y. 2002)).

Nor will enforcement of a forum selection or arbitration clause by a party entitled to do so be defeated merely because other claims not subject to the agreement may continue in the plaintiff's chosen forum. Glyphics Media, Inc. v. M.V. Conti Singapore, 2003 U.S. Dist. LEXIS 4387, *17-18, 2003 A.M.C. 667 (S.D.N.Y. 2003); Fondiaria Assicurazione v. Ocean World Lines, 2002 U.S. Dist. LEXIS 23913, *5 (S.D.N.Y. 2002); Royal Container, 30 F. Supp. 2d at 663; Abrar Surgery (PVT) Ltd. v. M.V. Jolly Oro, 1999 U.S. Dist. LEXIS 6768, *8, 2000 A.M.C. 109 (S.D.N.Y. 1999);

5

<u>Union Steel Am. Co. v. M/V Sanko Spruce</u>, 14 F. Supp. 2d 682, 696 (D.N.J. 1998).

In the case at bar, Plaintiffs claim damages for cargo losses allegedly occurring aboard the M/V EASLINE TIANJIN during transit from Xingang, China to United States ports pursuant various bills of lading, some of which were issued by K-LINE. (Complaints, Exhibits A-C to Johnson Declaration).

The face of the K-LINE Waybills state, "MERCHANT SPECIFICALLY AGREES THAT ITS ATTENTION HAS BEEN DRAWN TO AND THAT IT HAS ACCEPTED THE APPLICABLE 'K' LINE STANDARD FORM BILL OF LADING." (Waybills, Exhibits H and I to Johnson Declaration) (emphasis in original).

The Terms on the back of the K-LINE Waybills also expressly refer to, incorporate and adopt the terms of the full K-LINE bill of lading. (K-Line Waybill Back Clauses, Exhibit J to Johnson Declaration, at ¶¶ 1, 2.1, 2.2, 3.1, and 3.3.1).

Similarly, the face of the K-LINE Combined Transport Bill of Lading states, "IN ACCEPTING THIS BILL OF LADING, Merchant agrees to be bound by all the stipulations, exceptions, terms and conditions on the face and back hereof." (K-LINE Combined Transport Bill of Lading, Exhibit G to Johnson Declaration).

The "**Governing Law and Jurisdiction**" Clause of those K-Line Bill of Lading terms and conditions provides that "[t]he contract evidenced by or contained in this Bill of Lading shall be governed by Japanese law except as may be otherwise provided for herein,

6

and any action thereunder or in connection with Carriage of Goods shall be brought before the Tokyo District Court in Japan, to whose jurisdiction Merchant irrevocably consents." (K-Line Bill of Lading Back Clauses, Exhibit K to Johnson Declaration, at ¶ 2).

And the K-LINE Bill of Lading expressly provides that the United States Carriage of Goods by Sea Act shall apply to shipments to or from the United States. Id. at ¶ 4.

The bill of lading at issue thus not only specifically mandates exclusive jurisdiction in Japan, but also expressly provides that the minimum protections afforded by COGSA will be preserved. Id.; see also, Jolly Oro, 1999 U.S. Dist. LEXIS at **5-6 ("Plaintiffs, who carry the burden of persuasion, have failed to establish that the substantive law to be applied will reduce the carrier's obligations to the cargo owner below what COGSA guarantees . . . Upon examination of the bill of lading, however, it appears likely that COGSA itself governs the rights and liabilities of both parties . . . and there is no indication from either party that [the foreign] court would not apply COGSA."). Any differences between the application of Chinese law and United States law are thus completely irrelevant.

Even assuming arguendo the laws of Japan would apply on the merits, Japan has adopted the Hague-Visby Rules, and "COGSA is the United States' enactment of the Hague Rules." Macsteel Int'l USA Corp. v. Ibn Abdoun, 154 F. Supp.2d 826, 830 (S.D.N.Y. 2001); accord, Nippon Fire & Marine Ins. Co. v. M.V. Tourcoing, 167 F.3d

7

99, 102 (2d Cir. 1999). The application of Japanese law would not, therefore, "'reduce the carrier's obligations . . . below what COGSA guarantees,'" in any event. Reed & Barton Corp. v. M.V. Tokio Express, 1999 A.M.C. 1088, 1092 (S.D.N.Y. 1999) (quoting Sky Reefer, 515 U.S. at 538).

Accordingly, K-LINE's forum selection clause has routinely been found valid and fully enforceable by United States courts. See, Regal-Beloit Corp. v. Kawaskai Kisen Kaisha, Ltd, 462 F. Supp. 2d 1098, 2007 A.M.C. 480 (C.D. Cal. 2006); TMC Co. v. M/V Mosel Bridge, No. 01 Civ. 7860 (LAK), 2002 U.S. Dist. LEXIS 14451 (S.D.N.Y. Aug. 7, 2000); Chiyoda Fire & Marine Ins. Co. of Am. v. M/V Hyundai Freedom, No. 97 Civ. 8474 (KMW), 1999 U.S. Dist. LEXIS 19993, 1999 A.M.C. 1603 (S.D.N.Y. Feb. 1, 1999); see also, American Home Assurance Co. v. M/V Jaami, No. 06 Civ. 287 (LBS), 2007 U.S. Dist. LEXIS 25864 (S.D.N.Y. Apr. 9, 2007) (same clause); Vigilant Ins. Co. v. Nippon Yusen Kaisha (NYK Line), 97 Civ. 7517 (DC), 1998 U.S. Dist. LEXIS 10491 (S.D.N.Y. Jul. 14, 1998) (same clause); Talatala v. Nippon Yusen Kaisha Corp., 974 F. Supp. 1321, 1997 A.M.C. 1398 (D. Haw. 1997) (same clause).

As prior courts have found when faced with this very contract, there is, therefore, simply no impediment to dismissal in favor of the contractually-selected forum.

**CONCLUSION.**

WHEREFORE, K-LINE urges the Court to grant the instant motion for an order, dismissing the claims against K-LINE and granting to K-LINE such other and further relief as this Honorable Court may deem just and proper.

Dated: New York, New York
      July 31, 2007

                              Respectfully submitted,

                              MAHONEY & KEANE, LLP
                              Attorneys for Defendant
                              KAWASAKI KISEN KAISHA, LTD.

By: _____
      Garth S. Wolfson (GW 7700)
      111 Broadway, Tenth Floor
      New York, New York  10006
      (212) 385-1422