UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

06 Civ. 13439 (RPP)
07 Civ. 00959
07 Civ. 01357
07 Civ. 02562
07 Civ. 03104
07 Civ  03180

---

INDEMNITY INSURANCE CO. OF
NORTH AMERICA,

                              Plaintiff,

          - against -

C.U. TRANSPORT, INC., et al.,

                              Defendants.

And Five Related Cases

DECLARATION OF PAUL M. KEANE IN
SUPPORT OF THE DISMISSAL MOTION OF
DEFENDANTS, YANG MING MARINE
TRANSPORT CORP. AND YANG MING
(AMERICA CORP.)

---

PAUL M. KEANE declares that the following statement is true under the penalties of

perjury:

1.      I am an attorney at law admitted to practice before this Court and I am a member

of the firm of Cichanowicz Callan Keane Vengrow & Textor, LLP, attorneys for defendants,

YANG MING MARINE TRANSPORT CORP. and YANG MING (AMERICA) CORP., in the

above captioned related actions.

2.      The pleadings that are Exhibits C – I of this motion are true and complete copies

of the services copies of those pleadings.

Dated:      New York, NY,  July 31, 2007

                                        /s/ _____Paul M. Keane_____
                                              PAUL M. KEANE [PK-5934]

# EXHIBIT C

8923/PMK

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7025
*Attorneys for Third-Party Defendant*
YANG MING MARINE TRANSPORT CORPORATION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL MARINE UNDERWRITERS as subrogee of OUTBACK TRADING CO., Plaintiff, - against - M/V "EASLINE TIANJIN", her engines, boilers, etc., and KAMINO INTERNATIONAL TRANSPORT, INC. d/b/a/ KAMINO OCEAN LINE, Defendants. | 06 CV 13439 (RCC) ECF CASE **ANSWER TO THIRD PARTY COMPLAINT** |
| KAMINO INTERNATIONAL TRANSPORT, INC. d/b/a/ KAMINO OCEAN LINE, Third-Party Plaintiff - against - YANG MING MARINE TRANSPORT CORP., Third-Party Defendant | |

Third-party defendant, YANG MING MARINE TRANSPORT CORPORATION (hereinafter referred to as "YANG MING"), by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, answers third-party plaintiff's, KAMINO INTERNATIONAL

TRANSPORT, INC. d/b/a/ KAMINO OCEAN LINE (hereinafter referred to as "third-party plaintiff"), third-party complaint upon information and belief as follows:

1.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "FIRST" of third-party plaintiff's complaint.

2.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "SECOND" of third-party plaintiff's complaint.

3.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "THIRD" of third-party plaintiff's complaint.

4.    Admits that YANG MING is a corporation organized under the laws of a foreign sovereign, with an office located at 525 Washington Blvd., 25th Floor, Newport Office Tower, Jersey City, New Jersey 07310, and except as so specifically admitted, denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph "FOURTH" of third-party plaintiff's complaint.

5.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "FIFTH" of third-party plaintiff's complaint.

6.    Denies all of the allegations contained in Paragraph "SIXTH" of third-party plaintiff's complaint.

7.    Denies all of the allegations contained in Paragraph "SEVENTH" of third-party plaintiff's complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8.    The shipment in question was to be carried from a U.S. port to a foreign port pursuant to a bill of lading contract and was therefore subject to all of the provisions of the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. (App.) 1300 et seq.,

approved April 16, 1936, and/or the Harter Act, and that any shortage, loss and/or damage to said shipment, which third-party defendant YANG MING denies, was due to causes for which YANG MING is not liable nor responsible by virtue of all of the exceptions, exemptions and limitations of the aforementioned acts and the bill of lading contract.

9.     Third-party defendant YANG MING claims the benefit of all exceptions, exemptions and limitations contained in the aforesaid statutes and the bill of lading contract to the full extent as may be applicable.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10.     The shipments which are the subject of the claims against YANG MING were subject to all the terms, conditions and exceptions contained in the applicable bill of lading (number YMLUE235003940) then and there issued, therefore for which the shippers, owners, consignees or holders of said bill of lading agreed to be bound and are bound.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11.     This court is an improper forum by virtue of the mandatory forum selection clause in YANG MING's bill of lading that identifies England as the exclusive venue for legal action. Yang Ming's Jurisdiction Clause (26) provides in pertinent part as follows:

> "Except as otherwise provided specifically herein any claim or dispute arising under this Bill shall be governed by the law of England and determined in English courts to the exclusion of the jurisdiction of the courts of any other place…"

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12.     Yang Ming claims the benefit of all exceptions, exemptions and limitations contained in the Kamino Ocean Line Bill of Lading (no. TJN06070328) to the full extent as they may be applicable to it.

- 3 -

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

13.     That due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

14.     That plaintiff has failed to properly and fully mitigate the damages alleged in its complaint.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

15.     That if plaintiff's cargo suffered any loss or damage, which third-party defendant YANG MING denies, then such loss or damage resulted from a cause arising without the actual fault and privity of YANG MING and without the fault or neglect of the agents or servants of YANG MING, and YANG MING is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(Q), and by the terms of the bill of lading.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

16.     That if the goods in the suit were damaged and/or lost, which third-party defendant YANG MING denies, the damage and/or loss was proximately caused by insufficiency of packaging or inadequacy of marks, for which YANG MING is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(n) and (o), and by the terms of the bill of lading.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

17.     That if the plaintiff's cargo was lost and/or damaged, which third-party defendant YANG MING denies, said loss and/or damage was caused in whole or in part by the

contributory negligence of the plaintiff and/or its agents, or the third-party plaintiff and/or its agents.

<u>AS AND FOR A TENTH AFFIRMATIVE DEFENSE</u>

18.    That if the goods in suit were damaged and/or lost, which third-party defendant YANG MING denies, the damage and/or loss was proximately caused by an act or omission of the shipper, for which YANG MING is not liable under Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(i), and according to the terms of the bill of lading.

<u>AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE</u>

19.    This suit is time-barred under the agreed provisions of the Bill of Lading, and under the provisions of the Carriage of Goods by Sea Act, specifically, 46 U.S.C. Sec.1303(6).

<u>AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE</u>

20.    Third-party plaintiffs' claims are barred by the applicable statute of limitations and/or time-barred under the equitable doctrine of laches.

