UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
THE TRAVELERS as subrogee of DORSON            07 CV 3104 (RPP)
INC., and EDDIE BAUER, INC., THE
HARTFORD INSURANCE CO., as subrogee
of CROSS ISLAND TRADING CO., INC.,
and GREAT AMERICAN INSURANCE CO., as
subrogee of DO IT BEST CORP.; and
FIREMAN'S FUND INSURANCE COMPANY as
subrogee of TRINITY GLASS INTERNATIONAL,
INC., and SPRINGS DECORATIVE FLOOR, INC.,

                Plaintiffs,                        ANSWER WITH
                                                AFFIRMATIVE DEFENSES
       -against-                               TO PLAINTIFFS' SECOND
                                                AMENDED COMPLAINT
M/V "EASLINE TIANJIN" her engines,
boilers, etc

       - and -

KAWASAKI KISEN KAISHA LTD.;
YANG MING MARINE TRANSPORT, LTD.
PHOENIX INTERNATIONAL SERVICES
LTD., LAUFER FREIGHT LINES, LTD.,
APL LOGISTICS, HYUNDAI MERCHANT
MARINE, LTD., and UCB FREIGHT SERVICES,

                Defendants.
------------------------------------------X

       Defendant KAWASAKI KISEN KAISHA LTD. (answering defendant), by its attorneys MAHONEY & KEANE, LLP, answers the Second Amended Complaint of plaintiffs upon information and belief as follows:

       FIRST:    Answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1" and "2" of plaintiffs' Complaint.

       SECOND:    Answering defendant denies each and every

allegation contained in paragraphs "3", "4", "5", "6", "7", "8", "9", "10", "11", "12" and "13" of plaintiffs' Complaint.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRD:   The Complaint fails to state a claim against answering defendant on which relief can be granted.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTH:   Answering defendant is not liable to plaintiff on the causes of action alleged in the Complaint.

### AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTH:    If there was any loss and/or damage to cargo as alleged in the Complaint it was occasioned by causes for which the answering defendant is exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, et seq.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTH: If this Honorable Court finds that the plaintiff has suffered damages to cargo for which answering defendant is liable, said damages must be limited pursuant to 46 U.S.C.A. 1304(5).

### AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTH:  If there was any loss of and/or damage to cargo

as alleged in the Complaint, answering defendant is not liable to the plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

### AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTH:    If there was any loss/and or damage to cargo as alleged in the Complaint, it was occasioned by causes for which the answering defendant is exonerated under the Harter Act, Title 46 U.S.C.A. § 190, et seq.

### AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINTH:    Answering defendant puts plaintiff to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading tariffs and other applicable contracts, law and in the United States Carriage of Goods by Sea Act, 1936.

### AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TENTH:    Any loss or damage to the goods, as alleged in the Complaint, that may have occurred while they were in the possession of custody of answering defendant or on board the carrying vessel(s) arose from the conditions of the goods when delivered to answering defendant or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not

discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and answering defendant is not under any liability for any such loss or damage.

### AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

ELEVENTH:  (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 1936 and the aforesaid bill(s) of lading.

(B) Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessels, which is denied, answering defendant is not under liability therefore.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWELFTH:  Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid bill(s) of lading and the United States Carriage of Goods by Sea Act, 1936 and/or the Doctrine of Laches.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH:  Any damages sustained by plaintiff, as

alleged in the Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom answering defendant had and have no direction or control.

AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH:   Plaintiff knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH:   Any injuries that may have been sustained by plaintiff, as alleged in its Complaint, occurred as a direct result of plaintiff's own negligent conduct, and not by any negligence of answering defendant and as such plaintiff is barred from recovery in this action.

AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH:   Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in plaintiff's Complaint, and its recovery, if any, must be diminished in proportion thereto.

AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH:  Plaintiff herein has failed to mitigate its damages.

<u>AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

EIGHTEENTH:   The forum is inconvenient and the Complaint should be dismissed pursuant to the doctrine of <u>forum non conveniens</u>.

<u>AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

NINETEENTH:   The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. §1404.

<u>AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTIETH:   The terms of the bill of lading, tariff and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

<u>AS AND FOR AN NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-FIRST:   Plaintiff has failed to bring answering defendant within the personal jurisdiction of the Court.

<u>AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-SECOND:   This Court lacks personal jurisdiction of the answering defendant.

<u>AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-THIRD:   Plaintiff has failed to make proper

service of process upon answering defendant.

<b>AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE<br>AFFIRMATIVE DEFENSE</b>

TWENTY-FOURTH: This Answer is made without waiver of any jurisdictional defenses or rights to arbitrate or proceed in another forum that may exist between the parties.

WHEREFORE, defendant KAWASAKI KISEN KAISHA LTD. demands judgment dismissing the Complaint herein and awarding defendant KAWASAKI KISEN KAISHA LTD. costs, fees, including reasonable attorneys' fees and disbursements of this action, and for such other and further relief as to the Court may seems just and proper.

Dated: New York, N.Y.
       August 13, 2007

>                     MAHONEY & KEANE, LLP
>                     Attorneys for Defendants
>                     KAWASAKI KISEN KAISHA LTD.
>                     and K-LINE
>
>                     By: _____
>                         GARTH S. WOLFSON (GW 7700)
>                         111 Broadway
>                         New York, New York 10006
>                         (212) 385-1422
>                         File 12/3368/B/07/2

```
TO:   BADIAK & WILL, LLP
      Attorney for Plaintiffs
      THE TRAVELERS as subrogee of DORSON
      INC., and EDDIE BAUER, INC., THE
      HARTFORD INSURANCE CO., as subrogee
      of CROSS ISLAND TRADING CO., INC.,
      and GREAT AMERICAN INSURANCE CO., as
      subrogee of DO IT BEST CORP.; and
      FIREMAN'S FUND INSURANCE COMPANY as
      subrogee of TRINITY GLASS INTERNATIONAL,
      INC., and SPRINGS DECORATIVE FLOOR, INC.,
      106 Third Street
      Mineola, NY 11501-4404
      (516) 877-2225

      DAVID L. MAZAROLI
      Attorney for Plaintiff
      INDEMNITY INS. CO OF N.A.
      11 Park Place
      New York, NY 10005-2801
      (212) 267-8480
      dlm@mazarolilaw.com

      McDERMOTT & RADZIK, LLP
      Attorney for Plaintiff
      AMERICAN HOME
      Wall Street Plaza
      88 Pine Street
      New York, NY 10005
      (212) 376-6400
      eradzik@mcdermottradzik.com


      JOHN ERIC OLSON, JR.
      HILL, RIVKINS & HAYDEN
      Attorneys for Plaintiffs
      REED & BARTON CORP.;
      KLAUSSNER INTERNATIONAL, LLC.
      45 Broadway
      New York, NY 10006
      (212) 669-0600
      jolson@hillrivkins.com

      CICHANOWICZ, CALLAN, KEANE, VANGROW & TEXTOR LLP
      Attorney for Defendants YANG MING
      61 Broadway
      New York, New York
      (212) 344-7042
      svengrow@cckvt.com
```

```
PETER D. CLARK
CLARK, ATCHESON & REISERT
Attorneys for Defendant
TRUST FREIGHT SERVICES
7800 River Road
North Bergen, NJ 07047
(201) 537 1200
pclark@navlaw.com

DeORCHIS, WIENER & PARTNERS, LLP
Attorneys for Defendant
HYUNDAI MERCHANT MARINE LTD.
61 Broadway
New York, NY 10006
(212) 344-4700
cmansuy@marinelex.com
```