BADIAK & WILL, LLP
Attorneys for Plaintiffs
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225
Our Ref.: 06-P-017-RB/JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
THE TRAVELERS as subrogee of DORSON
INC., and EDDIE BAUER, INC.; THE HARTFORD
INSURANCE CO., as subrogee of CROSS ISLAND
TRADING CO., INC.; GREAT AMERICAN
INSURANCE CO., as subrogee of DO IT BEST CORP.;
and FIREMAN'S FUND INSURANCE COMPANY as
subrogee of TRINITY GLASS INTERNATIONAL, INC.,

                                Plaintiffs,                      07 CV 3104 (RPP)

    -against-

M/V "EASLINE TIANJIN," her engines, boilers, etc.,      **PLAINTIFFS' OPPOSITION
TO DEFENDANT'S MOTION
TO DISMISS**

    - and -

KAWASAKI KISEN KAISHA, LTD., YANG MING
MARINE TRANSPORT, LTD., PHOENIX
INTERNATIONAL FREIGHT SERVICES, LTD.,
LAUFER FREIGHT LINES, LTD., APL LOGISTICS,
and HYUNDAI MERCHANT MARINE, LTD.,

                                Defendants.
-----------------------------------------------------------------------X

       Defendant Hyundai Merchant Marine, Ltd. ("Hyundai") has filed a motion to dismiss on the grounds that the forum selection clause contained within Hyundai Merchant Marine's bill of lading HDMUXGWB0110357 requires all suits to be brought in South Korea before

the Seoul Civil District Court. Plaintiffs, by their attorneys Badiak & Will, LLP, respectfully submit that the motion should be denied.

## INTRODUCTION

Hyundai's sea waybill states the following:

> "The claims arising from or in connection with or relating to this Sea Waybill shall be exclusively governed by the law of Korea except otherwise provided in the Sea Waybill. Any and all action concerning custody or carriage under this Sea Waybill whether based on breach of contract, tort or otherwise shall be brought before the Seoul Civil District Court in Korea."

Foreign forum selection clauses are presumptively valid and "should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1 (1972). In order to overcome this presumption of enforceability, a party which seeks to bring a suit in a forum other than the one designated by the forum selection clause must prove that: (1) the forum selection clause is invalid for fraud or overreaching; (2) the forum selection clause will deprive plaintiff of its day in court due to grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive plaintiff of a remedy; or (4) enforcement would contravene a strong public policy of the forum in which the action was brought. *Bremen,* 407 U.S. at 15-17.

## ISSUES

Plaintiffs respectfully submit that if they are forced to litigate the instant case in the Republic of Korea, they will lose the protection afforded them by Section 3(8) of the Carriage of Goods by Sea Act ("COGSA"), U.S.C. 46, Chapter 28, §§1300-1315, which governs the liability of shippers and carriers. The basis for plaintiffs' concern is the fact that the Republic of Korea is not a signatory to the 1924 Hague Convention upon which COGSA is based.

In addition, the language contained within the forum selection clause stating that disputes are to be "exclusively governed by the law of Korea" is tantamount to a prospective waiver of plaintiffs' right to pursue statutory remedies furnished to them under COGSA. *Central National-Gottesman, Inc. v. M.V. "Gertrude Oldendorff*, 204 F. Supp. 2d 675, 679 (S.D.N.Y. 2002).

A forum selection clause cannot be enforced when substantial uncertainty exists as to whether a foreign court will recognize multiple carriers, when such parties would clearly be considered carriers under COGSA. *Kanematsu USA, Inc., v. M/V Ocean Sunrise,* 2003 U.S. Dist. LEXIS 11575, 2003 WL 21241790, 16 (E.D.La.) 2003 A.M.C. 2200.

In *Union Steel America Co. v. M/V Sanko Spruce*, 1998 U.S. Dist. LEXIS 18021 (D.N.J. 1998), plaintiff argued that defendants' liability under COGSA would be reduced by Korean law because it would not recognize defendants as carriers. The Court did not resolve the issue, but nonetheless denied defendants' motion for reargument objecting to the Court's earlier order declining to enforce a forum selection clause as to plaintiff's cause of action against defendants.

Although conceding it "cannot claim to understand the contours and potential ramifications of the disputed point of Korean law, let alone predict with any confidence how

the Korean court will decide the multiple carrier issue," the Court in *Union Steel* noted that it could not be certain that plaintiff's COGSA rights would be protected in the event that the Court dismissed plaintiff's claims. *Id.* at *11. The Court thus held that plaintiff had met its burden of showing a likelihood that the "the substantive law to be applied will reduce the carrier's obligations to the cargo owner below what COGSA guarantees." *Id.* at *11 (quoting *Vimar Seguros Y Reaseguros v. M/V Sky Reefer*, 515 U.S. 528, 539 132 L. Ed. 2d 462, 115 S. Ct. 2322 (1995)).

WHEREFORE, for the above reasons, plaintiffs pray defendant's motion to dismiss be denied.

DATED:     Mineola, New York
           September 28, 2007

                                        Yours, etc.

                                        BADIAK & WILL, LLP
                                        Attorneys for Plaintiffs
                                        106 Third Street
                                        Mineola, New York 11501-4404
                                        (516) 877-2225

                                        By: _____
                                            James P. Krauzlis (JPK-4972)

TO:

Christopher H. Mansuy, Esq.
DeOrchis, Wiener & Partners, LLP
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Edward A. Keane, Esq.
Mahoney & Keane, LLP
111 Broadway, 10th Floor
New York, New York 10006
(212) 385-1422

Paul M. Keane, Esq.
Cichanowicz, Callan, Keane, Vengrow & Textor, LLP
61 Broadway, Suite 3000
New York, New York 10006
(212) 344-7042

John D. Kimball, Esq.
Blank Rome
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

07 CV 3104 (RPP)

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                  )SS.:
COUNTY OF NASSAU  )

**I, Luz M. Webb,** being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and reside c/o Badiak & Will, LLP, 106 3rd Street, Mineola, New York 11501-4404. On September 28, 2007, I served the within PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS on:

> Christopher H. Mansuy, Esq.
> DeOrchis, Wiener & Partners, LLP
> 61 Broadway, 26th Floor
> New York, New York 10006-2802
> (212) 344-4700
>
> Edward A. Keane, Esq.
> Mahoney & Keane, LLP
> 111 Broadway, 10th Floor
> New York, New York 10006
> (212) 385-1422
>
> Paul M. Keane, Esq.
> Cichanowicz, Callan, Keane, Vengrow & Textor, LLP
> 61 Broadway, Suite 3000
> New York, New York 10006
> (212) 344-7042
>
> John D. Kimball, Esq.
> Blank Rome
> The Chrysler Building
> 405 Lexington Avenue
> New York, New York 10174
> (212) 885-5000

By depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

_____
LUZ M. WEBB

Sworn to before me this
28th Day of September, 2007

_____
NOTARY PUBLIC

JAMES P. KRAUZLIS
Notary Public, State of New York
No. 02KR5051531
Qualified in Suffolk County
Commission Expires Nov. 6,