UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE TRAVELERS as subrogee of DORSON INC.,
and EDDIE BAUER, INC.; THE HARTFORD
INSURANCE CO. as subrogee of CROSS ISLAND
TRADING CO., INC.; GREAT AMERICAN
INSURANCE CO. as subrogee of DO IT BEST
CORP.; and FIREMAN'S FUND INSURANCE
COMPANY as subrogee of TRINITY GLASS
INTERNATIONAL, INC.,

                              Plaintiffs,

             -against-                          07 Civ. 3104 (RPP)

M/V EASLINE TIANJIN, her engines, boilers, etc.;
KAWASAKI KISEN KAISHA, LTD.; YANG
MING MARINE TRANSPORT, LTD.; PHOENIX
INTERNATIONAL FREIGHT SERVICES, LTD.;
LAUFER FREIGHT LINES, LTD.; APL
LOGISTICS; and HYUNDAI MERCHANT
MARINE CO., LTD.,

                              Defendants.
------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

DeORCHIS, WIENER & PARTNERS, LLP
Attorneys for Defendant
HYUNDAI MERCHANT MARINE CO., LTD.
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Christopher H. Mansuy
   *-of Counsel-*

## INTRODUCTION

Defendant Hyundai Merchant Marine Co., Ltd. (hereinafter "HMM") respectfully submits this Memorandum of Law in reply to the Memorandum of Law submitted by the attorneys for plaintiff Fireman's Fund Insurance Co. (hereinafter "Fireman's Fund"), as subrogee of Trinity Glass International, Inc., in opposition to HMM's motion to dismiss the Complaint by reason of the forum selection clause in the contract of carriage. Paik Decl., Exh. A.

Preliminarily, the Memorandum of Law in opposition is submitted on behalf of "plaintiffs." However, according to the plaintiffs' Amended Complaint, particularly Schedule C, only plaintiff Fireman's Fund has asserted a claim against HMM. None of the other plaintiffs has asserted a claim against HMM. All of the other plaintiffs' claims arise out of bills of lading which have no relationship to HMM.

## POINT I

### PLAINTIFF FIREMAN'S FUND HAS NOT SUSTAINED ITS BURDEN

Fireman's Fund argues at page 3 of its Opposition Memorandum that the courts of the Republic of Korea will deprive plaintiff of the protection of Section 3(8) of the Carriage of Goods by Sea Act, 46 U.S.C. §§ 1300 *et seq*.

Fireman's Fund's argument and statement of the facts ignore the fact that paragraph 2 of Exhibit A specifically and expressly provides:

> This Non-negotiable Waybill shall have effect subject to all provisions of the Carriage of Goods by Sea Act of the United States of America, approved April 16, 1936....

2

If plaintiff Fireman's Fund is going to make an argument along these lines, the argument must be that the courts in Seoul, Korea will disregard the fact that the carrier has agreed that its contract of carriage will be governed by the U.S. Carriage of Goods by Sea Act and adjudicate the claim in such a way that some specific Fireman's Fund right under U.S. COGSA would be abrogated. Fireman's Fund has made no effort to make any such showing either as a matter of fact or as a matter of law. Fireman's Fund has been down this road before unsuccessfully arguing that Korean law would deprive Fireman's Fund of COGSA protections. *Fireman's Fund v. M/V DSR ATLANTIC,* 131 F.3d 1336, 1998 A.M.C. 583 (9th Cir. 1997).

In the second paragraph on page 3 of plaintiffs' Opposition Memorandum is a reference to *Central National-Gottesman, Inc. v. M/V GERTRUDE OLDENDORF,* 204 F. Supp. 2d 675, 679, 2002 A.M.C. 1477, 1488 (S.D.N.Y. 2002), suggesting that a Korean forum clause is "tantamount to a prospective waiver of plaintiffs' right to pursue statutory remedies furnished to them under COGSA." This statement is taken completely out of context because the Court in *Central* was actually referring to a London forum selection clause, an "identity of carrier clause" in the bill of lading and the manner in which courts in the United Kingdom treat such clauses. The Court in *Central* was not discussing a Korean forum selection clause, as plaintiff incorrectly implies.

