UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
THE TRAVELERS as Subrogee of DORSON INC. :
and EDDIE BAUER, INC.; THE HARTFORD      :
INS. CO., as subrogee of CROSS ISLAND    :
TRADING CO. INC.; GREAT AMERICAN INS.    :     07 Civ 3104 (RPP)
CO. as subrogee of DO IT BEST CORP.; and :
FIREMAN'S FUND INS. CO. as subrogee of   :     **ANSWER TO SECOND**
TRINITY GLASS INTERNATIONAL, INC., and   :     **AMENDED COMPLAINT**
SPRINGS DECORATIVE FLOOR, INC.,          :
                                         :
                    Plaintiffs,          :
                                         :
        - against -                      :
                                         :
M/V "EASLINE TIANJIN," her engines, boilers, :
etc.,                                    :
                                         :
            -and-                        :
                                         :
KAWASAKI KISEN KAISHA, LTD., YAND        :
MING MARINE TRANSPORT, lTD., PHOENIX     :
INTERNATIONAL FREIGHT FORWARDERS,        :
LTD., LAUFER FREIGHT LINES, LTD., APL    :
LOGISTICS, HYUNDAI MERCHANT MARINE, :
LTD., and UCB FREIGHT SERVICES,          :
                                         :
                    Defendants           :
------------------------------------X

FEDEX TRADE NETWORKS TRANSPORT & BROKERAGE (CANADA), INC., incorrectly sued herein as UCB FREIGHT SERVICES (hereinafter ("FTN"), by and through its attorneys, Clyde & Co US LLP, answers plaintiff's Second Amended Complaint as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1, 2, 3, 4 and 5 of the Second Amended Complaint, except admits that FTN is a corporate entity organized and existing under the laws of

Canada, denies that FTN has an office and place of business located in Renton, Washington, and states that it leaves all questions of law for the Court.

2. Denies the allegations in paragraphs 6, 7, 8, 9, 10, 11, 12 and 13 of the Second Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

3. In the event that plaintiff has or had no title or interest in the goods and/or property that are the subject matter of the action, the plaintiff is not a real party in interest and is not entitled to maintain this suit.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

4. The damages allegedly sustained by plaintiff were caused or contributed to by the negligence or culpable conduct of plaintiff and, therefore, FTN is not liable for any damages allegedly sustained by plaintiff or, alternatively, its liability to plaintiff is partial only and should be reduced in accordance with applicable law.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

5. Plaintiff's alleged damages resulted from the acts or omissions of parties other than FTN and for whom FTN is not responsible and, therefore, FTN is not liable to plaintiff or, alternatively, the liability of FTN to plaintiff is partial only and should be reduced in accordance with applicable law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

6. The damages allegedly sustained by plaintiff were not proximately caused by any negligence or culpable conduct on the part of FTN.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

7. The damages alleged in the Second Amended Complaint were brought about by an intervening and superseding cause, and were not caused by FTN or by any third-party for whom FTN is responsible.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

8. The liability of FTN, if any, is limited in accordance with the applicable contracts, bill of lading, tariffs and/or applicable regulations, statutes or treaties.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

9. The applicable contracts, bill of lading, tariffs and/or applicable regulations, statutes and treaties do not contemplate responsibility for special or consequential damages. To the extent that plaintiff seeks recovery for special or consequential damages, FTN is not responsible.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

10. The alleged damage did not occur while the property or goods were in the custody or control of FTN.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

11. The Second Amended Complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

12. If there was any loss and/or damage to cargo as alleged in the Second Amended Complaint it was occasioned by causes for which FTN is exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, *et seq.*

("COGSA"), or its equivalent under the laws of Canada, the Marine Liability Act, S.C. 2001, c. 6 ("MLA").

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

13. If this Court finds that the plaintiff has suffered damages to cargo for which FTN is liable, said damages must be limited pursuant to 46 U.S.C.A. § 1304(5), or its equivalent provision under the MLA, or in accordance with the terms and provisions of the applicable bill of lading or other contract between the parties.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

14. If there was any loss of and/or damage to cargo as alleged in the Second Amended Complaint, FTN is not liable to the plaintiff by reasons of the provisions contained in the applicable bill of lading or other contract between the parties.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

15. Any loss or damage to the goods, as alleged in the Second Amended Complaint, that may have occurred while they were in the possession or custody of FTN or on board the carrying vessel arose from the conditions of the goods when delivered to FTN or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and FTN is not under any liability for such loss or damage.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

16. Due diligence was used to make the carrying vessel seaworthy and to secure that it was properly manned, equipped and supplied, and to make the holds and other parts of the ship in which the goods were carried safe and fit for their reception,

carriage and preservation in accordance with the provisions of COGSA, or its equivalent under the MLA, and/or the applicable bill of lading or other contract between the parties. Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel, due to any unseaworthiness of the vessel, which is denied, FTN is not under liability therefore.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff's claim is barred by the statute of limitations contained in the applicable bill of lading or other contract between the parties, or in COGSA or its equivalent under the MLA, and/or by the Doctrine of Laches.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

19.     The forum is inconvenient and the Second Amended Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

20.     The action is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. § 1404.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

21.     The terms of the applicable bill of lading or other contract between the parties require that this matter be heard in a forum other than this Court.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

22.     At all times pertinent, FTN acted as an agent for a disclosed principal.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

23.     The Second Amended Complaint should be dismissed because the Court lacks personal jurisdiction over FTN.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

24.     The Complaint should be dismissed because plaintiff has failed to make proper service of process upon FTN.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

25.     This Answer is made without waiver of any jurisdictional defenses or rights to arbitrate or proceed in another forum that may exist between the parties.

WHEREFORE, FTN demands judgment dismissing the Second Amended Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the defenses asserted in its Answer, together with costs and disbursements.

Dated: New York, New York
       June 2, 2008

CLYDE & CO US LLP

By: _____
    Christopher Carlsen (CC 9628)

Attorneys for FEDEX TRADE
NETWORKS TRANSPORT &
BROKERAGE (CANADA), INC.
405 Lexington Avenue
New York, New York 10174
Tel: (212) 710-3900
Fax: (212) 710-3950

TO:   James Krauzlis, Esq.
        BADIAK & WILL, LLP
        Attorneys for Plaintiffs
        106 Third Street
        Mineola, New York 11501-4404
        (516) 877-2225

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF NEW YORK  )

    Melissa Vorozilchak, being duly sworn, deposes and says that deponent is not a party of this action, is over 18 years of age and resides in New York, New York. On June 2, 2008 deponent served **ANSWER TO SECOND AMENDED COMPLAINT** upon:

    James Krauzlis, Esq.
    BADIAK & WILL, LLP
    Attorneys for Plaintiffs
    106 Third Street
    Mineola, New York 11501-4404
    (516) 877-2225

The address(es) designated by said attorney(s) for that purpose by depositing a true copy thereof enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Melissa Vorozilchak

Sworn to before me this
2nd day of June, 2008

_____
Notary Public

PATRICIA A. DONNELLY
Notary Public, State of New York
No. 01DO5087441
Qualified in New York County
Commission Expires Nov. 30, 2009