**WHEREFORE**, YANG MING MARINE TRANSPORT CORPORATION respectfully requests that the third-party complaint brought against it be dismissed, and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
    March 27, 2007

                    CICHANOWICZ, CALLAN, KEANE,
                    VENGROW & TEXTOR, LLP
                    61 Broadway, Suite 3000
                    New York, New York 10006

                    *Attorneys for Third-Party Defendant*
                    YANG MING MARINE TRANSPORT CORPORATION

            By:    ___s/ Paul M. Keane_____
                    Paul M. Keane (PMK-5934)

TO:    James F. Sweeney, Esq.
        NICOLETTI HORNIG CAMPISE & SWEENEY
        Wall Street Plaza
        88 Pine Street
        New York, New York 10005-1801
        Attorneys for Plaintiff
        INTERNATIONAL MARINE UNDERWRITERS
        as subrogee of OUTBACK TRADING CO.


        James J. Ruddy, Esq.
        McDermott & Radzik, LLP
        Wall Street Plaza
        88 Pine Street, 21st Floor
        New York, New York 10005
        Attorneys for Third-Party Plaintiff
        KAMINO INTERNATIONAL TRANSPORT, INC.
        d/b/a/ KAMINO OCEAN LINE

**CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF**

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On March 27, 2007, I served a complete copy of YANG MING's answer to third-party plaintiff's complaint, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered addresses and at the following addresses:

> James F. Sweeney, Esq.
> NICOLETTI HORNIG CAMPISE & SWEENEY
> Wall Street Plaza
> 88 Pine Street
> New York, New York 10005-1801
> Attorneys for Plaintiff
> INTERNATIONAL MARINE UNDERWRITERS
> as subrogee of OUTBACK TRADING CO.
>
>
> James J. Ruddy, Esq.
> McDermott & Radzik, LLP
> Wall Street Plaza
> 88 Pine Street, 21st Floor
> New York, New York 10005
> Attorneys for Third-Party Plaintiff
> KAMINO INTERNATIONAL TRANSPORT, INC.
> d/b/a/ KAMINO OCEAN LINE

> ___s/ Irene M. Zanetos_____
> IRENE M. ZANETOS

DATED:      March 27, 2007
            New York, New York

# EXHIBIT D



NICOLETTI HORNIG CAMPISE & SWEENEY
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street
New York, New York 10005-1801
(212) 220-3830
(FILE NO.: 10000455 JFS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK **06 CV 13439**
-----------------------------------------------------------

INTERNATIONAL MARINE UNDERWRITERS,
As Subrogee of OUTBACK TRADING CO.,

06 Civ.    (        )

                    Plaintiff,           **VERIFIED COMPLAINT**

            - against -

M/V EASLINE TIANJIN, her engines, boilers,
etc., and KAMINO INTERNATIONAL
TRANSPORT INC. d/b/a KAMINO
OCEAN LINE,

                    Defendants.

-----------------------------------------------------------X

        Plaintiff, by its attorneys, NICOLETTI HORNIG CAMPISE & SWEENEY,

alleges upon information and belief, as follows:

        **FIRST:**        All and singular the following premises are true and constitute an

admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil

Procedure and within the admiralty and maritime jurisdiction of the United States and of this

Honorable Court.

        **SECOND:**      At and during all the times hereinafter mentioned, Plaintiff had and

now has the legal status and principal office and place of business stated in Schedule A, hereto

annexed, and by this reference made a part hereof.

**THIRD:**    At and during all the times hereinafter mentioned, Defendants had and now have the legal status and offices and places of business stated in Schedule "A", and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the vessel above named as common carriers of merchandise by water for hire.

**FOURTH:**    At and during all the times hereinafter mentioned, the said vessel was and now is a general ship employed in the common carriage of merchandise by water for hire, and now is or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

**FIFTH:**    On or about the date and at the port of shipment stated in Schedule "A", there was shipped by the shippers therein named and delivered to Defendants and the said vessel, as common carriers, the shipment described in Schedule "A" then being in good order and condition, and Defendants and the said vessel then and there accepted said shipment so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the port of destination stated in Schedule "A", and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignee named in Schedule "A".

**SIXTH:**    Thereafter, the said vessel arrived at the port of destination, where it and Defendant failed to make delivery of the shipment, all in violation of Defendants' and the said vessel's obligations and duties as common carriers of merchandise by water for hire.

**SEVENTH:**  Plaintiff was and is the duly subrogated insurer of the consignee and owner of the shipment described in Schedule "A" and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

**EIGHTH:**    By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $31,444.08.

**WHEREFORE,** Plaintiff prays:

1.    That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.    That if Defendants cannot be found within this District, then all their property within this District as shall be described in Schedule "A", be attached in the sum of $31,444.08, with interest thereon and costs, the sum sued for in this Complaint;

3.    That Judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

4.    That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessels, their engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment

in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that

the said vessels may be condemned and sold to pay therefor; and

        5.     That this Court will grant to Plaintiff such other and further relief as may

be just and proper.

Dated:  New York, New York
        November 22, 2006

                                   NICOLETTI HORNIG & SWEENEY
                                   Attorneys for Plaintiff.

By:                              
                                 James F. Sweeney (JFS-7745)
                                 88 Pine Street
                                 Wall Street Plaza
                                 New York, New York 10005-1801
                                 (212) 220-3830
                                 (FILE NO.: 10000455 JFS)

## SCHEDULE A

**Plaintiff's Legal Status and
Office and Place of Business:**

      Plaintiff, INTERNATIONAL MARINE UNDERWRITERS a/s/o OUTBACK TRADING CO., was and now is a corporation organized and existing under and by virtue of the laws of the state of New York, with an office and place of business at 77 Water Street, New York, New York 10005.

**Defendants' Legal Status and
Office and Place of Business:**

      Defendant, KAMINO INTERNATIONAL TRANSPORT INC. d/b/a KAMINO OCEAN LINE, was and now is a corporation or otherwise entity organized and existing under and by the virtue of the laws of one of the states of the United States, with an office and place of business located at 635 Ramsey Avenue, Hillside, New Jersey 07205.

| | |
|---|---|
| Date of Shipment: | July 8, 2006 |
| Port of Shipment: | Tianjin, China |
| Port of Destination: | New York |
| Shippers: | Hebei Lihua Hats Manufacturing Group Ltd. Co. and Dingxing Lida Hat Making Co. Ltd. |
| Consignee: | Outback Trading Co. Ltd. |
| Shipment: | Wool Felt Hats |
| Nature: | Loss |
| Amount: | $31,444.08 |
| NH&S File: | 10000455 JFS |

STATE OF NEW YORK )
        : SS
COUNTY OF NEW YORK )

JAMES F. SWEENEY, being duly sworn, deposes and says:

That he is an attorney admitted to practice before the Courts of this State and a member of the firm of NICOLETTI HORNIG CAMPISE & SWEENEY attorneys for Plaintiff herein.