In the third paragraph on page 3 is an argument that a forum selection clause cannot be enforced when substantial uncertainty exists as to whether a foreign court will recognize multiple carriers when such parties would clearly be considered carriers under COGSA. Plaintiff cites *Kanematsu USA, Inc. v. M/V OCEAN SUNRISE,* 2003 U.S. Dist. LEXIS 11575,

3

2003 A.M.C. 2200 (E.D.La. 2003). That decision dealt with the law in Japan. But, more importantly, no "multiple carrier" argument pertains to the Fireman's Fund claim against HMM. No other carrier is named in the Complaint as a defendant who might be liable to Fireman's Fund for its damages arising out of HMM's bill of lading. It is plain at the bottom of Exhibit A that Hyundai Merchant Marine Co., Ltd. identifies itself as the "carrier." And it is only HMM that Fireman's Fund has sued.

In the fourth paragraph on page 3, Fireman's Fund cites *Union Steel America Co. v. M/V SANKO SPRUCE*, 1998 U.S. Dist. LEXIS 18021, 366 (D.N.J. 1998) for support of its argument that Korean law would somehow disparage plaintiff's rights. Fireman's Fund overlooks the earlier decision in the same case. In deciding the main motion in the first instance, the New Jersey District Court dismissed the Korean time charterer Yukong which had issued the bill of lading under which plaintiff sued having decided that Yukong was a carrier. The Court dismissed the Complaint against Yukong on the ground that the suit should have been filed in Korea, Yukong's principal place of business, pursuant to the forum selection clause. *Union Steel v. M/V SANKO SPRUCE,* 14 F. Supp. 2d 682, 1999 A.M.C. 344 (D.N.J. 1998). The references to the motion to reconsider by plaintiff Fireman's Fund on pages 3 and 4 of its Opposition Brief deal with the vessel owner, Spruce Maritime, S.A., and its affiliate, the Sanko Marine Co., Ltd., who apparently were not directly or expressly privy to the Yukong bill of lading. The findings and conclusions with regard to Spruce and Sanko were different than those with respect to Yukong. But, the roles of Spruce and Sanko are not analogous to the role of HMM in the instant case. Rather, the role of HMM is analogous to

that of Yukong. Therefore, the New Jersey Court's grappling with aspects of Korean law vis-à-vis Spruce and Sanko are simply not relevant.

This Honorable Court was presented with arguments, some similar to Fireman's Fund's, nine years ago in *Hyundai v. M/V AN LONG JIANG,* 1998 U.S. Dist. LEXIS 254, 1998 A.M.C. 854 (S.D.N.Y. 1998) challenging the same HMM forum selection clause. This Court rejected plaintiff's challenge of Korean law pointing out in passing that plaintiff had not met the burden to prove how the plaintiff's rights would be lessened in Korea. Fireman's Fund has failed in this case as well.

The Fireman's Fund Opposition Brief raises no arguments, new or old, that should deter this Court from following its own precedent. *See, Stemcor USA v. Hyundai Merchant Marine Co., Ltd.,* 386 F. Supp. 229, 2005 A.M.C. 705 (S.D.N.Y. 2005) and I.H. Kim, *An Introduction to Korean Law Governing Carriage of Goods by Sea*, 36 Journal of Maritime Law & Commerce 447, 450 (2005).

## CONCLUSION

FIREMAN'S FUND HAS FAILED TO OVERCOME THE PRESUMPTION THAT THE FORUM SELECTION CLAUSE IS VALID. THE CASE SHOULD BE DISMISSED.

Dated: New York, New York
October 3, 2007

                                        **DeORCHIS, WIENER & PARTNERS, LLP**
                                        Attorneys for Defendant
                                        HYUNDAI MERCHANT MARINE CO., LTD.

                                        By: /s/ Christopher H. Mansuy
                                              **Christopher H. Mansuy (CM-0813)**
                                              61 Broadway, 26th Floor
                                              New York, New York 10006-2802
                                              (212) 344-4700
                                              Our File: 876-9

W:\876-9\Legals (A) 07 Civ. 3104 (RPP)\Reply Memo.Doc 10/3/07-