That he has read the foregoing Verified Complaint and knows the contents thereof and that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters, he believes them to be true.

Deponent further says that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiff concerning the matters set forth in the Verified Complaint in the possession of deponent.

_____
JAMES F. SWEENEY

Sworn to before me this
22ST day of November, 2006

_____
Notary Public

VALERIE A. CLUNE
Notary Public, State of New York
No. 01CL4880479
Qualified in Queens County
Certificate Filed in New York County
Commission Expires Dec. 15, 20_10_

# EXHIBIT E

John Eric Olson, Esq. (JO4394)
HILL RIVKINS & HAYDEN LLP
45 Broadway
New York, New York 10006
(212) 669-0600

Attorneys for Plaintiff, Reed & Barton Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
REED & BARTON CORPORATION,

Index No. 07 Cv. 1357
(Judge Preska)

                          Plaintiff,

        - against -                                      **AMENDED
                                                          COMPLAINT**

UNIFREIGHT FORWARDER INC., M.V.
EASLINE TIANJIN, in rem; and YANG MING
MARINE TRANSPORT CORP.,

                          Defendants.
-----------------------------------------------------------X

        The plaintiff herein, by its attorneys, HILL RIVKINS & HAYDEN LLP, complaining of

the above named vessel and defendants, alleges upon information and belief.

        **FIRST**:        This is an admiralty or maritime claim within the meaning of Rule 9(h) of

the Federal Rules of Civil Procedure.

        **SECOND**:       At and during all the times hereinafter mentioned, plaintiff had and now

has the legal status and principal office and place of business stated in Schedule A hereto

annexed and by this reference made a part hereof.

        **THIRD**:        At and during all the times hereinafter mentioned, the defendants have and

now have the legal status and offices and places of business stated in Schedule A, and were and now are engaged in business as a common carriers of merchandise by water for hire.

**FOURTH**:    On or about the date and at the port of shipment stated in Schedule A, there was delivered to the defendants in good order and condition the shipment described in Schedule A, which the said defendants received, accepted and agreed to transport for certain consideration to the port of destination stated in Schedule A.

**FIFTH**:    Thereafter, the said shipment arrived at the port of destination described in Schedule A, and the cargo was either not delivered, or delivered in damaged condition.

**SIXTH**:    By reason of the premises, the above named defendants breached, failed and violated their duties and obligations as a common carrier and was otherwise at fault.

**SEVENTH**:    Plaintiff was the consignee of the shipment as described in Schedule A, and brings this action on its own behalf and, as agent and trust, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**EIGHTH**:    Plaintiff has duly performed all duties and obligations on its part to be performed.

**NINTH**:    By reason of the premises, plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $250,000.

*W H E R E F O R E*, plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against the vessel and the defendants; and,

2. That if defendants cannot be found within this District, that all of their properties within this District, as shall be described in an affidavit, be attached in the sum set forth in this complaint, with interest and costs; and,

3. That a decree may be entered in favor of plaintiff against the defendants for the amount of plaintiff's damages, together with interest and costs; and,

4. Plaintiff further prays for such other, further and different relief as to this Court may seem just and proper in the premises.

Dated: New York, New York
      April 10, 2007

                          HILL RIVKINS & HAYDEN LLP
                          Attorneys for Plaintiff

By:                                 

                          John Eric Olson (JO 4394)
                          45 Broadway
                          New York, New York 10006
                          (212) 669-0600

## **SCHEDULE A**

***Plaintiff's legal status and place of business:***

Plaintiff, Reed & Barton Corporation, is a corporation having a principal place of business at 144 West Brittania Street, Tauton, MA 02780.

***Defendants' legal status and place of business:***

Defendant, Unifreight Forwarder Inc. is a corporation or other business entity with a place of business at 74 #29 Pao Chin Ching Street, Taipei, Taiwan, and has an agent, Empire Inter-Freight Corp., 3840 Park Avenue, Suite 201, Edison, New Jersey 08820.

Defendant, Easline Tianjin, in rem, is a vessel registered under the laws of Singapore.

Defendant, Yang Ming Marine Transport Corp. is a coporation or other business entity with a place of business c/o Yang Ming (America) Corp., 525 Washington Blvd., 25th Floor, Newport Office Tower, Jersey City, NJ 07310.

| | |
|---|---|
| **Date of Shipment:** | July 8, 2006 |
| **Port of Shipment:** | Xingang, China |
| **Port of Discharge:** | New York, New York |
| **Place of Delivery:** | Boston, MA |
| **Shipper:** | TTX Group |
| **Consignee:** | Reed & Barton Corporation |
| **B/L:** | TJN060329 (Unifreight); YMLUE23500441 (Yang Ming) |
| **Notify:** | C.H. Powel Co. |
| **Description of Shipment:** | Stainless Steel Flatware |
| **Nature of Loss or Damage:** | Physical Damage and non-delivery |

29356\005Amended Complaint

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

REED & BARTON CORPORATION,

Index No. 07 Cv. 1357

(Judge Preska)

Plaintiff,

**AFFIDAVIT OF**
**SERVICE BY MAIL**

- against -

UNIFREIGHT FORWARDER INC., M.V.
EASLINE TIANJIN, in rem; and YANG MING
MARINE TRANSPORT CORP.,

Defendants.
------------------------------------------------------------X

STATE OF NEW YORK     :
                      : SS:
COUNTY OF NEW YORK    :

The undersigned, being duly sworn, deposes and says: I am not a party to the action, am over 18 years of age and reside at 30 Angela Circle, Hazlet, New Jersey 07730. That on the 10th day of April, 2007, I served the annexed **SUPPLEMENTAL SUMMONS AND AMENDED COMPLAINT** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York state, addressed to each of the following persons at the last known address set forth after each name:

Unifreight Forwarder Inc.
c/o Empire Inter-Freight Corp., 3840 Park Avenue, Suite 201,
Edison, New Jersey 08820.

Yang Ming Marine Transport Corp
c/o Yang Ming (America) Corp.,
525 Washington Blvd., 25th Floor, Newport Office Tower,
Jersey City, NJ 07310.

Donna Somma

Sworn to before me this
10th day of April, 2007

Notary Public

ROBERT BLUM
Notary Public, State Of New York
No.01BL4914091
Qualified In Kings County
Certificate Filed In New York County
Commission Expires December 7, 20__

# EXHIBIT F

CLARK, ATCHESON & REISERT
Peter D. Clark (PC 6190)
Attorney for Defendant
7800 River Road
North Bergen, New Jersey 07047
Tel.:    (201) 537-1200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
AMERICAN HOME ASSURANCE
COMPANY a/s/o LG SOURCING, INC.
and a/s/o ENDURANCE, LLC

                Plaintiffs,

     - against -

M.V. EASLINE TIANJIN, her engines, boilers,
etc.; KAWASAKI KISEN KAISHA CO., LTD.
d/b/a "K" LINE; TRUST FREIGHT
SERVICES; and YANG MING LINES,

             Defendants.

----------------------------------------------------------x

ELF CASE
07 Civ. 2562 (LAP)

**ANSWER OF TRUST
FREIGHT SERVICES
WITH AFFIRMATIVE
DEFENSES AND CROSS
CLAIM**

Defendant, TRUST FREIGHT SERVICES, INC., incorrectly named as TRUST

FREIGHT SERVICES (hereafter referred to as "TRUST FREIGHT") by its attorneys

Clark, Atcheson & Reisert, answers plaintiff's, AMERICAN HOME ASSURANCE

COMPANY (hereafter referred to as "plaintiff") complaint with civil number 07 CV2562

upon information and belief as follows:

    1.     Admits the allegations contained in paragraph "FIRST" of plaintiff's

        complaint.

2.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "SECOND" of plaintiff's complaint.

3.  Admits that at and during the times hereinafter mentioned, defendant TRUST FRIEGHT was and now is engaged in business as a carrier of merchandise by water for hire, but except as so admitted, denies the remaining allegations contained in paragraph "THIRD" of plaintiff's complaint.

4.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "FOURTH" of plaintiff's complaint.

5.  Admits that on or about the date and at the point of shipment stated in Schedule B, there was shipped by the shipper therein named and delivered to defendant a sealed, shipper's load and count container said to contain men's cotton knit shirts then and there accepted said shipment delivered to them and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the port of destination stated in Schedule B and there deliver the same but, except as so admitted, denies the remaining allegations contained in paragraph "FIFTH" of plaintiff's complaint.

6.    Admits that thereafter, the said vessel arrived at the port of destination, but except as so admitted, denies the remaining allegations contained in paragraph "SIXTH" of plaintiff's complaint.

7.    Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "SEVENTH" of plaintiff's complaint.

8.    Denies the allegations contained in paragraph "EIGHTH" of plaintiff's complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

9.    Plaintiff is not a real party-in-interest.

### SECOND AFFIRMATIVE DEFENSE

10.    Plaintiff's complaint fails to state a cause of action.

### THIRD AFFIRMATIVE DEFENSE

11.    The said shipment was transported on the said vessel subject to the bills of lading issued therefore and tariff by which the shippers, owners, consignees

and holders of said bills of lading agreed to be and are bound and were subject also to the provisions of the United States Carriage of Goods by Sea Act, approved April 16, 1936 and/or the Harter Act. Any loss and/or injury and/or damage alleged to have been suffered by the shipment was due to a cause or causes for which TRUST FREIGHT is not liable or responsible by virtue of the provisions of the United States Carriage of Goods by Sea Act and/or Harter Act and/or The Hague Rules and/or similar legislation and/or provisions of the said bills of lading and/or tariff and/or other applicable provisions of the contact of carriage or of law.  Defendant TRUST FREIGHT claims the benefits of all exceptions, exemptions and limitations of the above mentioned acts and bill of lading contracts.

## FOURTH AFFIRMATIVE DEFENSE

12. The United States Carriage of Goods by Sea Act provides in §1304 thereof, among other things, as follows:

(2) Neither the carrier nor the ship shall be held responsible for loss or damage arising or resulting from –

       (c)     Perils, dangers and accidents of sea or other navigable waters;

       (d)     Act of God;

       (i)     Act or omission of the shipper or owner of the goods, his agent of representative;

(m)    Wastage in bulk or weight or any other loss or damage

arising from inherent defect, quality or vice of the goods;

(n)    Insufficient of packing;

(p)    Latcht defects not discoverable by due diligence; and

Defendant claims the benefit of these provisions as

appropriate.

(q)    Any other cause arising without the actual fault or the

privity of the carrier and without the fault or neglect of the

agents or servants of the carrier, but the burden of proof

shall be on the person claiming the benefit of this exception

to show that neither the actual fault or privity of the carrier,

nor the fault or neglect of the agents or servants of the

carrier contributed to the loss or damage.

### FIFTH AFFIRMATIVE DEFENSE

13.    In the event that any liability is adjudged against this answering defendant,

then the liability of this defendant is restricted and limited to U.S. $500 per

package, or in case of goods not shipped in packages, per customary freight

unit, in accordance with the provisions of the United States Carriage of Goods

by Sea Act, 46 U.S.C. §1304 or some other limitation amount set forth in the

governing legislation.

## SIXTH AFFIRMATIVE DEFENSE

14.     That due diligence was exercised on the part of the carrier to make the vessel

and its appurtenances seaworthy, and to make all other parts of the vessel in

which goods were carried fit and safe for the reception, carriage and

preservation of said shipment.

## SEVENTH AFFIRMATIVE DEFENSE

15.     Plaintiff has failed to properly mitigate the damages alleged in its complaint.

## EIGTH AFFIRMATIVE DEFENSE

16.     This action is time-barred under the terms of the bill of lading and provisions

of the Carriage of Goods by Sea Act and the equitable doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

17.     At all relevant times defendant TRUST FREIGHT acted as an agent for a

disclosed principal.

## TENTH AFFIRMATIVE DEFENSE

18.     The complaint must be dismissed pursuant to the forum selection clause

incorporated in the applicable dock receipts, bill of lading, tariffs, charters,

and/or contracts of freight shipment.

## AS AND FOR A CROSSCLAIM AGAINST CO-
## DEFENDANT YANG MING LINES

19.    If the plaintiff suffered any damages, which is denied, such damages were
       caused by the acts, omissions, breach and/or negligence of co-defendant Yang
       Ming Lines and/or others acting on their behalf, without any acts, omissions,
       breach or negligence on the part of defendant TRUST FREIGHT contributing
       thereto.

20.    If the plaintiff suffered any damages, which is denied, and is awarded
       judgment against defendant TRUST FREIGHT, then defendant will be
       entitled to full and complete indemnity and/or contribution as the case may be
       from co-defendant Yang Ming Lines for all losses and damages sustained,
       together with costs, disbursements and reasonable counsel fees.

WHEREFORE, defendant TRUST FREIGHT demands judgment dismissing the
plaintiff's complaint, or in the alternative, demands judgment against co-defendant
Yang Ming Lines for all sums which may be received by the plaintiff against
defendant TRUST FREIGHT or for contribution, as the case may be, together with
costs, disbursements and reasonable counsel fees and for such other or different relief
as this Court may deem just and proper under the premises.

Dated:    North Bergen, New Jersey
          May 9, 2007

                         CLARK, ATCHESON & REISERT

                         Attorney for Defendant
                         TRUST FREIGHT SERVICES

                         _____
                         Peter D. Clark (PC 6190)
                         7800 River Road
                         North Bergen, NJ 07047
                         Tel: (201) 537-1200

TO:

Edward C. Radzik, Esq.
McDERMITT & RADZIK, LLP
Attorney for Plaintiff
Wall Street Plaza
88 Pine Street, 21st Floor
New York, New York 10005-1801

Paul M. Keane, Esq.
CICHANOWICZ, CALLAN, KEANE, VENGROW, TEXTOR, LLP
Attorneys for Co-defendant Yang Ming Lines
61 Broadway, Suite 3000
New York, New York 10006

# EXHIBIT G

BLANK ROME LLP
Attorneys for Defendant
APL LOGISTICS HONG KONG LTD.
405 Lexington Avenue
New York, NY  10174-0208
Tel:  (212) 885-5000
Fax: (212) 885-5001
John D. Kimball (JK-2005)
Matthew H. James (MJ-3286)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE TRAVELERS as subrogee of DORSON INC., and EDDIE BAUER, INC., THE HARTFORD INSURANCE CO., as subrogee of CROSS ISLAND TRADING CO., INC., and GREAT AMERICAN INSURANCE CO., as subrogee of DO IT BEST CORP., <br><br> Plaintiffs, <br><br> - against - <br><br> M/V "EASLINE TIANJIN", her engines, boilers, etc., <br><br> - and - <br><br> KAWASAKI KISEN KAISHA, LTD., YANG MING MARINE TRANSPORT, LTD., PHOENIX INTERNATIONAL FREIGHT SERVICES, LTD., LAUFER FREIGHT LINES, LTD., APL LOGISTICS, and HYUNDAI MERCHANT MARINE, LTD., <br><br> Defendants. | 07 Civ. 3104 (RPP) <br><br><br><br><br><br><br><br><br><br><br><br> **ANSWER OF DEFENDANT APL LOGISTICS HONG KONG LTD. TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS** |

Defendant, APL Logistics Hong Kong Ltd. ("APL" and sued herein as "APL Logistics"), through its attorneys, Blank Rome LLP, hereby answers Plaintiffs' Amended Complaint, upon information and belief, as follows:

1.    Admits this Court has admiralty and maritime jurisdiction, but except as admitted, denies the remaining allegations of the First Paragraph of the Amended Complaint.

2.    Denies knowledge or information sufficient to admit or deny the allegations of the Second Paragraph of the Amended Complaint.

3.    Denies knowledge or information sufficient to admit or deny the allegations of the Third Paragraph of the Amended Complaint.

4.    Admits APL is a business entity existing under and by virtue of the laws of a foreign nation and conducts business at an office at 6055 Primacy Parkway, Suite 210, Memphis, Tennessee, 38119, but except as admitted, denies the remaining allegations of the Fourth Paragraph of the Amended Complaint.

5.    Denies knowledge or information sufficient to admit or deny the allegations of the Fifth Paragraph of the Amended Complaint.

6.    Denies that the alleged losses sustained by cargo claimants were caused and contributed to solely by the fault of or on the part of APL, its agents, servants and employees. By way of further answer, denies knowledge or information sufficient to admit or deny the remaining allegations of the Sixth Paragraph of the Amended Complaint.

7.    Denies knowledge or information sufficient to admit or deny the allegations of the Seventh Paragraph of the Amended Complaint.

8.    Denies the allegations of the Eighth Paragraph of the Amended Complaint directed to APL.  By way of further answer, denies knowledge or information sufficient to admit or deny the allegations of the Eighth Paragraph of the Amended Complaint directed to other parties.

9.    Denies the allegations of the Ninth Paragraph of the Amended Complaint directed to APL.  By way of further answer, denies knowledge or information sufficient to admit or deny the allegations of the Ninth Paragraph of the Amended Complaint directed to other parties.

10.    Denies the allegations of the Tenth Paragraph of the Amended Complaint directed to APL.  By way of further answer, denies knowledge or information sufficient to admit or deny the allegations of the Tenth Paragraph of the Amended Complaint directed to other parties.

11.    Denies knowledge or information sufficient to admit or deny the allegations of the Eleventh Paragraph of the Amended Complaint.

12.    Denies the allegations of the Twelfth Paragraph of the Amended Complaint directed to APL.  By way of further answer, denies knowledge or information sufficient to admit or deny the allegations of the Tenth Paragraph of the Amended Complaint directed to other parties.

13.    Denies knowledge or information sufficient to admit or deny the allegations of the Thirteenth Paragraph of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not the real parties in interest and lack standing to bring these claims.

### THIRD AFFIRMATIVE DEFENSE

APL is entitled to any and all defenses contained in the United States Carriage of Goods by Sea Act, 46 U.S.C. §30701 note, and/or the original freight forwarders cargo receipt and/or

the applicable the bill of lading and/or contract of carriage and/or any other applicable tariff or statute, including but not limited to the right to limit liability to $500 per package or customary freight unit.

### FOURTH AFFIRMATIVE DEFENSE

If any loss or damage occurred to Plaintiffs' cargo, which is denied, such loss or damage was caused by the pre-existing condition or inherent defects of the cargo and/or the actions of others, including the shipper, for whose actions APL is not responsible or liable.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are time-barred and/or barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

If any loss or damage occurred to the cargo, which is denied, such loss or damage did not occur while the cargo was in the custody or control of APL and/or other third parties over whom APL exercised control or for whom APL is either responsible or liable.

### SEVENTH AFFIRMATIVE DEFENSE

If any loss or damage occurred to the cargo, which is denied, such loss or damage was caused by the defective packing of the cargo that was performed by Plaintiffs and/or other third parties over whom APL exercised no control and for whom APL is neither responsible nor liable.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs failed to give APL timely notice of their alleged claim as required by the United States Carriage of Goods by Sea Act, 46 U.S.C. §30701 note.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs waived any rights they may have had to recover for any loss or damage, which is denied, of the shipment sued upon.

### ELEVENTH AFFIRMATIVE DEFENSE

This is an inconvenient forum for trial and this action should be dismissed pursuant to the doctrine of *forum non conveniens*.

### TWELFTH AFFIRMATIVE DEFENSE

Venue is improper in this district.

### THIRTEENTH AFFIRMATIVE DEFENSE

Service of process in this matter has not been properly effected on APL.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent the dispute between Plaintiffs and APL is subject to an arbitration agreement, APL reserves its rights to move to stay or dismiss this matter pending arbitration.

### CROSS-CLAIMS AGAINST DEFENDANTS KAWASAKI KISEN KAISHA, LTD., YANG MING MARINE TRANSPORT, LTD., PHOENIX INTERNATIONAL FREIGHT SERVICES, LTD., LAUFER FREIGHT LINES, LTD., AND HYUNDAI MERCHANT MARINE, LTD.

1.     APL, as and for its Cross-Claims against defendants Kawasaki Kisen Kaisha, Ltd., Yang Ming Marine Transport, Ltd., Phoenix International Freight Services, Ltd., Laufer Freight Lines, Ltd., and Hyundai Merchant Marine, Ltd. (collectively, the "Cross-Claim Defendants"), repeats and re-alleges each and every admission, denial, denial of knowledge or information and affirmative defense contained in the foregoing paragraphs as if set forth herein in full.  The affirmative defenses of APL are hereby reserved in all respects, and nothing

contained in APL's Cross-Claims shall in any way be construed as a waiver of any such defense.

2.      If any damage or loss was caused to the cargo in respect of which Plaintiffs sue, which is denied, said damage is due to the fault, act, omission, neglect, breach of contract and/or breach of warranty by the Cross-Claim Defendants, their employees, agents, officers, and/or directors and not due to any fault, act, omission, neglect, breach of contract and/or breach of warranty on behalf of APL or any party for whose actions APL is responsible, and Plaintiffs should have judgment against the Cross-Claim Defendants, jointly and severally, and not against APL.

3.      If APL is found to have any liability to Plaintiffs, which is denied, APL is entitled to full indemnity and/or contribution from the Cross-Claim Defendants, jointly and severally, for all amounts which APL is required to pay Plaintiffs in respect of such liability and also for its attorneys' fees and costs incurred in defending this action.

WHEREFORE, APL prays for:

(a)     Judgment dismissing Plaintiffs' Amended Complaint against APL herein;

(b)     Judgment for APL on its Cross-Claims against the Cross-Claim Defendants, jointly and severally;

(c)     Judgment granting APL contribution and/or indemnity from the Cross-Claim Defendants, jointly and severally, for any amount for which APL may be judged to be liable to Plaintiffs;

(d)     Whether or not Plaintiffs prevail, indemnification for attorneys' fees, costs, and disbursements in this action, in favor of APL and against the Cross-Claim Defendants, jointly and severally; and

(e)     Such other and further relief as may be just and equitable.

Dated:     New York, New York
           July 10, 2007

                                BLANK ROME LLP

                                Attorneys for Defendants
                                APL LOGISTICS HONG KONG LTD.

                        By:  /s/ John D. Kimball
                             John D. Kimball (JK-2005)
                             405 Lexington Avenue
                             New York, NY  10174-0208
                             Tel:  (212) 885-5000
                             Fax: (212) 885-5001

Of Counsel:
Matthew H. James (MJ-3286)

# EXHIBIT H

John Eric Olson, Esq. (JO4394)
HILL RIVKINS & HAYDEN LLP
45 Broadway
New York, New York 10006
(212) 669-0600



Attorneys for Plaintiff, Klaussner International, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CV    3180**

-----------------------------------------------------------X

KLAUSSNER INTERNATIONAL, LLC

Index No.

                                Plaintiff,

        - against -

                                                        **COMPLAINT**

M.V. EASLINE TIANJIN, in rem; and YANG
MING MARINE TRANSPORT CORP.,

                                Defendants.

-----------------------------------------------------------X

    The plaintiff herein, by its attorneys, HILL RIVKINS & HAYDEN LLP, complaining of

the above named vessel and defendants, alleges upon information and belief.

    **FIRST**:        This is an admiralty or maritime claim within the meaning of Rule 9(h) of

the Federal Rules of Civil Procedure.

    **SECOND**:        At and during all the times hereinafter mentioned, plaintiff had and now

has the legal status and principal office and place of business stated in Schedule A hereto

annexed and by this reference made a part hereof.

    **THIRD**:        At and during all the times hereinafter mentioned, the defendants have and

now have the legal status and office and place of business stated in Schedule A, and were and

now are engaged in business as a common carriers of merchandise by water for hire.

**FOURTH**:     On or about the date and at the port of shipment stated in Schedule A, there was delivered to the defendants in good order and condition the shipment described in Schedule A, which the said defendants received, accepted and agreed to transport for certain consideration to the port of destination stated in Schedule A.

**FIFTH**:     Thereafter, the said shipment arrived at the port of destination described in Schedule A, and the cargo was either not delivered, or delivered in damaged condition.

**SIXTH**:     By reason of the premises, the above named defendants breached, failed and violated their duties and obligations as a common carrier and was otherwise at fault.

**SEVENTH**:     Plaintiff was the consignee of the shipment as described in Schedule A, and brings this action on its own behalf and, as agent and trust, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**EIGHTH**:     Plaintiff has duly performed all duties and obligations on its part to be performed.

**NINTH**:     By reason of the premises, plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $42,000.

*W H E R E F O R E*, plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against the vessel and the defendant; and,

2. That if the defendant cannot be found within this District, that all of its properties

--2--

within this District, as shall be described in an affidavit, be attached in the sum set forth in this complaint, with interest and costs; and,

    3. That a decree may be entered in favor of plaintiff against the defendants for the amount of plaintiff's damages, together with interest and costs; and,

    4. Plaintiff further prays for such other, further and different relief as to this Court may seem just and proper in the premises.

Dated: New York, New York
      April 20, 2007

                               HILL RIVKINS & HAYDEN LLP
                               Attorneys for Plaintiff

By: _____
                               John Eric Olson (JO 4394)
                               45 Broadway
                               New York, New York 10006
                               (212) 669-0600

# SCHEDULE A

*Plaintiff's legal status and place of business:*

Plaintiff, Klaussner International LLC, is a corporation having a principal place of business at 405 Lewallen Road, Asheboro, NC 27205.

*Defendants' legal status and place of business:*

Defendant, Easline Tianjin, in rem, is a vessel registered under the laws of Singapore.

Defendant, Yang Ming Marine Transport Corp. is a corporation or other business entity with a place of business c/o Yang Ming (America) Corp., 525 Washington Blvd., 25th Floor, Newport Office Tower, Jersey City, NJ 07310.

| | |
|---|---|
| **Date of Shipment:** | July 8, 2006 |
| **Port of Shipment:** | Xingang, China |
| **Port of Discharge:** | Wilmington, NC |
| **Place of Delivery**: | Robbins, NC |
| **Shipper:** | Tianjin Master Home Furniture |
| **Consignee:** | Klaussner International, LLC |
| **B/L:** | YMLUE235003906 |
| **Notify:** | Rogers & Brown |
| **Description of Shipment:** | Furniture |
| **Nature of Loss or Damage:** | Physical Damage and non-delivery |

29356\009-Klaussner- Complaint

# EXHIBIT I

REN RONG PAN ATTORNEY AT LAW
Glory China Tower
11 East Broadway, Suite 4B
New York, NY 10038
Tele: (212) 406-5533
ATTORNEY FOR W&L INTERNATIONAL EXPRESS, INC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **AMERICAN HOME ASSURANCE COMPANY a/s/o LG SOURCING, INC. and a/s/o ENDURANCE, LLC** <br>                       **Plaintiff,** <br><br>   **-against-** <br><br> **M/V EASLINE TIANJIN, her engines, boilers, etc., KAWASAKI KISEN KAISHA CO., LTD. d/b/a "K" LINE; TRUST FREIGHT SERVICES; YANG MING LINES; and PU HARMONY Pte. Ltd., as Registered Owner,** <br>                       **Defendants.** | **CIVIL ACTION** <br> **NO. 07 CV 2562 (RPP)** <br><br> **ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIM OF W&L INTERNATIONAL EXPRESS, INC.** |
| **TRUST FREIGHT SERVICES, INC. d/b/a TRUST FREIGHT SERVICE** <br>                   **Third-Party Plaintiff,** <br>    **-against-** <br><br> **W&L INTERNATIONAL EXPRESS, INC.** <br><br>                   **Third-Party Defendant.** | |

Third-Party Defendant W&L International Express, Inc. ("W&L"), through undersigned counsel, for answer to the Third-Party Complaint of Third-Party Plaintiff Trust Freight Services, Inc., and the Complaint as amended ("Amended Complaint") of Plaintiff American Home Assurance Company, avers and alleges upon information and belief as follows:

## <u>AS AND FOR ANSWER TO THIRD-PARTY COMPLAINT</u><br><u>OF TRUST FREIGHT SERVICES, INC.</u>

1.    W&L admits the allegations contained in Paragraph 1 of the Third-Party Complaint.

2.    W&L admits the allegations contained in Paragraph 2 of the Third-Party Complaint.

3.    W&L denies the allegations contained in Paragraph 3 of the Third-Party Complaint for lack of knowledge and information sufficient to justify a belief in the truth therein.

4.    W&L admits the allegations contained in Paragraph 4 of the Third-Party Complaint.

5.    W&L admits the allegations contained in Paragraph 5 of the Third-Party Complaint.

6.    W&L denies the allegations contained in Paragraph 6 of the Third-Party Complaint.

7.    W&L denies the allegations contained in Paragraph 7 of the Third-Party Complaint.

## <u>AS AND FOR ANSWER TO AMENDED COMPLAINT</u><br><u>OF AMERICAN HOME ASSURANCE COMPANY</u>

8.    W&L denies the allegations contained in Paragraph "FIRST" of the Amended Complaint.

9.      W&L denies the allegations contained in Paragraph "SECOND" of the Amended Complaint.

10.     W&L denies the allegations contained in Paragraph "THIRD" of the Amended Complaint for lack of knowledge and information sufficient to justify a belief in the truth therein.

11.     W&L denies the allegations contained in Paragraph "FOURTH" of the Amended Complaint for lack of knowledge and information sufficient to justify a belief in the truth therein.

12.     W&L denies the allegations contained in Paragraph "FIFTH" of the Amended Complaint for lack of knowledge and information sufficient to justify a belief in the truth therein.

13.     W&L denies the allegations contained in Paragraph "SIXTH" of the Amended Complaint, except to admit that a sealed, shipper's load and count cargo container said to contain men's cotton knit shirts/pants was shipped.

14.     W&L denies the allegations contained in Paragraph "SEVENTH" of the Amended Complaint, except to admit that the vessel arrived at the port of destination.

15.     W&L denies the allegations contained in Paragraph "EIGHTH" of the Amended Complaint for lack of information and knowledge to justify a belief in the truth therein.

16.     W&L denies the allegations contained in Paragraph "NINTH" of the Amended Complaint.

17.     W&L denies the allegations contained in Paragraph "TENTH" of the Amended Complaint.

3

## AFFIRMATIVE DEFENSES TO THIRD-PARTY COMPLAINT
## AND AMENDED COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

18.     Neither the Amended Complaint nor the Third-Party Complaint states a claim,

cause of action, or right of action against W&L upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

19.     Neither the Plaintiff nor the Third-Party Plaintiff is a real party in interest.

### THIRD AFFIRMATIVE DEFENSE

20.     The Amended Complaint and Third-Party Complaint are barred by laches and/or

the applicable limitation for filing suit, whether statutory or contractual.

### FOURTH AFFIRMATIVE DEFENSE

21.     Requisite notice of claim was not given within the time required by law.

### FIFTH  AFFIRMATIVE DEFENSE

22.     This Honorable Court lacks personal jurisdiction over W&L.

### SIXTH AFFIRMATIVE DEFENSE

23.     This action, or part thereof, is founded upon improper venue.

### SEVENTH AFFIRMATIVE DEFENSE

24.     Service of process upon W&L is insufficient/improper.

### EIGHTH  AFFIRMATIVE DEFENSE

25.     The forum is inconvenient and the Amended Complaint and the Third-Party

Complaint should be dismissed pursuant to the doctrine of  *forum non conveniens.*

### NINTH AFFIRMATIVE DEFENSE

26.     At all times pertinent, W&L acted as an agent for a disclosed principal.

4

## TENTH AFFIRMATIVE DEFENSE

27.    The disputes embraced in the Amended Complaint and Third-Party Complaint fall within the scope of charter parties and/or contracts of carriage and/or booking notes and/or bills of lading that are referable to arbitration as provided in said charter parties and/or contracts of carriage notes and/or booking notes and/or bills of lading. This suit should, therefore, be stayed pending arbitration.

## ELEVENTH  AFFIRMATIVE DEFENSE

28.    The disputes embraced in the Amended Complaint and Third-Party Complaint fall within the scope of charter parties and/or contracts of carriage and/or booking notes and/or bills of lading that contain choice of forum provisions which require that this matter be resolved in a foreign forum.

## TWELFTH  AFFIRMATIVE DEFENSE

29.    Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods were carried fit and safe for the reception, carriage, and preservation of said shipment.

## THIRTEENTH  AFFIRMATIVE DEFENSE

30.    If Plaintiff or Third-Party Plaintiff sustained any damage, which is specifically denied, then the damage resulted from acts, neglects or fault in the navigation or management of the vessel; act of God; perils, dangers and accidents of the sea or other navigable waters; act or omission of the shipper or owner of the goods, his agent or representative; inherent defects, quality or vice of the goods themselves; insufficiency or inadequacy of packaging of the goods; latent defects not discoverable by due diligence; and/or other causes arising without the actual fault or neglect of the W&L, its agents or servants. W&L shows that any such damage, which is

5

specifically denied, was the consequence of one or more of the foregoing, and that under any applicable charter parties, contract of carriage, booking notes and/or bill(s) of lading and applicable law, W&L is not liable to Plaintiff or Third-Party Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

31.    If Plaintiff or Third-Party Plaintiff is entitled to any recovery, which is specifically denied, such recovery is subject to the applicable per package limitation.

## FIFTEENTH AFFIRMATIVE DEFENSE

32.    W&L specifically pleads as affirmative defenses each and every defense, exception, exoneration and/or limitation of liability found within the relevant contract of carriage and/or the United States Carriage of Goods by Sea Act/the Harter Act/the Hague Rules, as though each such defense, exception, exoneration or limitation was set forth herein in its entirety.

## SIXTEENTH AFFIRMATIVE DEFENSE

33.    W&L asserts that if the cargo referred to in the Complaint was lost or damaged, which is specifically denied, Plaintiff and Third-Party Plaintiff are placed on its full proof of the fairness and reasonableness of the steps, if any, taken by it to minimize the damage.

## FOURTEENTH  AFFIRMATIVE DEFENSE

34.    W&L's Answer and Cross-Claim are made without waiver of any defenses including jurisdictional defenses and right to arbitrate that may exist between the parties.

## CROSS-CLAIM AGAINST YANG MING LINES AND THE PU HARMONY PTE. LTD.

35.    If Plaintiff and/or Third-Party Plaintiff suffered any damages, which is specifically denied, such damages were solely caused by the acts, omissions, breach and/or

negligence of Defendants Yang Ming Lines, Pu Harmony Pte. Ltd., and/or others acting on their behalf, without any acts, omissions, breach or negligence on the part of W&L.

36.     If Plaintiff and/or Third-Party Plaintiff suffered any damages, which is specifically denied, and is awarded judgment against W&L, then W&L will be entitled to full and complete indemnity and/or contribution, as the case may be, from Yang Ming Lines and/or Pu Harmony Pte. Ltd. for all losses and damages sustained, together with costs, disbursements and attorneys' fees.

**WHEREFORE,** W&L demands judgment dismissing the Amended Complaint of American Home Assurance Company and the Third-Party Complaint of Trust Freight Services, Inc. at their costs, or in the alternative, demands judgment against Yang Ming Lines and Pu Harmony Pte. Ltd. for indemnity of all sums which may be received by Plaintiff and/or Third-Party Plaintiff against W&L or for contribution, as the case may be, together with costs, disbursements and attorneys' fees, and for such and further and other relief as this Court may deem justice and proper. W&L reserves the right to amend its Answer and Cross-Claim as further information is developed.

Dated: New York, New York
        July 19, 2007

                                        S/_____
                                          Ren Rong Pan (RP7378)
                                          REN RONG PAN ATTORNEY AT LAW
                                          Glory China Tower
                                          11 East Broadway, Suite 4B
                                          New York, NY  10038
                                          Tele:  (212) 406-5522
                                          Fax:  (212) 964-5030
                                          Attorneys for W&L International Express,
                                          Inc.

## CERTIFICATE OF SERVICE BY ECF AND US MAIL

**I HEREBY CERTIFY** that I have on this 19th Day of July, 2007 served a copy of the

foregoing pleading on counsel for all parties to this proceeding, both by ECF and by placing

same in the United States Mail, properly addressed, and first class postage prepaid to the

following parties:

> Edward C. Radzik, Esq.
> McDERMOTT & RADZIK, LLP
> Wall Street Plaza
> 88 Pine Street, 21st Floor
> New York, New York 10005-1801
> Attorneys for American Home Assurance Company
>
> Paul M. Keane, Esq.
> CICHANOWEICS, CALLAN, KEANE, VENGROW & TEXTOR, LLP
> 61 Broadway, Suite 3000
> New York, New York 10006
> Attorneys for Yang Ming Lines
>
> Peter D. Clark, Esq.
> CLARK, ATCHESON & REISERT
> 7800 River Road
> North Bergen, New Jersey 07047
> Attorneys for Trust Freight Services, Inc.
>
> Edward A. Keane, Esq.
> MAHONEY & KEANY, LLP
> 111 Broadway
> New York, New York 10006
> Attorneys for Kawaski Kisen Kaisha Co., Ltd.

S/_____

       REN RONG PAN